# Exhibit D

Case 1:15-cv-02594-MHC   Document 6-4   Filed 09/14/15   Page 2 of 2

**Valid statute erroneously omitted still in force.** — A valid statute of this state in existence at the date of the adoption of the Code, but omitted therefrom through oversight or mistake, is still in force unless expressly or by necessary implication repealed by a subsequent statute or some provision of the Code. Georgia R.R. & Banking v. Wright, 124 Ga. 596, 53 S.E. 251, aff'd, 125 Ga. 589, 54 S.E. 52 (1906), rev'd on other grounds, 207 U.S. 127, 28 S. Ct. 47, 52 L. Ed. 134 (1907); Hicks v. Moyer, 10 Ga. App. 488, 73 S.E. 754 (1912); Farley v. State, 12 Ga. App. 643, 77 S.E. 1131 (1913); Wiggins v. State, 17 Ga. App. 748, 88 S.E. 411 (1916).

**Where part of a statute omitted may be restored without inconsistency, there is no repeal.** Daniel v. Jackson, 53 Ga. 87 (1874).

**Such as relating to costs on discharge before magistrate.** — The 1811 Act relating to costs on discharge before the magistrate, though not embodied in the Code, not being inconsistent with any of the provisions thereof, is still of force. Gault v. Wallis, 53 Ga. 675 (1875).

**Discrepancies reconciled by court.** — Because the subjects of the Code were written by different men, it is the duty of the court to reconcile discrepancies. Greer v. Haugabook, 47 Ga. 282 (1872). See also Gillis v. Gillis, 96 Ga. 1, 23 S.E. 107, 51 Am. St. R. 121, 30 L.R.A. 143 (1895).

**Section not retroactive.** — The Code is intended to apply to future contracts, and this section does not have a retroactive operation. Bass v. Ware, 34 Ga. 386 (1866); Bryan v. Doolittle, 38 Ga. 255 (1868); Napier v. Jones, 45 Ga. 520 (1872); Gholston v. Gholston, 54 Ga. 285 (1875).

**Sale by executor under will made prior to Code valid.** — Where the will of a testator who died prior to the adoption of the Code created a general power of sale in his executors for certain purposes named, a private sale valid though not made until after the Code was adopted. Smith v. Hulsey, 62 Ga. 341 (1879).

**Certain decisions made before the adoption of the Code are not now law.** Adams v. Barlow, 69 Ga. 302 (1882).

Cited in Eaves v. J.C. Bradford & Co., 173 Ga. App. 470, 326 S.E.2d 830 (1985).

### 1-1-10. Specific repealer; provisions saved from repeal.

(a) The following Codes, laws, and parts of laws are repealed, except as otherwise provided in this Code section:

(1) The Code of Georgia of 1933, as amended;

(2) All general laws enacted by the General Assembly of Georgia prior to June 1, 1981, except this Code and except as otherwise provided in this Code section; and

(3) All codes enacted or approved by the General Assembly prior to the Code of Georgia of 1933.

(b) The following laws and parts of laws are not repealed by the adoption of this Code and shall remain of full force and effect until otherwise repealed, amended, superseded, or declared invalid or unconstitutional:

(1) Acts and resolutions conveying, granting, leasing, encumbering, selling, exchanging, or authorizing easements in specific state-owned property or rights therein;

(2) Acts and resolutions providing for appropriations of state funds;

(3) Acts and resolutions granting compensation to persons, firms, partnerships, corporations, and private or governmental entities injured by the state or its officials, officers, employees, or agents;

(4) Local Acts and resolutions of the General Assembly which are in effect on November 1, 1982, and which are not in conflict with this Code;

(5) Acts and resolutions which by their terms are applicable to a named superior court or judicial circuit, including but not limited to Acts fixing the terms of court and Acts providing for judges, district attorneys, or other personnel or their compensation, powers, or duties;

(6) Resolutions proposing amendments to the Constitution or proposing a new Constitution or portions thereof;

(7) Acts and resolutions ceding jurisdiction over territory within the state to the federal government;

(8) Acts and resolutions creating committees or commissions of the General Assembly or authorizing studies;

(9) Acts and resolutions providing for the furnishing of law books to various courts, governmental entities, libraries, and public officials;

(10) Acts and resolutions designating or naming highways, bridges, buildings, ferries, dams, structures, parks, natural resources, or other property or authorizing the placement of statues, plaques, memorials, portraits, or monuments;

(11) Resolutions relating to or providing for the internal operation of the General Assembly;

(12) Resolutions not intended to have the force and effect of law;

(13) General Acts of local application which are based on population and which have not been specifically repealed or declared invalid or unconstitutional;

(14) Acts and resolutions honoring, commending, or recognizing individuals, groups, principles, or ideas or urging that certain acts be done or refrained from by the federal, state, or local governments or by individuals, groups, or entities; and

(15) Acts and resolutions relieving sureties or bondsmen.

(c) The following specific laws and parts of laws are not repealed by the adoption of this Code and shall remain of full force and effect, pursuant to their terms, until otherwise repealed, amended, superseded, or declared invalid or unconstitutional:

(1) An Act for reviving and enforcing certain laws therein mentioned and adopting the common laws of England as they existed on May 14, 1776, approved February 25, 1784. (For the adopting Act of 1784, see Prince's 1822 Digest, p. 570; Cobb's 1851 Digest, p. 721; and Code of 1863, Section 1, paragraph 6.)