IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CODE REVISION COMMISSION on behalf of and for the benefit of THE GENERAL ASSEMBLY OF GEORGIA, and THE STATE OF GEORGIA,<br><br>        Plaintiff,<br><br>   v.<br><br>PUBLIC.RESOURCE.ORG, INC.<br><br>        Defendant. | CIVIL ACTION NO.<br><br>1:15-CV-02594-MHC |

**ANSWER TO AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

Plaintiff and Counterclaim-Defendant the Code Revision Commission, on behalf of and for the benefit of the General Assembly of Georgia, and the State of Georgia ("Commission"), answers the Affirmative Defenses and Counterclaim as follows:

**AFFIRMATIVE DEFENSES**

The Commission denies the allegations of defendant's affirmative defenses one through ten.

## COUNTERCLAIM FOR DECLARATORY RELIEF

## NATURE OF THE ACTION

1. The Commission admits that defendant seeks a declaratory judgment that its copying and distributing the texts of the Official Code of Georgia Annotated ("O.C.G.A") do not infringe any copyright. The Commission denies the remaining allegations of paragraph 1.

## THE PARTIES

2. The Commission admits that Public Resource is a California nonprofit corporation with its indicated principal place of business. The Commission lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 2 and therefore denies them.

3. The Commission admits that Public Resource has undertaken to make many documents widely available to the public on a noncommercial basis. The Commission lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 3 and therefore denies them.

4. The Commission admits that the Georgia Code Revision Commission acts on behalf of and for the benefit of the General Assembly of Georgia and the

State of Georgia pursuant to and within the statutory provisions of Title 28, Chapter 9 of the O.C.G.A.

## JURISDICTION AND VENUE

5.	The Commission admits that this Court has subject matter jurisdiction over the counterclaim as alleged in paragraph 5 except to the extent that state sovereign immunity applies to the allegations of that counterclaim.

6.	Admitted.

7.	Admitted.

8.	Denied.

9.	Admitted.

## FACTS

10.	The Commission admits the first sentence of this paragraph. With respect to the allegations of falsity in the second sentence of this paragraph, the Commission denies that any allegations of its original complaint are false. The Commission lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 10 and therefore denies them.

11.	The Commission admits that during 2004 Mr. Malamud had a contract to provide consulting services to the Internet Engineering Task Force. The

Commission lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations of paragraph 11 and therefore denies them.

12. The Commission admits that Mr. Malamud is a founder of the Internet Systems Consortium. The Commission admits that the Internet Systems Consortium: (1) operates the F-Root domain name server and (2) produces the BIND domain name system software. The Commission admits that the book "A World's Fair for the Global Village" (ISBN 978-0262133388) was authored by Mr. Malamud, published by MIT Press in 1997, and includes a foreword by the Dalai Lama. The Commission lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations of paragraph 12 and therefore denies them.

13. The Commission admits that a letter from The Hon. Lee H. Rosenthal to Mr. Malamud, dated July 16, 2008, is attached as Exhibit A to defendant's counterclaim. The Commission lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations of paragraph 13 and therefore denies them.

14. The Commission admits that Carl Malamud campaigned for the position of Public Printer of the United States. The Commission lacks knowledge

or information sufficient to form a belief about the truth or falsity of the remaining allegations of paragraph 14 and therefore denies them.

15. The Commission admits that on December 16, 2009, Mr. Malamud testified before the Subcommittee on Information Policy, Census, and National Archives of the House Committee on Oversight and Government Reform, and that Mr. Malamud's prepared statement for that hearing may be viewed at http://www.archives.gov/era/acera/pdf/malamud-testimony.pdf. The Commission admits that the Office of the Federal Register is one of the offices within the National Archives and Records Administration. The Commission denies the remaining allegations of paragraph 15.

16. The Commission admits that a letter dated January 5, 2011, from Reps. John Boehner and Darrell Issa to Mr. Malamud is attached to the counterclaim as Exhibit B and available at the alleged URL. The Commission lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations of paragraph 16 and therefore denies them.

17. The Commission admits that Public Resource brought an action against the IRS under the Freedom of Information Act, Civil Action No. 3:13-cv-02789-WHO, in the Northern District of California, and that the district court entered judgment in favor of Public.Resource.Org on the claims alleged in that

complaint. The Commission lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations of paragraph 17 and therefore denies them.

19. The Commission admits that Mr. Malamud was at one time a member of the Administrative Conference of the United States (ACUS) but denies that Mr. Malamud was appointed on the date alleged in paragraph 18. The Commission lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations of paragraph 18 and therefore denies them.

19. The Commission admits that Mr. Malamud testified regarding the "Scope of Copyright Protection" before the U.S. House of Representatives Judiciary Committee, Subcommittee on Courts, Intellectual Property, and the Internet, on January 14, 2014, that he submitted a petition with 115 signatories, and that the petition proposed the amendment to the Copyright Act as quoted in paragraph 19. The Commission denies the remaining allegations of paragraph 19.

20. The Commission admits the first sentence of paragraph 20. The remainder of this paragraph consists of legal arguments and conclusions that require no response.

21. The Commission admits that Public Resource acquires copies of documents containing government records, legal decisions, tax filings, statutes, and

regulations, and posts them online to be accessed without monetary cost to readers. The Commission lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations of paragraph 21 and therefore denies them.

22. The Commission admits that Public Resource operates the websites public.resource.org, law.resource.org, house.resource.org, bulk.resource.org and others. On information and belief, Public Resource does not operate the website yeswecan.org and therefore the Commission denies this allegation.

23. The Commission lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 23 and therefore denies them.

24. The Commission admits that Public Resource reformats at least some of the documents containing laws it posts. The Commission lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations of paragraph 24 and therefore denies them.

25. The Commission admits that Public Resource's reformatting includes putting some documents containing codes into standard HTML format. The Commission lacks knowledge or information sufficient to form a belief about the

truth or falsity of the remaining allegations of paragraph 25 and therefore denies them.

26. The Commission lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 26 and therefore denies them.

27. The Commission lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 27 and therefore denies them.

28. The Commission admits that the growth of the Internet provides an opportunity for government to inform some of its citizens about the laws they must follow in carrying out their daily activities. The Commission denies the remaining allegations in paragraph 28.

29. Admitted.

30. The Commission lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 30 and therefore denies them.

31. The Commission admits that Public Resource offers for sale items bearing its logo, such as stickers, T-shirts and books by its founder. The Commission lacks knowledge or information sufficient to form a belief about the

truth or falsity of the remaining allegations in paragraph 31 and therefore denies them.

32. The Commission admits that it is common for bills introduced in the Georgia General Assembly ("Legislature") to begin, "An Act . . . To amend Article . . . Chapter . . . of Title . . . of the Official Code of Georgia Annotated." However, the Commission lacks knowledge or information sufficient to form a belief about the truth of the allegation that "every single bill" so introduced recites the same language. The remaining allegations of paragraph 32 are admitted.

33. The Commission admits that the Legislature is assisted by Plaintiff-Counterclaim Defendant in publishing the laws enacted by the Legislature. Plaintiff-Counterclaim Defendant does not assert copyright in the O.C.G.A. statutory text because the enacted laws are not copyrightable subject matter and should be free to the public.

34. The Commission admits that it claims copyright and asserts copyright in original and creative works added by Mathew Bender and Company, a member of the LexisNexis Group, a division of Reed Elsevier Properties, Inc. ("LexisNexis"), to the Georgia statutory text.  These original and creative works include the addition of single-paragraph summaries of judicial decisions interpreting sections of the Code, summaries of Opinions of the Attorney General

of Georgia, summaries of research references related to the O.C.G.A., summaries of cross references, Editor's notes, and summaries of Code Commission Notes, all selected, coordinated or arranged by LexisNexis. The Commission admits that the judicial decisions themselves are not copyrightable subject matter.  The Commission denies that the judicial decision summaries are derivative works. As to the fifth sentence of paragraph 34, the Commission admits that the quoted language is an excerpt from a Copyrighted Judicial Decision Annotation accompanying O.C.G.A. §§ 1-1-1 and 1-1-2. As to the sixth sentence of paragraph 34, the Commission: (1) admits that Exhibit C contains annotations to O.C.G.A. § 1-1-1; (2) admits that Exhibit D contains a portion of the statutory text for O.C.G.A. § 1-1-10 but denies that Exhibit D contains any annotations to O.C.G.A. § 1-1-10; and (3) admits that the O.C.G.A pages shown in Exhibits C and D are available on the defendant's website at the URL alleged in paragraph 34. The Commission denies the remaining allegations of paragraph 34.

35.   Admitted.

36.   The Commission admits that to access the statutory text and numbering in the O.C.G.A. via the website link found on the State of Georgia website, www.legis.ga.gov, one must accept the terms of use for the LexisNexis site ("LexisNexis Terms of Use") and that the LexisNexis Terms of Use do not

apply to the O.C.G.A. statutory text and numbering.  The Commission denies sentence 2 of paragraph 36.  The Commission admits the language of sentence 3 of paragraph 36 and that the language of this sentence does not apply to the statutory text and numbering.  The Commission admits that Exhibit E is a copy of the LexisNexis Terms of Use, and that these Terms of Use indicate that restrictions on unpermitted uses extend to all commercial, non-profit and public purposes, but these restrictions do not apply to the statutory text and numbering.  The Commission denies the remaining allegations in paragraph 36.

37. The Commission admits that the O.C.G.A statutory text and numbering that is available for free on the LexisNexis site does not contain the Annotations, such as the Judicial Summaries, summaries of Code Revision Commission Notes, summaries of Attorney General Opinions, and compilations thereof. The Commission denies the remaining allegations of paragraph 37.

38. Admitted.

39. The Commission admits that Exhibit G and the alleged URL contain a LexisNexis marketing page for the print version of the Official Code of Georgia Annotated wherein the term "official" is included within boldface and underlined type. The Commission denies the remaining allegations of this paragraph, including the defendant's characterizations of the content of that marketing page.

40. Denied.

## **COUNT I**

41. In response to this paragraph, the Commission incorporates its responses to the allegations of the proceeding paragraphs as if fully set forth in this paragraph.

42. This paragraph consists of legal arguments and conclusions that require no response.

43. This paragraph consists of legal arguments and conclusions that require no response.

44. This paragraph consists of legal arguments and conclusions that require no response.

45. This paragraph consists of legal arguments and conclusions that require no response.

46. The Commission admits that laws are in the public domain and not subject to copyright. The remaining allegations consist of legal arguments and conclusions that require no response, but to the extent that a response is required, the Commission denies them.

47. The Commission admits that laws do not lose their public domain status and become subject to copyright. The Commission denies that a private

party drafts laws whether as works for hire or otherwise. The remaining allegations consist of legal arguments and conclusions that require no response, but to the extent that a response is required, the Commission denies them.

48. The Commission admits that laws do not lose their public domain status and become subject to copyright. The remaining allegations consist of legal arguments and conclusions that require no response, but to the extent that a response is required, the Commission denies them.

49. Denied.

50. Denied.

51. The Commission lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 51 and therefore denies them.

52. The Commission admits that the defendant copies and publishes the O.C.G.A. in its entirety. The remaining allegations of paragraph 52 are denied.

53. Denied.

54. Admitted.

55. The Commission admits it seeks an injunction against the defendant. The Commission denies the remaining allegations of paragraph 55.

56. The Commission admits that the Georgia legislature regularly enacts amendments of the statutes of the O.C.G.A. and will likely continue to do so. The Commission denies the remaining allegations of paragraph 56.

57. The Commission admits that it is likely to assert its rights in the Copyrighted Annotations in future editions of the O.C.G.A. The Commission denies the remaining allegations of paragraph 57.

58. Admitted.

59. Denied.

Respectfully submitted, this 8th day of October, 2015.

/s/ Anthony B. Askew

Anthony B. Askew (G.A. Bar: 025300)
Lisa C. Pavento (G.A. Bar: 246698)
Warren Thomas (G.A. Bar: 164714)
Meunier Carlin & Curfman LLC
999 Peachtree Street, NE, Suite 1300
Atlanta, Georgia 30309
Phone: 404-645-7700
Fax: 404-645-7707
taskew@mcciplaw.com
lpavento@mcciplaw.com
wthomas@mcciplaw.com

*Counsel for the Plaintiff, Code Revision Commission on behalf of and for the benefit of the General Assembly of Georgia, and the State of Georgia*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that, pursuant to L.R. 5.1C and 7.1D of the Northern District of Georgia, the foregoing Answer to Affirmative Defenses and Counterclaim complies with the font and point selections approved by the Court in L.R. 5.1C. The foregoing pleading was prepared on a computer using 14-point Times New Roman font.

>
> */s/ Anthony B. Askew*
> Anthony B. Askew (G.A. Bar: 025300)
> Meunier Carlin & Curfman LLC
> 999 Peachtree Street NE, Suite 1300
> Atlanta, Georgia 30309
> Telephone: 404-645-7700
> Email: taskew@mcciplaw.com

## CERTIFICATE OF SERVICE

I certify that on Thursday, October 8, 2015, I electronically filed the foregoing Answer to Affirmative Defenses and Counterclaim with the Clerk of Court using the CM/ECF system, which constitutes service of the filed document on all counsel of record in this proceeding under LR 5.1(A)(3), N.D. Ga.

        By:    */s/ Anthony B. Askew*
                Anthony B. Askew (G.A. Bar: 025300)
                Lisa C. Pavento (G.A. Bar: 246698)
                Warren Thomas (G.A. Bar: 164714)
                Meunier Carlin & Curfman LLC
                999 Peachtree Street, NE, Suite 1300
                Atlanta, Georgia 30309
                Phone: 404-645-7700
                Fax: 404-645-7707
                taskew@mcciplaw.com
                lpavento@mcciplaw.com
                wthomas@mcciplaw.com

*Counsel for the Plaintiff, Code Revision Commission on behalf of and for the benefit of the General Assembly of Georgia, and the State of Georgia*