IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CODE REVISION COMMISSION on
behalf of and for the benefit of THE
GENERAL ASSEMBLY OF
GEORGIA, and THE STATE OF
GEORGIA,

        Plaintiff,

    v.

PUBLIC.RESOURCE.ORG, INC.

        Defendant.

CIVIL ACTION NO.

1:15-CV-02594-MHC

## AMENDED COMPLAINT FOR INJUNCTIVE RELIEF

Pursuant to Fed. R. Civ. P. 15(a)(1)(B), Plaintiff Code Revision Commission on Behalf of and For the Benefit of the General Assembly of Georgia and the State of Georgia ("Commission"), hereby states its first amended complaint for injunctive relief against Public.Resource.Org, Inc. ("Defendant") and alleges, on information and belief, the following against Defendant:

## NATURE OF THIS ACTION

1.    This action for injunctive relief arises from Defendant's systematic, widespread and unauthorized copying and distribution of the copyrighted

annotations in the Official Code of Georgia Annotated ("O.C.G.A.") through the distribution of thumb drives containing copies of the O.C.G.A. and the posting of the O.C.G.A. on various websites.  Defendant has facilitated, enabled, encouraged and induced others to view, download, print, copy, and distribute the O.C.G.A. copyrighted annotations without limitation, authorization, or appropriate compensation.  On information and belief, Defendant has also created unauthorized derivative works containing the O.C.G.A. annotations by re-keying the O.C.G.A. in order to make it possible for members of the public to copy and manipulate the O.C.G.A., thereby also encouraging the creation of further unauthorized derivative works.

2.     The copyrighted annotations include analysis and guidance that are added to the O.C.G.A. by a third party publisher of the O.C.G.A. as a work for hire.  These annotations include synopses of cases that interpret the O.C.G.A., summaries of Opinions of the Attorney General of Georgia, and summaries of research references related to the O.C.G.A.  Each of these annotations is an original and creative work of authorship that is protected by copyrights owned by the State of Georgia.  Without providing the publisher with the ability to recoup its costs for the development of these copyrighted annotations, the State of Georgia will be required to either stop publishing the annotations altogether or pay for

development of the annotations using state tax dollars.  Unless Defendant's

infringing activities are enjoined, Plaintiff and citizens of the State of Georgia, will

face losing valuable analysis and guidance regarding their state laws.

## JURISDICTION AND VENUE

3.      This is a civil action seeking injunctive relief for copyright

infringement under the Copyright Act of 1976, as amended, specifically 17 U.S.C.

§§ 101, *et seq*.

4.      This Court has jurisdiction in and over this copyright infringement

action pursuant to 17 U.S.C. §§ 101, *et seq*., and 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Defendant. Defendant has

infringed the State of Georgia's copyright in Georgia by distributing infringing

copies of the O.C.G.A including copyrighted annotations to persons in Georgia, to

Georgia Speaker of the House David Ralston and Georgia Legislative Counsel

Wayne R. Allen at locations within the State of Georgia on or about May 30, 2013.

On or about September 24, 2013, Defendant further distributed infringing copies of

the O.C.G.A. including copyrighted annotations on thumb drives to at least eight

(8) institutions in and around the State of Georgia.  Defendant further presented

copies of the O.C.G.A. including copyrighted annotations on at least one Internet

website (https://public.resource.org, https://bulk.resource.org, and/or

https://law.resource.org) that attracts citizens from Georgia as viewers and actively

encourages all such individuals to copy, use, and disseminate to others in Georgia

and elsewhere, and to create derivative works of the O.C.G.A.  Defendant still

further solicited and continues to solicit funds on one of its own websites

(https://yeswescan.org) and a crowd funding website

(www.indiegogo.com/projects/the-laws-of-georgia) to help Defendant scan and

post the O.C.G.A. including copyrighted annotations, which websites attract and

affect citizens from the State of Georgia.  Defendant's website at

https://yeswescan.org indicates that $3,035 dollars were raised as of June 15, 2015

to assist Defendant in infringing the State of Georgia's copyrights in the O.C.G.A.

copyrighted annotations.  Individual visitors are also encouraged to provide

financial donations on several of the Defendant's websites via a PayPal account,

and Defendant offers for sale multiple products via the Internet, including phone

cases, caps, stickers, stamps, mugs, bags, and prints at

http://www.zazzle.com/carlmalamud/.

      6.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400

since a substantial number of the claims recited in this Complaint arose in the State

of Georgia and the Defendant does business in this state.  Paragraph 5 above is

incorporated by reference as if set forth fully herein.


## PARTIES

7.     Plaintiff Georgia Code Revision Commission is acting on behalf of

and for the benefit of the General Assembly of Georgia and the State of Georgia.

The Georgia Code Revision Commission is composed of fifteen members selected

from the Georgia House, the Georgia Senate and the State Bar of Georgia

including a judge of the superior courts and a district attorney.  The Georgia Code

Revision Commission compiles and obtains the publication of the O.C.G.A. The

Georgia General Assembly enacts laws on behalf of the State of Georgia.

8.     Defendant Public Resource.Org is a California corporation with its

principal place of business located at 1005 Gravenstein Highway North,

Sebastopol, California  95472.


## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF
### Plaintiffs and Their Infringed Copyrighted Works

9.     The State of Georgia enacts and promulgates the laws of the state

through its legislature.  The state laws are provided in Code sections.  Periodically,

typically annually, the Georgia General Assembly ("Legislature") revises, modifies, and amends its laws through supplemental laws and amendments. The Georgia General Assembly is assisted by the Code Revision Commission in publishing the Georgia state laws.

10.     The Legislature contracts with a publisher, currently Matthew Bender and Company, Inc., a member of the LexisNexis Group ("LexisNexis"), a division of Reed Elsevier Properties, Inc., to publish an annotated version of the State laws as the O.C.G.A.  Pursuant to this contract ("Code Publishing Contract"), and in order to allow LexisNexis to recoup its publishing costs, LexisNexis is permitted to sell the O.C.G.A., with the copyrighted annotations, in both hard bound book and electronic format for a set fee.

11.     In its capacity as publisher of the O.C.G.A., and through its own original creation, selection, coordination and/or arrangement, LexisNexis makes additions to the statutory text of the state laws previously approved and enacted by the Legislature.  One example of additions made by LexisNexis is a summary of a judicial decision that relates to a particular Code section and illustrates and informs as to an interpretation of that Code section.  This judicial summary is added at the end of the relevant Code section under the heading "Judicial Decisions."  *See*

Exhibit 1 for examples of O.C.G.A. judicial summaries.  The judicial summary is only added in the annotated publication and is not enacted as law.

12.    In order to create judicial summaries as original and creative works of authorship, LexisNexis selects and reads relevant judicial decisions.  LexisNexis then distills each relevant decision down to a single paragraph.  The succinctness and accuracy of the judicial summaries are in large part what make them valuable to attorneys and others researching the Code.  Accordingly, the text of the judicial summaries of the O.C.G.A. must be and is carefully crafted by LexisNexis in order to illustrate and interpret the Code sections of the O.C.G.A.

13.    These judicial summaries, along with notes and other original and creative non-statutory text added by LexisNexis to the Georgia statutory text, and the compilations thereof, are prepared as works made for hire for the State of Georgia and are protected by copyright.  These judicial summaries and additional non-statutory text are further selected, coordinated and/or arranged in an original manner in the O.C.G.A and protected by compilation copyright. Accordingly, the O.C.G.A. contains individual judicial summaries, non-statutory text, and compilations thereof, which are separately copyrightable and copyrighted. The judicial summaries and other non-statutory text together with the compilations thereof are referred to herein as the "Copyrighted Annotations." The Copyrighted

Annotations are created by LexisNexis for the State of Georgia pursuant to the state's Code Publishing Contract with LexisNexis.  Therefore, each of Plaintiff's Copyrighted Annotations, as to which infringement is specifically alleged below, are original works of authorship protected by copyright, and exclusive rights under these copyrights are owned by Plaintiff.  These copyrights have been registered with the United States Copyright Office, or have an application for registration pending with the United States Copyright Office.

14.    Plaintiff does not assert copyright in the O.C.G.A. statutory text itself since the laws of Georgia are and should be free to the public.  The Code Publishing Contract between LexisNexis and the State of Georgia requires that LexisNexis publish on the internet, free of charge, the statutory text of the O.C.G.A. These free Code publications are available 24 hours each day, 7 days a week, and include all statutory text and numbering; numbers of titles, chapters, articles, parts, and subparts; captions and headings; and history lines.  The free Code publications are fully searchable, and the catchlines, captions and headings are accessible by links from the table of contents.  The free Code publication of the State of Georgia is accessible via a website link found on the State of Georgia website www.legis.ga.gov.

### **Defendant's Copying and Distribution of Plaintiffs' Copyrighted Annotations**

15.     On information and belief, Defendant has, without authorization, copied at least 140 different volumes/supplements containing the O.C.G.A. Copyrighted Annotations, including the original selection, coordination and arrangement therein, the copyrights for which are owned by the State of Georgia. Each of these copied works has been posted by the Defendant on at least one of its websites, https://public.resource.org, https://law.resource.org, and https://bulk.resource.org, and is available to members of the public for downloading, viewing, and printing.  *See* https://law.resource.org/pub/us/code/ga/georgia.scan.2013/.   The electronic nature of these documents, and their availability on the Internet, magnifies the ease and speed with which they may be copied and distributed to others.

16.     On information and belief, Defendant has, without authorization, copied or "rekeyed" at least some of Plaintiff's Copyrighted Annotations prior to posting them on Defendant's website(s) to make the Copyrighted Annotations easier for members of the public to copy and manipulate, thereby encouraging the creation of works that are derivative of Plaintiff's Copyrighted Annotations.

17.     On information and belief, Defendant has, without authorization, distributed/uploaded hundreds of Plaintiff's Copyrighted Annotations to the website www.archive.org ("Internet Archive Website").  On information and belief, Defendant has further falsely indicated that PublicResource.Org is the owner of Plaintiff's Copyrighted Annotations by uploading those works to the Internet Archive Website with an indication that Defendant has dedicated the work to the public and with an instruction that members of the public "can copy, modify, distribute and perform the work, even for commercial purposes, all without asking permission."  *See*, for example, https://archive.org/details/govlawgacode392000, which indicates that O.C.G.A. Volume 39, 2000 Edition, Title 51 is subject to a "CC0 1.0 Universal" license. Following the CCO 1.0 Universal link on that web page directs one to http://creativecommons.org/publicdomain/zero/1.0/ where the quoted language can be found.  As a result, Plaintiff's Copyrighted Annotations have been downloaded by the public from the Internet Archive Website thousands of times.  *See*

https://archive.org/search.php?query=georgia%20code%20and%20public%20resource.

18.     On information and belief, subsequent to the filing of Plaintiff's original Complaint (Dkt. No. 1), Defendant has, without authorization, copied at

least 52 different volumes/supplements containing the 2015 O.C.G.A. Copyrighted Annotations, including the original selection, coordination and arrangement therein, the copyrights for which are owned by the State of Georgia.  Each of these copied works has been posted by the Defendant on at least one of its websites, https://public.resource.org, https://law.resource.org, and https://bulk.resource.org, and is available to members of the public for downloading, viewing, and printing. *See* https://law.resource.org/pub/us/code/ga/georgia.scan.2015/?C=N;O=A.   The electronic nature of these documents, and their availability on the Internet, magnifies the ease and speed with which they may be copied and distributed to others.

19.    On information and belief, Defendant's ongoing and widespread copying and distribution of Plaintiff's Copyrighted Annotations are deliberate and willful acts of copyright infringement that are part of a larger plan designed to challenge the letter of U.S. copyright law and force government entities (in the U.S. and elsewhere) to expend tax payer dollars in creating annotated state codes and making those annotated codes easily accessible by Defendant.  Defendant's websites https://public.resource.org and https://yeswescan.org are dedicated to these efforts, and in January of 2014, Carl Malamud, Defendant's founder and president, testified in front of the U.S. House of Representatives, House Judiciary

Committee, to advance an amendment to the U.S. Copyright Act making state and local official legal documents uncopyrightable for reasons of public policy.  No such amendment has been adopted by Congress.  On information and belief, Carl Malamud has engaged in an 18 year-long crusade to control the accessibility of U.S. government documents by becoming the United States' Public Printer – an individual nominated by the U.S. President and who is in control of the U.S. Government Printing Office.  Carl Malamud has not been so nominated.

20.    On information and belief, Defendant is employing a deliberate strategy of copying and posting large document archives such as the O.C.G.A. (including the Copyrighted Annotations) in order to force the State of Georgia to provide the O.C.G.A., in an electronic format acceptable to Defendant. Defendant's founder and president, Carl Malamud, has indicated that this type of strategy has been a successful form of "terrorism" that he has employed in the past to force government entities to publish documents on Malamud's terms.  *See* Exhibit 2.

21.    Consistent with its self-described strategy of mass publication terrorism, Defendant freely admits to the copying and distribution of massive numbers of Plaintiff's Copyrighted Annotations on at least its https://yeswescan.org website.  *See* Exhibit 3.  Defendant also announced on the

https://yeswescan.org website that it has targeted the States of Mississippi,

Georgia, and Idaho and the District of Columbia for its continued, deliberate and

willful copying of copyrighted portions of the annotated codes of those

jurisdictions.  Defendant has further posted on the https://yeswescan.org website,

and delivered to Plaintiffs, a "Proclamation of Promulgation," indicating that its

deliberate and willful copying and distribution of Plaintiff's Copyrighted

Annotations would be "greatly expanded" in 2014.  Defendant has further

instituted public funding campaigns on a website www.indiegogo.com to support

its continued copying and distribution of Plaintiff's Copyrighted Annotations.

Defendant has raised thousands of dollars to assist Defendant in infringing the

O.C.G.A. Copyrighted Annotations.

22.     Defendant deliberately and willfully distributed USB thumb drives

containing scanned copies of Plaintiff's Copyrighted Annotations to members of

the State of Georgia Legislature.

23.     Defendant mailed at least ninety (90) different volumes/supplements

of the O.C.G.A. Copyrighted Annotations published over several years to

Honorable David Ralston, Speaker of the House, Georgia House of

Representatives and Mr. Wayne Allen, Legislative Counsel, Office of Legislative

Counsel, Georgia General Assembly, and, on information and belief, later mailed

USB thumb drives containing copies of the same O.C.G.A. Copyrighted

Annotations to at least eight (8) institutions in and around the State of Georgia.

24.     Plaintiff has not authorized Defendant to copy, distribute or make

derivative works of Plaintiff's Copyrighted Annotations.  The State of Georgia

demanded that Defendant cease and desist its infringement of the O.C.G.A.

Copyrighted Annotations on at least July 25, 2013 (*see* Exhibit 4). Defendant has

refused to remove any and all copies of Plaintiff's Copyrighted Annotations from

its website(s) (*see* Exhibit 5).

## CLAIMS FOR RELIEF

### First Claim
### Direct Copyright Infringement in Violation of 17 U.S.C. § 106

25.     Paragraphs 1 through 23 above are incorporated by reference as set

forth fully herein.

26.     By scanning, copying, displaying, distributing, and creating derivative

works of Plaintiff's Copyrighted Annotations—including but not limited to each

copyrighted work identified on Exhibit 6—on a widespread and continuing basis

via Defendant's website(s) and the Internet Archive Website, Defendant's conduct

constitutes infringement of Plaintiff's copyrights and exclusive rights under

copyright in violation of one or more of Sections 106, 501-503, and 505 of the Copyright Act, 17 U.S.C. §§ 106, 501-503, 505.

27.     By scanning, copying and distributing Plaintiff's Copyrighted Annotations in at least twenty one (21) different volumes/supplements of the O.C.G.A. identified on Exhibit 6 on USB thumb drives via a mail service to multiple entities, Defendant's conduct constitutes infringement of Plaintiff's copyrights and exclusive rights under copyright in violation of one or more of Sections 106, 501-503, and 505 of the Copyright Act, 17 U.S.C. §§ 106, 501-503, 505.

28.     Defendant's acts have been and continue to be willful, intentional and purposeful, in violation of Plaintiff's rights.

29.     As a direct and proximate result of Defendant's infringement of Plaintiff's copyrights and exclusive rights under copyright, and because there is no adequate remedy at law, Plaintiff is entitled to injunctive relief.  Unless enjoined by the Court, Defendant's conduct will continue to cause severe and irreparable harm to Plaintiff.

30.     Plaintiff is entitled to recover its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

## Second Claim
### Indirect Copyright Infringement in Violation of 17 U.S.C. § 106

31.     Paragraphs 1 through 23 above are incorporated by reference as set forth fully herein.

32.     By facilitating, encouraging and inducing members of the public to copy, display, distribute, and create derivative works of Plaintiff's Copyrighted Annotations—including, but not limited to each copyrighted work identified on Exhibit 6—on a widespread and continuing basis via Defendant's website(s) and the Internet Archive Website, Defendant has contributorily infringed Plaintiff's copyrights and exclusive rights under copyright in violation of one or more of Sections 106, 501-503, and 505 of the Copyright Act, 17 U.S.C. §§ 106, 501-503, 505.

33.     Defendant has actual and constructive knowledge that members of the public have copied and displayed Plaintiff's copyrighted material, and Defendant knowingly encouraged members of the public to do so.

34.     Defendant's acts have been and continue to be willful, intentional and purposeful, in violation of Plaintiff's rights.

35.     As a direct and proximate result of Defendant's infringement of Plaintiff's copyrights and exclusive rights under copyright, and because there is no

adequate remedy at law, Plaintiff is entitled to injunctive relief.  Unless enjoined by the Court, Defendant's conduct will continue to cause severe and irreparable harm to Plaintiff.

36.    Plaintiff is entitled to recover its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

**WHEREFORE**, Plaintiff prays:

1.    That this Court enter an order pursuant to 17 U.S.C. § 502 granting permanent injunctive relief enjoining Defendant and all of its representatives, agents, servants, employees, related companies, successors and assigns, and all others in privity or acting in concert with any of them, now or in the future, without seeking the appropriate authorization from Plaintiff, from creating derivative works of, or copying, displaying, or distributing electronic or paper copies of, any of Plaintiff's copyrighted works to anyone, in the manner described above—namely, via the posting on a website or the distribution of a USB thumb drive or otherwise;

2.    That this Court enter an order pursuant to 17 U.S.C. § 502 granting permanent injunctive relief enjoining Defendant and all of its representatives, agents, servants, employees, related companies, successors and assigns, and all

others in privity or acting in concert with any of them, now or in the future, without seeking the appropriate authorization from Plaintiff, from facilitating or encouraging others to create derivative works of, or copy, display or distribute electronic or paper copies of, any of Plaintiff's copyrighted works to anyone, in the manner described above—namely, via the posting on a website or otherwise;

3.     That this Court enter an order pursuant to 17 U.S.C. § 503 for seizure to recover, impound, and destroy all things infringing Plaintiff's copyrighted works that are in the custody or control of Defendant;

4.     That this Court award Plaintiff the costs of this action and reasonable attorneys' fees and expenses pursuant to 17 U.S.C. § 505; and

5.     That this Court grant such other and further relief as it deems just and proper.

Respectfully submitted, this 8th day of October, 2015.

/s/ Anthony B. Askew

Anthony B. Askew (G.A. Bar: 025300)
Lisa C. Pavento (G.A. Bar: 246698)
Warren Thomas (G.A. Bar: 164714)
Meunier Carlin & Curfman LLC
999 Peachtree Street NE
Suite 1300
Atlanta, Georgia 30309
Telephone: 404-645-7700
Email: taskew@mcciplaw.com
lpavento@mcciplaw.com
wthomas@mcciplaw.com

*Counsel for the Plaintiff, Code Revision Commission on behalf of and for the benefit of the General Assembly of Georgia, and the State of Georgia*

## CERTIFICATE OF COMPLIANCE

I hereby certify that, pursuant to L.R. 5.1C and 7.1D of the Northern District of Georgia, the foregoing Amended Complaint for Injunctive Relief complies with the font and point selections approved by the Court in L.R. 5.1C. The foregoing pleading was prepared on a computer using 14-point Times New Roman font.

/s/ Anthony B. Askew
Anthony B. Askew (G.A. Bar: 025300)
Meunier Carlin & Curfman LLC
999 Peachtree Street NE
Suite 1300
Atlanta, Georgia 30309
Telephone: 404-645-7700
Email: taskew@mcciplaw.com

## **CERTIFICATE OF SERVICE**

I certify that on Thursday, October 8, 2015, I electronically filed the

foregoing Amended Complaint for Injunctive Relief with the Clerk of Court using

the CM/ECF system, which constitutes service of the filed document on all counsel

of record in this proceeding under LR 5.1(A)(3), N.D. Ga.


By:   */s/ Anthony B. Askew*
      Anthony B. Askew (G.A. Bar: 025300)
      Lisa C. Pavento (G.A. Bar: 246698)
      Warren Thomas (G.A. Bar: 164714)
      Meunier Carlin & Curfman LLC
      999 Peachtree Street, NE, Suite 1300
      Atlanta, Georgia 30309
      Phone: 404-645-7700
      Fax: 404-645-7707
      taskew@mcciplaw.com
      lpavento@mcciplaw.com
      wthomas@mcciplaw.com

*Counsel for the Plaintiff, Code Revision
Commission on behalf of and for the benefit
of the General Assembly of Georgia, and the
State of Georgia*