# EXHIBIT 1

### 1-1-6. Effect of adoption of Code upon terms of office and rights of officials or employees.

(a) The adoption of this Code shall not affect the term of office or the right to hold office of any person who is in office on November 1, 1982, unless otherwise expressly provided or unless such office is abolished by the adoption of this Code.

(b) The adoption of this Code shall not affect the compensation, expenses, per diem, allowances, retirement, or other rights of any official or employee of the state or any county, municipal corporation, school system, political subdivision, authority, or other governmental entity within this state, unless otherwise provided in this Code.

### 1-1-7. Notes and catchlines of Code sections not part of law.

Unless otherwise provided in this Code, the descriptive headings or catchlines immediately preceding or within the text of the individual Code sections of this Code, except the Code section numbers included in the headings or catchlines immediately preceding the text of the Code sections, and title and chapter analyses do not constitute part of the law and shall in no manner limit or expand the construction of any Code section. All historical citations, title and chapter analyses, and notes set out in this Code are given for the purpose of convenient reference and do not constitute part of the law. (Ga. L. 1982, p. 3, § 1.)

**Cross references.** — Section captions in Title 11 as constituting part of that title, § 11-1-109.

#### JUDICIAL DECISIONS

**Cited** in Hogan v. State, 178 Ga. App. 534, 343 S.E.2d 770 (1986); Brown v. Earp, 261 Ga. 522, 407 S.E.2d 737 (1991).

### 1-1-8. References to state law or this Code.

(a) Unless otherwise indicated in the context, references in this Code to titles, chapters, articles, parts, subparts, or Code sections shall mean titles, chapters, articles, parts, subparts, or Code sections of this Code.

(b) Unless there is an expressed intention to the contrary, any reference in this Code or in any law of this state to another provision of this Code or law of this state shall mean and be construed to refer to such other provision or law as it now or hereafter exists.

(c) Any reference in any local or special law of this state to any Act or resolution of the General Assembly or to any title, chapter, section, or other

portion of any prior code of this state shall be construed to be a reference to the appropriate title, chapter, article, part, subpart, Code section, subsection, paragraph, subparagraph, division, or subdivision of the Official Code of Georgia Annotated.

(d) Unless otherwise indicated by the context in which it is used, any citation in any public or private document, writing, or other instrument to a law of the State of Georgia which has been codified in the Official Code of Georgia Annotated shall be construed to be a reference to such law as contained in the Official Code of Georgia Annotated.

(e) Any reference in any Act of the General Assembly or in any other public or private document, writing, or other instrument to "O.C.G.A." shall mean and refer to the Official Code of Georgia Annotated published under authority of the State of Georgia. The Official Code of Georgia Annotated published under authority of the State of Georgia may be cited or referred to as "O.C.G.A." (Ga. L. 1981, Ex. Sess., p. 8, § 6; Ga. L. 1982, p. 3, § 1; Ga. L. 1983, p. 3, § 2)

### 1-1-9. Effective date of Code.

This Code shall become effective on November 1, 1982.

#### JUDICIAL DECISIONS

**Editor's notes.** — Some of the decisions cited below was decided under former Code 1865 § 2.

**Driving while license revoked under former Code provision.** — Where a driver was declared a habitual violator by the Department of Public Safety under the provisions of former Code 1933, § 68B-308(a), then was convicted for operating a motor vehicle while his license was still revoked pursuant to that action, after the Official Code of Georgia Annotated became effective on November 1, 1982, the revocation of the driver's license was effective "under this Code section" within the meaning of § 40-5-58(c), and the driver can be sentenced to a five-year confinement pursuant to that section. Ketchum v. State, 167 Ga. App. 858, 307 S.E.2d 742 (1983).

**Effect of adopting the Code** was to enact into one statute all of the sections of the Code. Barnes v. Carter, 120 Ga. 895, 48 S.E. 387 (1904); Atkinson v. Swords, 11 Ga. App. 167, 74 S.E. 1093 (1912). See also Central of Ga. Ry. v. State, 104 Ga. 831, 31 S.E. 531, 42 L.R.A. 518 (1898); Thornton v. State, 5 Ga. App. 397, 63 S.E. 301 (1908).

Adoption, not the compilation, is the legislative Act. Western & A.R.R. v. Young, 83 Ga. 512, 10 S.E. 197 (1889).

Errors were not adopted. City of Atlanta v. Gate City Gas Light Co., 71 Ga. 106 (1883); Bailey v. McAlpin, 122 Ga. 616, 50 S.E. 388 (1905).

**If Act embodied in Code, title immaterial.** — If an Act has been embodied in the Code and becomes a part of the law of this state upon the adoption of the Code, the contents of the title of the original Act are immaterial. Huff v. Markham, 70 Ga. 284 (1883); Central of Ga. Ry. v. State, 104 Ga. 831, 31 S.E. 531, 42 L.R.A. 518 (1898); Kennedy v. Meara, 127 Ga. 68, 56 S.E. 243, 9 Ann. Cas. 396 (1906).

**Rulings on statute applicable to Code.** — Rulings are all as applicable to the Code as to the statute on which they were made, for the Code is not substantially different from the statute. Wall v. Jones, 62 Ga. 725 (1879).

**Where provision of the Code treats the entire subject matter, what is omitted is repealed.** Shumate v. Williams, 34 Ga. 245 (1866); Georgia R.R. & Banking Co. v. Wynn, 42 Ga. 331 (1871); Miller v. Southwestern R.R., 55 Ga. 143 (1875).