IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CODE REVISION COMMISION on
behalf of and for the benefit of THE
GENERAL ASSEMBLY OF
GEORGIA, and THE STATE OF
GEORGIA,

   Plaintiff,

  v.

PUBLIC.RESOURCE.ORG, INC.
   Defendant.

Civil Action No. 1:15-CV-2594-MHC

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1. Description of Case:**

 **(a) Describe briefly the nature of this action.**

 This is an action for copyright infringement seeking injunctive relief based

on the defendant's copying and distribution of the entire Official Code of Georgia

Annotated ("O.C.G.A.") and a countersuit seeking a declaratory judgment that

Defendant did not infringe any copyrighted interest existing in the O.C.G.A.

 **(b) Summarize, in the space provided below, the facts of this case.  The
   summary should not be argumentative nor recite evidence.**

 The State of Georgia enacts, promulgates, and amends the laws of the state

through its legislature, the General Assembly. The Georgia General Assembly is

assisted by the Code Revision Commission in publishing the Georgia state laws. Plaintiff contends that third-party publisher Matthew Bender and Company, Inc., a member of the LexisNexis Group ("LexisNexis"), a division of Reed Elsevier Properties, Inc., publishes the O.C.G.A as a work for hire. Plaintiff contends that in its capacity as publisher of the O.C.G.A., LexisNexis makes annotation additions to the statutory text of the state laws previously approved and enacted by the Legislature, which additions reflect original and creative works of authorship together with selections, coordinations and/or arrangements thereof. Plaintiff contends that it owns valid and enforceable copyrights in these original works of authorship within the O.C.G.A.

Defendant admits that it has copied the entire O.C.G.A., including the annotations, and distributed it by posting it online on two websites. Defendant admits that the individual volumes of the O.C.G.A. that it copied and posted online have been viewed or downloaded thousands of times, and that it encouraged and induced others to download, copy, and distribute the O.C.G.A. without limitation or compensation. Defendant contends that such copying and distribution does not require authorization from the State of Georgia because Defendant contends that Plaintiff does not hold any valid copyright in the O.C.G.A., including in its annotations.

**(c)     The legal issues to be tried are as follows:**

(1) Whether the plaintiff has a valid copyright in its works;

(2) Whether the defendant infringed any of the plaintiff's copyrights in its works;

(3) Whether the defendant induced others to infringe any of the plaintiff's copyrights in its works;

(4) Whether the defendant has made a fair use of the copyrighted works;

(5) Whether plaintiff is entitled to a permanent injunction if infringement is found;

(6) Whether an order for seizure to recover, impound, or destroy all copies of the plaintiff's copyrighted works that are in the custody or control of the defendant is appropriate;

(7) Whether either party should be awarded its attorney's fees and costs of this action.

**(d)     The cases listed below (include both style and action number) are:**

(1)     Pending Related Cases:   <u>None</u>

(2)     Previously Adjudicated Related Cases:     <u>None</u>

**2.      This case is complex because it possesses one (1) or more of the features listed below (please check):**

\_\_\_\_\_ (1) Unusually large number of parties
\_\_\_\_\_ (2) Unusually large number of claims or defenses
\_\_\_\_\_ (3) Factual issues are exceptionally complex
\_\_\_\_\_ (4) Greater than normal volume of evidence
\_\_\_\_\_ (5) Extended discovery period is needed
\_\_\_\_\_ (6) Problems locating or preserving evidence
\_\_\_\_\_ (7) Pending parallel investigations or action by government
\_\_\_\_\_ (8) Multiple use of experts
\_\_\_\_\_ (9) Need for discovery outside United States boundaries
\_\_\_\_\_ (10) Existence of highly technical issues and proof
\_\_\_\_\_ (11) Unusually complex discovery of electronically stored information

**3.      Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:
          For Plaintiff:        Anthony B. Askew

          For Defendant:     Elizabeth H. Rader

**4.      Jurisdiction:**

Is there any question regarding this court's jurisdiction?

\_\_\_\_\_ Yes      _X_ No (except to the extent that sovereign immunity applies to the countersuit)

**5.      Parties to This Action:**

**(a)      The following persons are necessary parties who have not been joined:**

4

None

**(b)    The following persons are improperly joined as parties:**

None

**(c)    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

None

**(d)    The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.    Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of FED. R. CIV. P. 15.    Further instructions regarding amendments are contained in LR 15.

**(a)    List separately any amendments to the pleadings which the parties anticipate will be necessary:**

The parties do not, at this time, anticipate that any amendments to the pleadings will be necessary. However, the parties reserve the right to amend the pleadings to the extent that they deem necessary in view of further analysis, discovery and/or other unforeseen developments, subject to the requirements of the Federal Rules and the Local Rules of this Court.

**(b)    Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

7.    **Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).

   (a)    *Motions to Compel:* before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

   (b)    *Summary Judgment Motions:* within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

   (c)    *Other Limited Motions*: Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

   (d)    *Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

8.    **Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with FED. R. CIV. P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.  NOTE: Your initial disclosures should include electronically stored information. Refer to FED. R. CIV. P. 26(a)(1)(B).**

The parties do not object to serving initial disclosures, to be exchanged by the parties on October 19, 2015.

9.    **Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.

No.

**10.    Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks:  (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

This copyright case is assigned to a four (4) month fact discovery period.

**Please state below the subjects on which discovery may be needed:**

The parties anticipate that it is necessary to conduct discovery in the following subject areas:

- Facts pertaining to defendant's alleged infringement

- Facts pertaining to defendant's affirmative defenses

- Facts pertaining to Plaintiff's contract with the Matthew Bender Company

- Facts pertaining to the accessibility of the O.C.G.A. to the public at large

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused on particular issues, please state those reasons in detail below:**

The parties will work diligently to meet the agreed-upon discovery schedule, but reserve the right to seek additional time to complete discovery as they may deem reasonable and necessary as the case progresses, in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules and Standing Orders.

**11.    Discovery Limitation:**

    (a)    **What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

The parties consent and agree, pursuant to Federal Rule of Civil Procedure 5(b)(E) that service may be made by electronic mail, with copies sent to all attorneys of record for the party served, and that the three-day response time extension of Federal Rule of Civil Procedure 6(d) shall be applicable to such service. The parties agree to break down into multiple emails or arrange for service via alternative delivery, including FTP or other cloud-based procedure, when larger than 10 Mb.

    **(b)**    **Is any party seeking discovery of electronically stored information?**

        __X__  Yes        _____  No

If "yes,"

    (1)    **The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the**

**scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

Each party shall conduct diligent searches of all reasonably accessible sources which it has reason to believe may contain ESI responsive to the opposing party's discovery requests. Reasonably accessible sources of ESI include, but are not limited to, computer hard drives, email accounts, shared network drives, and other storage devices and media, including CD-ROMs, DVDs, and flash drives of the Code Revision Commission, General Assembly of Georgia, and Public Resource. The parties agree that they shall not be required to conduct searches of electronic back-up systems, handheld PDA devices, personal home computers (unless there is reason to believe that unique, relevant data relating to a custodian's work activity resides on such a computer), voice messages, text messages, or instant messages, except by order of the Court on good cause shown.

General ESI production requests under Fed. R. Civ. P. 34 and 45, or compliance with a mandatory disclosure order of this Court, shall not include email or other forms of electronic correspondence. To obtain email, parties must propound specific, email production requests. Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame.

Each requesting party shall limit its email production requests to a total of five custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case. Should a party serve email production requests for additional custodians beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party may be required to bear all reasonable costs caused by such additional discovery.

Each requesting party shall limit its email production requests to a total of ten search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider

contested requests for up to five additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case, with the requesting party possibly bearing all reasonable costs caused by any such additional discovery.

A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") shall count as separate search terms unless they are variants of the same word. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party may be required to bear all reasonable costs caused by such additional discovery.

**(2)  The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

The parties agree to produce documents in TIFF or PDF format with production numbers placed thereupon. For particular documents whose native format is a spreadsheet, database, audio, video, or MS PowerPoint (or other presentation file format), or another structured data file type that is not easily converted to or read in an image format, a party may make a reasonable request that the particular documents be produced in original native format. The parties agree not to degrade the searchability of any documents as part of the document production process.

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

**12.  Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

1.  The parties agree that privileged communications after commencement of the lawsuit on July 21, 2015, need not be included on the parties' privilege logs. The parties will exchange privilege logs at a mutually agreeable date prior to the close of discovery.

2.  The parties agree to work in good faith toward stipulating to a set of agreed facts, to be filed with the Court, beyond those admitted in the parties' respective answers, to try to reduce the need for discovery.

3.  The parties anticipate submitting a proposed Stipulated Protective Order pursuant to Fed. R. Civ. P. 26(c).

4.  The parties stipulate, in accordance with Fed. R. Civ. P. 38(d) and 39(a)(1), that defendant's demand for a jury trial is *withdrawn*, provided that (1) defendant reserves the right to make a new demand for a jury trial if the plaintiff amends its complaint to include a claim triable to a jury, and (2) plaintiff reserves the right to object to any such jury demand.

**13.   Settlement Potential:**

(a)   Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on <u>September 30, 2015,</u> and that they participated in settlement discussions.   Other persons who participated in the settlement discussions are listed according to party.

**For plaintiff**:  Lead counsel (signature):  <u>/s/ Anthony B. Askew</u>

Other participants:  Lisa Pavento, Warren Thomas

**For defendant**: Lead counsel (signature):  <u>/s/ Elizabeth H. Rader *(w/express permission)*</u>

Other participants:  Jason Rosenberg, Sarah LaFantano

(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(_X__) A possibility of settlement before discovery.
(_X_) A possibility of settlement after discovery.
(____) A possibility of settlement, but a conference with the judge is needed.
(____) No possibility of settlement.

(c)    **Counsel (__X___) do or (____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference**: is not scheduled. The parties contemplate that they may decide to conduct one or more informal settlement conferences prior to the close of discovery.

(d)    The following specific problems have created a hindrance to settlement of this case.

          None.


**14.    Trial by Magistrate Judge:**


Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)    The parties (_____) do consent to having this case tried before a magistrate judge of this court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20____.

(b)    The parties (__X__) do not consent to having this case tried before a magistrate judge of this court.

Respectfully submitted this 14th day of October, 2015.


/s/ Anthony B. Askew
Anthony B. Askew
Georgia Bar No. 025300
Lisa C. Pavento
Georgia Bar No. 246698
Warren Thomas
Georgia Bar No. 164714

Meunier Carlin & Curfman LLC
999 Peachtree Street NE
Suite 1300
Atlanta, Georgia 30309
Telephone: 404-645-7700
taskew@mcciplaw.com
lpavento@mcciplaw.com
wthomas@mcciplaw.com

*Attorneys for the Plaintiff Code Revision Commission on behalf of and for the benefit of the General Assembly of Georgia, and the State of Georgia*

/s/ Elizabeth H. Rader *(w/express permission)*
Elizabeth H. Rader (pro hac vice)
ALSTON & BIRD LLP
950 F Street, NW
Washington, DC 20004
Telephone: 202-239-3008
Fax: (202) 239-3333
elizabeth.rader@alston.com

Jason D. Rosenberg
Georgia Bar No. 510855
Sarah Parker LaFantano
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone 404-881-7461
Fax (404) 253-8861
jason.rosenberg@alston.com
sarah.lafantano@alston.com

*Attorneys for Defendant Public.Resource.Org*

\* \* \* \* \* \* \* \* \* \* \* \*

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

- Discovery Opens:  October 19, 2015

- Parties to serve Fed.R.Civ.P. 26(a) Initial Disclosures: October 19, 2015

- Opening expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) on issues for which the disclosing party bears the burden of proof due: December 18, 2015

- Any rebuttal expert disclosures or opening expert disclosures on issues for which the disclosing party does not bear the burden of proof due: January 22, 2016;

- Any rebuttal expert disclosures for any opening expert disclosures on issues for which the rebutting party bears the burden of proof due: February 19, 2016;

- Fact Discovery Close: February 19, 2016;

- Expert Discovery Close: March 18, 2016.

- Motions for summary judgment shall be filed not later than sixty days after the close of expert discovery.

IT IS SO ORDERED, this _____ day of _____, 2015.

_____

UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF GEORGIA

## **Local Rule 7.1(D) Certification of Compliance**

I hereby certify that the foregoing pleading has been prepared with Times New Roman font, 14 point, one of the font and point selections approved by the Court in L.R. 5.1C, N.D. Ga.

/s/ Anthony B. Askew
Georgia Bar No. 025300

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned counsel, hereby certify that on October 14, 2015, a true and correct copy of the foregoing **Joint Preliminary Report and Discovery Plan** was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send notification of such filing to all attorneys of record.

/s/ Anthony B. Askew
Georgia Bar No. 025300