IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CODE REVISION COMMISSION on
behalf of and for the benefit of THE
GENERAL ASSEMBLY OF
GEORGIA, and THE STATE OF
GEORGIA,

    Plaintiff,                               CIVIL ACTION NO.

    v.                                       1:15-CV-02594-MHC

PUBLIC.RESOURCE.ORG, INC.

    Defendant.

## STIPULATION OF FACTS

Plaintiff and Counterclaim-Defendant the Code Revision Commission, on

behalf of and for the benefit of the General Assembly of Georgia, and the State of

Georgia ("Commission"), and Defendant and Counterclaim-Plaintiff

Public.Resource.Org, Inc. ("Public Resource") stipulate to the following facts:

1.    Each Official Code of Georgia Annotated ("O.C.G.A.") volume and

supplement in Exhibit A contains statutory text and non-statutory annotation text.

2.    The 2014 and 2015 State of Georgia session laws each state in part:

> Annotations; editorial notes; Code Revision Commission
> notes; research references; notes on law review articles;
> opinions of the Attorney General of Georgia; indexes;
> analyses; title, chapter, article, part, and subpart captions or

> headings, except as otherwise provided in the Code; catchlines of Code sections or portions thereof, except as otherwise provided in the Code; and rules and regulations of state agencies, departments, boards, commissions, or other entities which are contained in the Official Code of Georgia Annotated are not enacted as statutes by the provisions of this Act.

2014 Ga. Laws 866, § 54; 2015 Ga. Laws 5, § 54.

3.     The non-statutory annotation text of each O.C.G.A. volume and supplement in Exhibit A includes summaries of judicial decisions.

4.     The summaries of judicial decisions in the non-statutory annotations of each O.C.G.A. volume and supplement in Exhibit A are prepared by Matthew Bender and Company, a member of the LexisNexis Group, a division of Reed Elsevier Properties, Inc. ("LexisNexis") under contract for the State of Georgia, and are finalized under the direct supervision of and subject to the approval of the Code Revision Commission.

5.     The judicial decisions summarized in the judicial decision summaries in each O.C.G.A. volume and supplement in Exhibit A have been selected by LexisNexis to be summarized for inclusion in the O.C.G.A, under the direct supervision and subject to the approval of the Code Revision Commission.

6.     The content of the summaries of judicial decisions in each O.C.G.A. volume and supplement in Exhibit A has been selected for inclusion in the O.C.G.A.

7.     The summaries of judicial decisions in each O.C.G.A. volume and supplement in Exhibit A have been coordinated with an O.C.G.A. statute (statutory text).

8.     The summaries of judicial decisions in each O.C.G.A. volume and supplement in Exhibit A are arranged under the heading "Judicial Decisions" prior to or following an O.C.G.A. statute (statutory text).

9.     The summaries of judicial decisions are selected, coordinated and arranged in each O.C.G.A. volume and supplement listed in Exhibit A.

10.    The non-statutory annotation text of each O.C.G.A. volume and supplement in Exhibit A includes editor's notes.

11.    Editor's notes in each O.C.G.A. volume and supplement in Exhibit A are prepared by LexisNexis under contract for the State of Georgia, and under the direct supervision and subject to the approval of the Code Revision Commission.

12.    The editor's notes in each O.C.G.A. volume and supplement in Exhibit A have been coordinated with an O.C.G.A. statute (statutory text).

13.     The editor's notes in each O.C.G.A. volume and supplement in Exhibit A are arranged after the heading "Editor's notes" prior to or following an O.C.G.A. statute (statutory text).

14.     The editor's notes are coordinated and arranged in each O.C.G.A. volume and supplement listed in Exhibit A.

15.     The preface in each O.C.G.A. volume and supplement in Exhibit A is prepared under contract by LexisNexis for the State of Georgia and under the direct supervision and subject to the approval of the Code Revision Commission.

16.     Each O.C.G.A. volume and supplement in Exhibit A contains a copyright notice in the form of "Copyright © [Year] By State of Georgia All rights reserved."

17.     Each O.C.G.A. volume and supplement in Exhibit A is the subject of a U.S. Copyright Registration as shown in Exhibit A.

18.     The non-statutory annotation text of each O.C.G.A. volume and supplement listed in Exhibit A includes summaries of opinions of the Attorney General of Georgia.

19.     The summaries of opinions of the Attorney General of Georgia in the non-statutory annotations of each O.C.G.A. volume and supplement listed in Exhibit A are prepared by LexisNexis under contract for the State of Georgia, and

4

under the direct supervision of and subject to the approval of the Code Revision Commission.

20.     The opinions of the attorney general of Georgia referenced in each O.C.G.A. volume and supplement listed in Exhibit A have been selected for inclusion in the O.C.G.A.

21.     The opinions of the Attorney General of Georgia referenced in the opinion of the attorney general summaries are selected in each O.C.G.A. volume and supplement listed in Exhibit A.

22.     The content of the summaries of opinions of the Attorney General of Georgia in each O.C.G.A. volume and supplement listed in Exhibit A has been selected for inclusion in the O.C.G.A.

23.     The summaries of opinions of the Attorney General of Georgia in each O.C.G.A. volume and supplement listed in Exhibit A have been coordinated with an O.C.G.A. statute (statutory text).

24.     The summaries of opinions of the Attorney General of Georgia in each O.C.G.A. volume and supplement listed in Exhibit A are arranged under the heading "Opinions of the Attorney General" prior to or following an O.C.G.A. statute (statutory text).

25.     The summaries of the opinions of the Attorney General of Georgia are selected, coordinated and arranged in each O.C.G.A. volume and supplement listed in Exhibit A.

26.     The non-statutory text of each O.C.G.A. volume and supplement listed in Exhibit A includes summaries of research references.

27.     The summaries of research references in the non-statutory annotations of each O.C.G.A. volume and supplement in Exhibit A are prepared by LexisNexis under contract for the State of Georgia, and under the direct supervision and subject to the approval of the Code Revision Commission.

28.     The research references referenced in each O.C.G.A. volume and supplement in Exhibit A have been selected for inclusion in the O.C.G.A.

29.     The research references are selected in each O.C.G.A. volume and supplement listed in Exhibit A.

30.     The content of the summaries of the research references in each O.C.G.A. volume and supplement listed in Exhibit A has been selected for inclusion in the O.C.G.A.

31.     The summaries of research references in each O.C.G.A. volume and supplement listed in Exhibit A have been coordinated with an O.C.G.A. statute (statutory text).

6

32.     The summaries of research references in each O.C.G.A. volume and supplement listed in Exhibit A are arranged under the heading "Research References" prior to or following an O.C.G.A. statute (statutory text).

33.     The summaries of research references are selected, coordinated and arranged in each O.C.G.A. volume and supplement listed in Exhibit A.

34.     Public Resource purchased from LexisNexis and copied the entirety of 186 volumes and supplements of the O.C.G.A, including front and back covers, which 186 volumes include the volumes and supplements of the O.C.G.A. listed in Exhibit A.

35.     Although at least some of the O.C.G.A. volumes and supplements purchased by Public Resource were available for purchase on compact disc (CD), Public Resource purchased these volumes and supplements in paper form.

36.     Public Resource posted on its website https//law.resource.org the copies it made of the O.C.G.A. including the volumes and supplements of the O.C.G.A. listed in Exhibit A.

37.     At least one copy of each O.C.G.A. volume and supplement that Public Resource posted on its https//law.resource.org website is in an electronic format that displays an image of the printed publication as copied by Public Resource, which image allows for electronic page turning of the printed

publication. Exhibit B is a true and correct copy of the front cover of one such image.

38.    Public Resource has facilitated, enabled, encouraged and induced others to view, download, print, copy and distribute each O.C.G.A. volume and supplement listed in Exhibit A without limitation or compensation to the State of Georgia.

39.    Public Resource created works containing each O.C.G.A volume and supplement listed in Exhibit A.

40.    The annotations to each O.C.G.A. volume and supplement listed in Exhibit A include summaries of cases that relate to the O.C.G.A., summaries of Opinions of the Attorney General of Georgia and summaries of research references related to the O.C.G.A.

41.    Public Resource actively encourages all citizens to copy, use, and disseminate to others in Georgia and elsewhere and to create works containing the O.C.G.A volumes and supplements listed in Exhibit A.

42.    Public Resource solicited funds on a crowd funding website (www.indiegogo.com/projects/the-laws-of-georgia) to help it scan and post entire volumes and supplements of the O.C.G.A, including each O.C.G.A. volume and supplement listed in Exhibit A.  This funding campaign ended on July 11, 2014.

43.     Public Resources continues to solicit funds on its website (https://yeswescan.org) to support its general mission of making federal, state and local laws easily available to the public free of charge.

44.     The State of Georgia enacts and promulgates the laws of the state through its legislature. The state laws are provided in Code sections.

45.     The Commission does not assert copyright in the O.C.G.A. statutory text itself because the laws of Georgia are and should be free to the public.

46.     Subsequent to July 22, 2015 and with full knowledge of the Commission's Complaint (Dkt. No. 1), Public Resource copied the entirety of the volumes and supplements of the 2015 O.C.G.A. shown in Exhibit A and distributed those copies via posting them on its website https://law.resource.org.

47.     Public Resource continues to post the entirety of the 114 volumes and supplements of the O.C.G.A. shown in Exhibit A, including front and back covers, on its website https//law.resource.org.

48.     Public Resource's posting of the entirety of the 114 volumes and supplements of the O.C.G.A. listed in Exhibit A on its website https://law.resource.org was for the purpose of facilitating, enabling, encouraging and inducing others to view, download, print, copy and distribute those volumes and supplements of the O.C.G.A.

49.     Public Resource's posting of the entirety of the 114 volumes and supplements of the O.C.G.A. listed in Exhibit A on its website https://law.resource.org resulted in the copying (downloading) of those volumes and supplements from that website by members of the public.

50.     Public Resource posted on a website, www.archive.org, copies of the entirety of the volumes and supplements of the O.C.G.A. listed in Exhibit A.

51.     At least one copy of each O.C.G.A. volume and supplement that Public Resource posted on the www.archive.org website is in an electronic format that mimics a printed publication.

52.     Subsequent to July 22, 2015 and with full knowledge of the Commission's Complaint (Dkt. No. 1), Public Resource copied the entirety of the volumes and supplements of the 2015 O.C.G.A. listed in Exhibit A and posted them on the website www.archive.org.

53.     Public Resource, despite having the right to remove the entirety of the volumes and supplements of the O.C.G.A. that it posted on the website www.archive.org, including those volumes and supplements listed in Exhibit A, has not removed such copies.

54.     Public Resource's posting of the entirety of the volumes/supplements of the O.C.G.A. on the website www.archive.org, including those

10

volumes/supplements listed in Exhibit A, was for the purpose of facilitating, enabling, encouraging and inducing others to view, download, print, copy and distribute those volumes and supplements of the O.C.G.A.

55.    Public Resource's posting of the entirety of volumes and supplements of the O.C.G.A. on the website www.archive.org, resulted in the copying (downloading) of each of those volumes/supplements of the O.C.G.A. from the website by members of the public as listed in Exhibit A.

56.    Public Resource labeled each of the volumes and supplements of the O.C.G.A. it posted on the website www.archive.org as listed in Exhibit A with the "CCO 1.0 Universal license" which states that members of the public may copy, modify and distribute those O.C.G.A. volumes and supplements.

57.    Public Resource labeled each of the volumes and supplements of the O.C.G.A. it posted on the website www.archive.org as listed in Exhibit A with the following statement:

> *All citizens and residents are hereby advised that this is a legally binding document duly promulgated and enacted and that failure to comply with such requirements as hereby detailed within may subject you to criminal or civil penalties under the law. Ignorance of the law shall not excuse noncompliance and it is the responsibility of the citizens to inform themselves as to the laws that are enacted in the United States of America and in the State of Georgia and all cities and territories contained therein.*

58.     Public Resource's copying and posting of the entire volumes and supplements of the O.C.G.A. on the websites https://law.resource.org and www.archive.org as shown in Exhibit A, and in particular the electronic nature of these documents and their availability on the Internet, magnifies the ease and speed with which they may be copied and distributed to others.

59.     Carl Malamud, the founder and president of Public.Resource.Org, testified before the U.S. House of Representatives, House Judiciary Committee, to advance an amendment to the U.S. Copyright Act making state and local official legal documents uncopyrightable for reasons of public policy. No such amendment has been adopted by Congress.

60.     Carl Malamud has tried to become the U.S. Public Printer but has not been nominated for the office of United States Public Printer.

61.     Public Resource posted on its https://yeswescan.org website and delivered to the Commission a Proclamation of Promulgation stating that its deliberate copying and distribution of the O.C.G.A. would be greatly expanded in 2014.

62.     Public Resource instituted a public funding campaign on the website www.indiegogo.com to support its continued copying and distribution of the O.C.G.A. and raised approximately $3,000.00.

63.     Public Resource distributed USB thumb drives containing scanned copies of the O.C.G.A. to members of the State of Georgia Legislature.

64.     Public Resource distributed copies of the entirety of 90 volumes and supplements of the O.C.G.A. to at least eight institutions in and around the state of Georgia, Honorable David Ralston, Speaker of the House, Georgia House of Representatives and Mr. Wayne Allen, Legislative Counsel, Office of Legislative Counsel, Georgia General Assembly, including those shown in Exhibit A, by placing those copies on USB thumb drives and mailing them.

65.     Public Resource's distribution of the entirety of 90 volumes and supplements of the O.C.G.A. to at least eight institutions in and around the state of Georgia, including those volumes and supplements shown in Exhibit A, was for the purpose of facilitating, enabling, encouraging and inducing others to view, download, print, copy and distribute those volumes and supplements of the O.C.G.A.

66.     The Commission has not authorized Public Resource to copy, distribute or make derivative works of any entire volume or supplement of the

13

O.C.G.A., including those shown in Exhibit A, and upon receiving cease and desist letters from the Commission, Public Resource refused to remove any and all copies of the O.C.G.A. that it had posted on any website.

67.     The correspondence shown in Exhibit C is a true and exact copy of a letter written by Mr. Malamud and sent to David Ralston and Wayne Allen on May 30, 2013.

68.     The correspondence shown in Exhibit D is a true and exact copy of a letter written by Mr. Malamud and sent to Joshua McKoon, David Ralston and David Shafter on July 30, 2013.

69.     The correspondence shown in Exhibit E is a true and exact copy of a letter written by Joshua McKoon and sent to Mr. Malamud on July 25, 2013.

70.     The correspondence shown in Exhibit F is a true and exact copy of a letter written by Joshua McKoon and sent to Mr. Malamud on August 15, 2013.

71.     The correspondence shown in Exhibit G is a true and exact copy of a letter written by Joshua McKoon and sent to Mr. Malamud on April 2, 2014.

72.     The correspondence shown in Exhibit H consists of true copies of an email written by Brendan Keefe and sent to Wayne R Allen, on September 18, 2015 and Mr. Allen's email responding to Mr. Keefe the same day.

14

73.    The statutory text and numbering of the O.C.G.A. is accessible by the public through the Georgia General Assembly website at www.legis.ga.gov and the Georgia Senate website at www.senate.ga.gov by clicking on the "Georgia Code" link on each of those websites which will direct the user to the LexisNexis website operated for the State of Georgia.

74.    The "Georgia Code" links on the websites www.legis.ga.gov and www.senate.ga.gov link to the LexisNexis website http://www.lexisnexis.com/hottopics/gacode/Default.asp ("LexisNexis GA Code website"), which is operated for the State of Georgia, and the LexisNexis GA Code website contains the statutory text and numbering of the O.C.G.A.

75.    There is no fee to access the statutory text and numbering of the O.C.G.A. through the LexisNexis GA Code website.

76.    The statutory text and numbering of the O.C.G.A. can be electronically copied and/or printed from the LexisNexis GA Code website.

77.    The statutory text of the O.C.G.A. is searchable by term on the LexisNexis GA Code website.

78.    The market for the O.C.G.A. includes markets for the sale of the printed publication, the CD-ROM, and on-line versions of the O.C.G.A.

15

79.    Public Resource operates the websites public.resource.org, law.resource.org, house.resource.org, bulk.resource.org and others.

80.    Public Resource reformats at least some of the documents containing laws it posts. As a matter of course, Public Resource transforms codes and standards into HTML. The O.C.G.A. had not been so transformed, but this was the intention.

81.    It is typical for bills introduced in the Georgia General Assembly ("Legislature") to begin, "An Act . . . To amend Article . . . Chapter . . . of Title . . . of the Official Code of Georgia Annotated."

82.    The Georgia Legislature is assisted by the Code Revision Commission in publishing the laws enacted by the Legislature.

83.    The Code Commission Notes added to the Georgia Statutory Text are prepared by the Code Revision Commission.

84.    LexisNexis publishes and sells the O.C.G.A. as a printed publication, on CD-ROM, and in an on-line version.

85.    LexisNexis receives income from its sales of the O.C.G.A.

86.    To access the statutory text and numbering in the O.C.G.A. via the website link found on the State of Georgia website, www.legis.ga.gov, one must

16

accept the terms and conditions of use generally applicable to the LexisNexis

websites ("LexisNexis Website Use Terms and Conditions").  A true and correct

copy of the LexisNexis Website Use Terms and Conditions is attached as Exhibit

I. The access page that allows users to access the online publication by accepting

the LexisNexis Website Use Terms and Conditions explicitly states that the

LexisNexis Website Use Terms and Conditions do not apply to the O.C.G.A.

statutory text and numbering.  A true and correct copy of this access page is

attached as Exhibit J.

     87.    The LexisNexis Website Use Terms and Conditions are governed by

New York state law and require the user to submit to the personal jurisdiction of

New York state courts for the purpose of litigating any action arising out of or

relating to the LexisNexis Website Use Terms and Conditions.

     88.    After navigating through the access page, and once within the

LexisNexis site hosting the statutory text and numbering of the O.C.G.A.

("LexisNexis GA Code website"), one  notice on the LexisNexis GA Code website

is a hyperlink to Terms and Conditions specific to the Georgia Code materials

("LexisNexis Georgia Materials Terms and Conditions"), which is available for

download at

https://www.lexisnexis.com/hottopics/gacode/GA_Statutes_Website_Terms3.doc

or by clicking on the "Terms and Conditions" hyperlink at the bottom of the page. A true and accurate copy of the Second LexisNexis Terms and Conditions is attached as Exhibit K.

89. The LexisNexis Website Use Terms and Conditions incorporate by reference any notices contained on the LexisNexis GA Code website. *See* Sec. 25 of the Website Use Terms and Conditions.

90. The LexisNexis Georgia Materials Terms and Conditions state that "Georgia Code section text and numbering may be copied from this website at the user's expense and effort."

91. The O.C.G.A statutory text and numbering that is available for free on the LexisNexis site does not contain the Annotations, such as the Judicial Summaries, summaries of Code Revision Commission Notes, summaries of Attorney General Opinions, and compilations thereof.

92. Until at least May 28, 2014, the notice displayed before users could access the "free" online publication included a banner page that the user had to acknowledge before access was granted. That banner page noted clearly that only the "latest print version of the O.C.G.A. is the authoritative version." A true and correct copy of this banner page is attached as Exhibit L to this pleading.

93.     This 2014 banner page did not explicitly state that the LexisNexis Website Use Terms and Conditions do not apply to the Georgia Code statutory text and numbering.

94.     The Annotations include a summary of a vacated Northern District of Georgia case, which states: "[a]ttorneys who cite unofficial publications of 1981 Code do so at their peril," and the heading of the summary reads "Official Code publication controls over unofficial compilation."  O.C.G.A. § 1-1-1, note (Judicial Decisions).

95.     A LexisNexis marketing page for the print version of the O.C.G.A. states: "The Official Code of Georgia Annotated (O.C.G.A.) provides users with the official Georgia statutes, fully annotated" (emphasis in original).  A true and correct copy of this marketing page is attached as Exhibit M to this pleading.

96.     Public.Resource.org will not rely on the affirmative defenses of failure to state a claim on which relief can be granted or copyright misuse as pleaded in its Answer.  To the extent that there are factual disputes that relate to irreparable harm, those do not render summary adjudication of the parties' respective claims and counterclaims inappropriate.


Respectfully submitted, this 15th day of January, 2016.

19

_____
Anthony B. Askew (G.A. Bar: 025300)
Lisa C. Pavento (G.A. Bar: 246698)
Warren Thomas (G.A. Bar: 164714)
Meunier Carlin & Curfman LLC
999 Peachtree Street, NE, Suite 1300
Atlanta, Georgia 30309
Phone: 404-645-7700
Fax: 404-645-7707
taskew@mcciplaw.com
lpavento@mcciplaw.com
wthomas@mcciplaw.com

*Counsel for the Plaintiff, Code Revision Commission on behalf of and for the benefit of the General Assembly of Georgia, and the State of Georgia*

_____
Elizabeth H. Rader (pro hac vice)
ALSTON & BIRD LLP
950 F Street, NW
Washington, DC 20004
Telephone: 202-239-3008
Fax: (202) 239-3333
elizabeth.rader@alston.com

Jason D. Rosenberg
Georgia Bar No. 510855
Sarah Parker LaFantano
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone 404-881-7461
Fax (404) 253-8861
jason.rosenberg@alston.com
sarah.lafantano@alston.com

*Counsel for the Defendant, Public.Resource.Org*

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that, pursuant to L.R. 5.1C and 7.1D of the Northern District of Georgia, the foregoing **Stipulation of Facts** complies with the font and point selections approved by the Court in L.R. 5.1C. The foregoing pleading was prepared on a computer using 14-point Times New Roman font.

_____

Anthony B. Askew (G.A. Bar: 025300)
Meunier Carlin & Curfman LLC
999 Peachtree Street NE, Suite 1300
Atlanta, Georgia 30309
Telephone: 404-645-7700
Email: taskew@mcciplaw.com

## CERTIFICATE OF SERVICE

I, the undersigned counsel, hereby certify that on January 15, 2016, a true and correct copy of the foregoing Stipulation of Facts was electronically filed with Clerk of Court using the CM/ECF system which will automatically send notification of such filing to all attorneys of record.

_____
Anthony B. Askew (G.A. Bar: 025300)
Meunier Carlin & Curfman LLC
999 Peachtree Street NE, Suite 1300
Atlanta, Georgia 30309
Telephone: 404-645-7700
Email: taskew@mcciplaw.com