IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CODE REVISION COMMISSION on behalf of and for the benefit of THE GENERAL ASSEMBLY OF GEORGIA, and THE STATE OF GEORGIA,<br><br>       Plaintiff,<br><br>  v.<br><br>PUBLIC.RESOURCE.ORG, INC.<br><br>       Defendant. | CIVIL ACTION NO.<br><br>1:15-CV-02594-MHC |

## [PROPOSED] PROTECTIVE ORDER

The matter having come before the Court, and for good cause appearing, it is hereby ORDERED by the United States District Court for the Northern District of Georgia:

1. **Designation of Discovery Material as Confidential**. All documents produced in the course of discovery, all Answers to Interrogatories, all Answers to Requests for Admission, all Responses to Requests for Production of Documents, all expert disclosures, and all deposition testimony, deposition transcripts and deposition exhibits (hereinafter "Discovery Material") shall be subject to this Order concerning confidential information, as set forth below:

1

(a) The designation of confidential information shall be made by placing or affixing on a document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL." One who provides material may designate it as "CONFIDENTIAL" only when such person in good faith believes that the material is, in fact, "confidential material." For purposes of this Order, "confidential material" is material which is not known or available to the public and which constitutes technical know-how; confidential research, development or commercial information; purchase and/or sales data; proprietary commercial, financial, technical, research, development, or business information; or any other confidential, private, or proprietary information that is used in the party's business or professional undertaking.

(b) A party shall not routinely designate material as "CONFIDENTIAL." The parties must make a good-faith determination that any information designated as "CONFIDENTIAL" truly warrants protection under Rule 26(c) of the Federal Rules of Civil Procedure. Designations of material as "CONFIDENTIAL" must be narrowly tailored to include only material for which there is good cause. A pattern of over-designation may lead to an order de-designating all or most materials on a wholesale basis.

(c) Except for documents produced for inspection prior to copying and during depositions, the designation of confidential information shall be made prior to or contemporaneously with the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked "CONFIDENTIAL." Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential or documents before they are copied and marked "CONFIDENTIAL" pursuant to this procedure.

(d) Portions of depositions shall be deemed confidential only if they are designated as such when the deposition is taken or within thirty days after receipt of the transcript. Any testimony which describes a document that has been designated as "CONFIDENTIAL" shall also be deemed to be designated "CONFIDENTIAL."

(e) Information or documents designated as "CONFIDENTIAL" under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (f) below for any purposes whatsoever other

than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

(f) The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as "CONFIDENTIAL" under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i) Disclosure of confidential materials may be made to counsel of record for the parties to this lawsuit, as well as officers, principals, directors, in-house counsel and other employees of a party who are required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

(ii) Disclosure of confidential materials may be made to court reporters engaged for depositions.

(iii) Disclosure of confidential materials may be made to the Court and court personnel and any subsequent appellate body to which an appeal is taken in this matter, if filed in accordance with Paragraph 2 hereof.

(iv) Disclosure of confidential materials may be made to non-employee consultants, investigators, or experts and their employees (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to

assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree in writing to the terms of this Protective Order by executing an acknowledgement statement (in the form attached hereto as Exhibit A), which indicates that he or she has read this Protective Order and agrees to be bound in all respects by its terms.

    (v) Disclosure of confidential materials may also be made to:

- Independent support services, including legal interpreters, document reproduction services, computer imaging services, jury consultants, and demonstrative exhibit services;
- Individuals who authored, or prior to this action, received, the designated document or material; and
- Any other person agreed to by the parties or allowed by this Court.

    (g) Except as provided in subparagraph (f) above, counsel for the parties shall keep all documents designated as confidential which are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

    (h) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as "CONFIDENTIAL" under this Order, or any portion thereof, shall be immediately

affixed with the wording "CONFIDENTIAL" if that wording does not already appear.

(i) A party who has a document that contains confidential information that the party believes in good faith is so sensitive that disclosure to the receiving parties could result in substantial harm to the disclosing party may, after meeting and conferring with the receiving parties and following all procedures required by the judge or the magistrate judge assigned to resolve discovery disputes, move for the Court to designate the document as Highly Confidential and not available for review by any officers, principals, directors or non-legal employees of the receiving parties except for counsel assisting in this action.

2. **Confidential Information Filed with Court.** To the extent that any materials subject to this Order (or any pleading, motion or memorandum disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) according to the Court's rules and Standing Order Regarding Civil Litigation. Specifically, any documents (including briefs), tangible things or information designated as Confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by order of the Court

in accordance with the procedures outlined in Section F of the Court's Standing Order Regarding Civil Litigation. Where possible, efforts should be taken to limit sealed materials to exhibits, declarations, or other supplemental filings so that the briefs themselves may remain publicly accessible.

3. **Challenging Designation of Confidentiality.** A designation of materials as "CONFIDENTIAL" may be challenged upon motion. The receiving party shall notify the designating party, in good faith and in writing, of its challenge to the designated material as "CONFIDENTIAL." If the parties are unable to agree within ten (10) business days whether or not the material is appropriately designated, after following the procedures required by the judge or magistrate judge assigned to resolve discovery disputes, the receiving party may file an appropriate motion requesting that the Court determine whether the disputed information has been appropriately designated. The burden of proving that a document is confidential remains with the party asserting such confidentiality. The provisions of Federal Rule of Civil Procedure 37(a)(5) apply to such motions.

4. **Treatment of Discovery Material That is Subpoenaed in Other Litigation.** If a party or non-party bound by the terms of this Order receives a subpoena or other form of compulsory process requiring it (the "Subpoenaed Party") to produce confidential Discovery Material received from a party to this

litigation, the Subpoenaed Party shall promptly notify the disclosing party of the service of such subpoena. If the disclosing party elects to resist the production of confidential Discovery Material under the subpoena, it shall promptly notify the Subpoenaed Party and the latter shall cooperate in affording the disclosing party the opportunity to oppose or limit the Subpoenaed Party's production of such Discovery Materials.

     5. **Return of Confidential Material at Conclusion of Litigation.** Within sixty (60) days of final disposition of the litigation, all material treated as confidential under this Order and not received in evidence shall be returned to the disclosing party, except for one copy which may be retained by counsel of record for archival purposes only, and except for any abstracts or summaries or other memoranda prepared by persons identified in paragraph 1(f) above who obtained the confidential material and any part of the official record which is or contains confidential material. The parties agree that all retained confidential material, and any information contained therein, will continue to be treated as provided in this Protective Order and that such continuing obligation shall survive the final disposition of this action. The material may be destroyed instead of being returned. The party returning and/or destroying Confidential Material must promptly certify in writing its compliance with the requirements of this paragraph.

6. **Non-Waiver of Confidentiality for Discovery Material Inadvertently Produced Without a Confidentiality Designation.** Any Discovery Material containing confidential information that has been inadvertently produced without identification as to its confidential nature may be so designated by the disclosing party through written notice to counsel for the receiving parties which identifies the non-designated Discovery Material as confidential information within a reasonable time following the discovery that such information has been produced without a proper confidentiality designation.

7. **Prohibition on Use of Information and Documents Obtained in Discovery for Purposes Other than This Litigation.** The Parties and their attorneys shall not use any information or documents obtained during discovery in this matter, regardless of whether the information and/or documents are designated Confidential or are not assigned any confidentiality designation, for any purpose other than preparing for and conducting this litigation, including any appeals. A party who wishes to use any information or documents obtained during discovery in this matter for a purpose other than preparing for and conducting this litigation may, after conferring with the disclosing party and following the procedures required by the judge or magistrate judge assigned to resolve discovery disputes, bring a motion for leave to use the information or documents for such purpose.

8\. **Non-Waiver of Privilege for Inadvertently Disclosed Material.**
Pursuant to Federal Rule of Evidence 502(d), the inadvertent disclosure of any document that is subject to a legitimate claim that the document is subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection shall not waive the protection or the privilege for either that document or for the subject matter of that document.

9\. **Return of Inadvertently Disclosed Materials.** Regardless of whether the receiving party disputes the claim, any documents the disclosing party deems to have been inadvertently disclosed and to be subject to the attorney-client privilege, work-product protection, or any other applicable privilege shall be, upon written request, promptly returned to the disclosing party, or destroyed, at the disclosing party's option.

10\. **Procedure for Disputes Regarding Allegedly Inadvertently Disclosed Material.** If the receiving party disputes whether a disclosed document is privileged or is protected work product, after the receiving party notifies counsel for the disclosing party of the dispute, the parties shall meet and confer in good faith as to whether such material is privileged or work product protected. If the parties are unable to reach agreement, the receiving party may, within twenty (20) days after the parties have met and conferred, file a motion for an appropriate order

from this Court. Any such motion shall be filed under seal with the Court. The disclosing party shall have the burden of establishing that the material is covered by privilege or work product protection.

11. **Provision of Advice to Clients.** Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this action and, in the course thereof, from generally referring to or relying upon the examination of documents produced or information revealed in deposition or trial transcripts. In rendering such advice or in otherwise communicating with his or her client, the attorney shall not disclose the content of any document, material, or information except as permitted under section 1(f).

12. **Amendment.** This Protective Order may be amended without leave of Court and by agreement of the parties in the form of a stipulation that shall be filed in this action.

13. **Nothing in this Protective Order Shall Constitute:** (a) an agreement by the parties to produce any document or supply any information or testimony in discovery not otherwise agreed upon or required by order or this Court; (b) a waiver by any person or party of any right to object to or seek an additional protective order with respect to any discovery request in this action; or (c) a waiver

of any claim of immunity or privilege with regard to any testimony, documents, or information.

14. This Order shall not be construed to apply to any information that: (a) is available to the public other than through a breach of this Order or other duty of confidentiality; (b) a receiving party can demonstrate was already known to the party at the time of disclosure and was not subject to conditions or confidentiality; or (c) a receiving party can demonstrate was developed by that party independently of any disclosure by a designating party or nonparty.

IT IS SO ORDERED, this _____ day of _____, 2016.

_____

UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF GEORGIA

# EXHIBIT A

## CERTIFICATION TO RECEIVE CONFIDENTIAL MATERIAL

I , _____ [print or type full name ], of

_____

[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Northern District of Georgia in the case of *Code Revision Commission on behalf of and for the benefit of The General Assembly of Georgia, and the State of Georgia v. Public.Resource.Org, Inc.*

I agree to comply with and be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order. I will not use any information or item that is subject to this Protective Order for any purpose beyond the instant litigation.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of Georgia for the purpose of enforcing the terms of

this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State Where Signed: _____

Printed name: _____

Signature: _____