# EXHIBIT O

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CODE REVISION COMMISSION on behalf of and for the benefit of THE GENERAL ASSEMBLY OF GEORGIA, and THE STATE OF GEORGIA,<br><br>       Plaintiff,<br><br>    v.<br><br>PUBLIC.RESOURCE.ORG, INC.<br><br>       Defendant. | CIVIL ACTION NO.<br><br>1:15-CV-02594-MHC |

## PLAINTIFF COMMISSION'S RESPONSE TO DEFENDANT PUBLIC.RESOURCE.ORG, INC.'S FIRST SET OF <u>INTERROGATORIES</u>

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Georgia, Plaintiff Code Revision Commission on Behalf of and For the Benefit of the General Assembly of Georgia, and the State of Georgia ("Commission"), by and through its attorneys, hereby objects and responds to Defendant Public.Resource.Org, Inc. ("Public Resource")'s First Set of Interrogatories to Plaintiff Code Revision Commission as follows.

## INTRODUCTION

The Commission objects to Public Resource's interrogatories to the extent they request identification of documents subject to attorney-client privilege or work product doctrine.  The Commission is not producing documents and does not expect Public Resource to produce documents concerning correspondence between the parties and their counsel based on claims of privilege or work product.

**INTERROGATORY NO. 1:** *Identify the portions of the O.C.G.A. in which you claim a valid copyright, including, but not limited to, the statutory text; annotations; editorial notes; Commission notes; research references; notes on law review articles; opinions of the Attorney General of Georgia; indexes; analyses; title, chapter, article, part, and subpart captions or headings; and catchlines of Code sections.*

**RESPONSE**: Commission objects to Public Resource's definition of the term "you" as overly broad and unduly burdensome.  Commission's responses will be made only on behalf of the Code Revision Commission on behalf of and for the benefit of the General Assembly of Georgia, and the State of Georgia. Commission also objects to Public Resource's definition of "O.C.G.A." as unclear and misleading because Public Resource separately lists "annotations" and certain portions of the O.C.G.A. that are encompassed by the term "annotations," but not

other portions of the O.C.G.A. encompassed by the term.  Specifically, notes on law review articles, editorial notes, Commission notes, summaries of opinions of the Attorney General, indexes, analyses, title, chapter, article, part, and subpart captions or headings, and catchlines of Code sections are all annotations of the Official Code of Georgia, but listed as separate from "annotations."  Judicial summaries and summaries of research references are not listed despite also being Official Code of Georgia annotations.  Accordingly, in its responses, Commission defines "O.C.G.A." as "a publication containing the Official Code of Georgia and annotations to the Official Code," wherein "annotations" refers to all non-statutory elements of the publication. Commission further objects to this interrogatory on the grounds that it seeks information that is not relevant to the claims or defenses of the parties because it seeks information regarding copyrights in works that are not being asserted in this litigation.

Subject to and without waiving these objections, Commission states that it claims copyright in this litigation in those portions of the O.C.G.A. that are asserted, which excludes the O.C.G.A. statutory text and numbers of Titles, Chapters, Articles, Parts, Subparts, and Code Sections.  In this case, Commission asserts its copyrights in the following elements of the O.C.G.A. volumes and supplements listed in Exhibit A of the Amended Complaint (Dkt. No. 011) ("Amended Complaint"):

1) judicial summaries found under the heading "JUDICIAL DECISIONS" as creative and original text;

2) editor's notes found after the heading "Editor's notes" as creative and original text;

3) summaries of cross references found after the heading "Cross references" as compilations;

4) summaries of research references found below the heading "RESEARCH REFERENCES" as compilations;

5) summaries of law reviews found after the heading "Law reviews" as compilations;

6) summaries of the opinions of the Attorney General of Georgia found below the heading "OPINIONS OF THE ATTORNEY GENERAL" as compilations; and

7) compilations of the judicial summaries, editor's notes, summaries of cross references, summaries of research references, summaries of law reviews, and summaries of the opinions of the Attorney General of Georgia.

All identified hereafter as "Asserted Works."

**INTERROGATORY NO. 2:** *Identify the portions of the O.C.G.A. in which you do not claim copyright, including, but not limited to, the statutory text, the annotations; editorial notes; Commission notes; research references; notes on law review articles; opinions of the Attorney General of Georgia; indexes; analyses; title, chapter, article, part, and subpart captions or headings; and catchlines of Code sections.*

**RESPONSE**:  Commission objects to Public Resource's definition of the term "you" as overly broad and unduly burdensome.  Commission's responses will be made only on behalf of the Code Revision Commission on behalf of and for the benefit of the General Assembly of Georgia, and the State of Georgia. Commission also objects to Public Resource's definition of "O.C.G.A." as unclear and misleading because Public Resource separately lists "annotations" and certain items that are encompassed by the term "annotations," but not other items encompassed by the term.  Specifically, notes on law review articles, editorial notes, Commission notes, summaries of opinions of the Attorney General, indexes, analyses, title, chapter, article, part, and subpart captions or headings, and catchlines of Code sections are all annotations of the Official Code of Georgia, but listed as separate from "annotations."  Judicial summaries and summaries of research references are not listed despite also being Official Code of Georgia annotations.  Accordingly, in its responses, Commission defines "O.C.G.A." as "a

publication containing the Official Code of Georgia and annotations to the Official

Code," wherein "annotations" refers to all non-statutory elements of the

publication. Commission further objects to this interrogatory on the grounds that it

seeks information that is not relevant to the claims or defenses of the parties

because it seeks information regarding copyrights in works that are not being

asserted in this litigation.

Subject to and without waiving these objections, Commission states that it

does not claim copyright in the O.C.G.A. statutory text and numbers of Titles,

Chapters, Articles, Parts, Subparts, and Code Sections. In this litigation,

Commission asserts its copyrights in the Asserted Works.


**INTERROGATORY NO. 3:** *Describe in detail the process by which the*

*Commission creates the Commission notes of the O.C.G.A. and the extent to which*

*Matthew Bender and Company, a member of the LexisNexis Group, a division of*

*Reed Elsevier Properties, Inc., is involved in their creation.*

**RESPONSE:**  Commission objects to Public Resource's definition of the term

"Commission" as overly broad and unduly burdensome.  Commission's responses

will be made only on behalf of the Code Revision Commission on behalf of and for

the benefit of the General Assembly of Georgia, and the State of Georgia.

Commission also objects to Public Resource's definition of "O.C.G.A." as unclear

and misleading because Public Resource separately lists "annotations" and certain

items that are encompassed by the term "annotations," but not other items

encompassed by the term.  Specifically, notes on law review articles, editorial

notes, Commission notes, summaries of opinions of the Attorney General, indexes,

analyses, title, chapter, article, part, and subpart captions or headings, and

catchlines of Code sections are all annotations of the Official Code of Georgia, but

listed as separate from "annotations."  Judicial summaries and summaries of

research references are not listed despite also being Official Code of Georgia

annotations.  Accordingly, in its responses, Commission defines "O.C.G.A." as "a

publication containing the Official Code of Georgia and annotations to the Official

Code," wherein "annotations" refers to all non-statutory elements of the

publication. Commission also objects to this interrogatory on the grounds that it

seeks information that is not relevant to the claims or defenses of the parties

because it seeks information regarding the Code Commission notes, which are not

included in the Asserted Works.  No information is being provided in response to

this interrogatory.


**INTERROGATORY NO. 4:** *Identify those state- and county-operated facilities*

*at which a member of the public could access the complete, annotated O.C.G.A.*

*for free, including, but not limited to, state and county libraries, state universities,*

*high and junior high schools, state prisons, etc.*

**RESPONSE:** Commission objects to Public Resource's definition of "identify" and its requirement for "the present or last known address of each established place of business, and the officers and/or partners of each entity" as being overly burdensome with respect to the state and county facilities identified. Commission provides the name, city, state and zip code of each facility, which is the information in the possession of the Commission. Commission objects to Public Resource's definition of "O.C.G.A." as unclear and misleading. Specifically, Public Resource separately lists "annotations" and multiple items that are encompassed by the term "annotations," making it unclear to what "annotations" refers. Specifically, notes on law review articles, editorial notes, Commission notes, summaries of opinions of the Attorney General, indexes, analyses, title, chapter, article, part, and subpart captions or headings; and catchlines of Code sections are all annotations of the Official Code of Georgia, but listed as separate from "annotations." Judicial summaries and summaries of research references are not listed despite also being Official Code of Georgia annotations. Accordingly, in its responses, Commission defines "O.C.G.A." as "a publication containing the Official Code of Georgia and annotations to the Official Code," wherein "annotations" refers to all non-statutory elements of the publication.

Commission further objects to this interrogatory on the grounds that the term "complete, annotated O.C.G.A." as used in this interrogatory is vague, ambiguous and misleading.  The term O.C.G.A. is an acronym for the Official Code of Georgia Annotated, and accordingly, Commission cannot discern to what an annotated form of the already annotated Official Code of Georgia would refer. Commission further objects to this interrogatory as being overly burdensome and seeking information that is not relevant to the claims or defense of the parties and not proportional to the needs of the case.  More specifically, "state- and county-operated facilities" are not limited to facilities within Georgia.  It would be extremely burdensome, if not impossible, for Commission to identify any and all state- and county-operated facilities anywhere in the U.S. at which a member of the public could access the O.C.G.A. for free.  It is also impossible for the Commission to determine the onsite-O.C.G.A. accessibility conditions within a state- or county-operated facility within the State of Georgia.

Subject to and without waiving these objections, Commission states that a CD-ROM Edition of the O.C.G.A. is provided by LexisNexis for free on a yearly basis to state- and county-operated facilities such as state and county libraries, state universities, and county law enforcement offices within the State of Georgia as follows.

1.  Dekalb County Law Library, Decatur, Georgia 30030

2. Carroll County Law Library, Carrollton, Georgia 30117

3. Douglas County Law Library, Douglasville, Georgia 30134

4. Hall County Law Library, Gainesville, Georgia 30501

5. Turner County Law Library, Ashburn, Georgia 31714

6. Thomas County Law Library, Thomasville, Georgia 31799

7. Grady County Law Library, Cairo, Georgia 39827

8. Bulloch County Law Library, Statesboro, Georgia 30460

9. Cook County Law Library, Adel, Georgia 31620

10. Tattnall County Law Library, Reidsville, Georgia 30453

11. Laurens County Law Library, Dublin, Georgia 31040

12. Toombs County Law Library, Lyons, Georgia 30436

13. Tift County Law Library, Tifton, Georgia 31794

14. Douglas County Law Library, Douglasville, Georgia 30134

15. Wilkes County Law Library, Washington, Georgia 30673

16. Muscogee County Law Library, Columbus, Georgia 31901

17. Chattooga County Law Library, Summerville, Georgia 30747

18. Barrow County Law Library, Winder, Georgia 30680

19. Baldwin County Law Library, Milledgeville, Georgia 31061

20. Oconee County Law Library, Watkinsville, Georgia 30677

21. Jefferson County Law Library, Louisville, Georgia 30434

22. Richmond County Law Library, Augusta, Georgia 30901

23. Wilkinson County Law Library, Irwinton, Georgia 31042

24. Clayton County Law Library, Jonesboro, Georgia 30236

25. Lincoln County Law Library, Lincolnton, Georgia 30817

26. Chatham County Law Library, Savannah, Georgia 31401

27. Appling County Law Library, Baxley, Georgia 31513

28. White County Law Library, Cleveland, Georgia 30528

29. Lowndes County Law Library, Valdosta, Georgia 31603

30. Coffee County Law Library, Douglas, Georgia 31533

31. Cherokee County Law Library, Canton, Georgia 30114

32. Cobb County Law Library, Marietta, Georgia 30090

33. Catoosa County Law Library, Ringgold, Georgia 30736

34. Jasper County Law Library, Monticello, Georgia 31064

35. Dade County Law Library, Trenton, Georgia 30752

36. Heard County Law Library, Franklin, Georgia 30217

37. Gwinnett County Law Library, Lawrenceville, Georgia 30046

38. Columbia County Law Library, Evans, Georgia 30809

39. Putnam County Law Library, Eatonton, Georgia 31024

40. Hall County Law Library, Gainesville, Georgia 30501

41. Irwin County Law Library, Ocilla, Georgia 31774

42. Mercer University School of Law, Macon, Georgia 31207

43. Georgia State University, Atlanta, Georgia 30303

44. University of Georgia School of Law, Athens, Georgia 30602

45. University of Georgia Institute of Continuing Legal Education, Athens, Georgia 30603

46. University of Georgia, Vinson Institute of Government, Athens, Georgia 30602

47. Institute of Community and Area Development, Athens, Georgia 30602

48. Abraham Baldwin Agricultural College, Tifton, Georgia 31794

49. Coastal Georgia Community College, Brunswick, Georgia 31520

50. Dekalb College Library, Clarkston, Georgia 30021

51. Roberts Memorial Library, Cochran, Georgia 31014

52. North Metro Tech, Acworth, Georgia 30102

53. Armstrong State College, Savannah, Georgia 31419

54. Georgia Southwestern State University, Americus, Georgia 31709

55. Augusta State University, Augusta, Georgia 30904

56. Gordon College, Barnesville, Georgia 30204

57. East Georgia College Library, Swainsboro, Georgia 30401

58. Dekalb County Police Department, Lithonia, Georgia 30058

59. Gwinnett County Police Department, Lawrenceville, Georgia 30043

60. Georgia Department of Corrections, Forsyth, Georgia 31029

61. Georgia Board of Pardons and Paroles, Atlanta, Georgia 30334

62. Henry County Sheriff's Department, McDonough, Georgia 30253

63. Cherokee County Sheriff's Office, Canton, Georgia 30115

64. Ware County Sherriff's Office, Waycross, Georgia 31503

**INTERROGATORY NO. 5:** *Identify the total revenue the Commission received in 2014 from the following sources: (1) royalties from sales of the printed bound volumes of the O.C.G.A.; (2) royalties from the licensing fees of the CD-ROM of the O.C.G.A.; and (3) royalties from the licensing of the on-line version of the O.C.G.A.*

**RESPONSE:** Commission objects to Public Resource's definition of the term "Commission" as overly broad and unduly burdensome. Commission's responses will be made only on behalf of the Code Revision Commission on behalf of and for the benefit of the General Assembly of Georgia, and the State of Georgia. Commission objects to Public Resource's definition of "O.C.G.A." as unclear and misleading. Specifically, Public Resource separately lists "annotations" and multiple items that are encompassed by the term "annotations," making it unclear to what "annotations" refers. Specifically, notes on law review articles, editorial notes, Commission notes, summaries of opinions of the Attorney General, indexes,

analyses, title, chapter, article, part, and subpart captions or headings; and catchlines of Code sections are all annotations of the Official Code of Georgia, but listed as separate from "annotations." Judicial summaries and summaries of research references are not listed despite also being Official Code of Georgia annotations.  Accordingly, in its responses, Commission defines "O.C.G.A." as "a publication containing the Official Code of Georgia and annotations to the Official Code," wherein "annotations" refers to all non-statutory elements of the publication.

Subject to and without waiving these objections, Commission states that it does not receive revenue from royalties from the sales of printed bound volumes of the O.C.G.A. Commission will provide information regarding the royalties it received in 2014 from the licensing fees of the CD-ROM of the O.C.G.A. and the licensing of the on-line version of the O.C.G.A. within six weeks of the date specified by Public Resource in its First Set of Interrogatories.  This time period is reasonable as it gives Commission one week from the end of the current legislative session to provide the information.


**INTERROGATORY NO. 6:** *Identify all facts, documents, or other information on which you rely to support the assertion in Paragraphs 29 and 35 of the Amended Complaint that "there is no adequate remedy at law" for Plaintiff.*

**RESPONSE:** Commission objects to Public Resource's definition of the term "you" as overly broad and unduly burdensome.  Commission's responses will be made only on behalf of the Code Revision Commission on behalf of and for the benefit of the General Assembly of Georgia, and the State of Georgia. Commission also objects to Public Resource's definition of the term "documents" to the extent that it encompasses e-mail correspondence.  Public Resource has not propounded specific discovery requests for e-mails as required by and stipulated to in the Joint Preliminary Report and Discovery Plan. (Dkt. No. 012, Item No. 11(b)(1)) Commission further objects to this interrogatory since it improperly calls for legal conclusions.

Subject to and without waiving these objections, Commission states the following: Commission owns copyrights in the Asserted Works, which are found in seventy seven (77) O.C.G.A. volumes and supplements.  The Asserted Works were published and sold for a fee as parts of the O.C.G.A., a serial publication. The owner of a copyright has the exclusive right to reproduce the copyrighted work in copies, to prepare derivative works based upon the copyrighted work, and to distribute copies of the copyrighted work pursuant to 17 U.S.C. § 106. In contravention of Commission's exclusive rights, Public Resource has on multiple occasions copied, made derivative works of, and distributed via the internet, on multiple websites, the entirety of all 77 O.C.G.A. volumes and supplements that

contain the Asserted Works, including front and back covers.  Public Resource has

facilitated, enabled, encouraged and induced others to view, download, print, copy,

further distribute and produce derivative works of each and every Asserted Work

without compensation to the Commission. The uncontrollable nature and the extent

of this past infringement by Public Resource could never be compensated or

redressed by damages.  Any attempt by the Commission to obtain compensation

for the damages caused by this past infringement would require multiple lawsuits

against multiple parties in multiple jurisdictions.  Furthermore, Public Resource

has demonstrated its intention to continue to infringe, and to continue to induce

others to infringe, the copyrights in the Asserted Works and future editions of the

O.C.G.A. by copying and distributing additional editions of the O.C.G.A. after the

filing of the present lawsuit.  This continued infringement falls squarely within

Public Resource's established history of taking steps to cause policy change and

force entities, including copyright owners, to yield to its demands.  Public

Resource itself praises the act of deliberate, continued and extremely wide

distributions of documents via the internet in order to ensure that the documents

are "copied thousands of times." *See* Dkt. No. 001-02.  Public Resource further

indicates that there is "power" in putting such "large document archives online.

Aggressively." *Id.*  Public Resource simply will not stop seeking its desired policy

changes, and will not stop infringing Commission's copyrights in the O.C.G.A.,

until it is forced to do so by a court of law via the issuance of a permanent injunction. Consequently any available legal remedy would not be adequate.

Commission further identifies the following documents: Amended Complaint and Exhibits (Dkt. Nos. 011 and 011-1 through 011-6); Stipulation of Facts and Exhibits (Dkt. Nos. 017 and 017-1 through 017-13); COMM000001, COMM000042; COMM000044; and PRO-000564.


**INTERROGATORY NO. 7:** *Identify all facts, documents, or other information on which you rely to support the assertion in Paragraphs 29 and 35 of the Amended Complaint that "Defendant's conduct will continue to cause severe and irreparable harm to Plaintiff."*

**RESPONSE:** Commission objects to Public Resource's definition of the term "you" as overly broad and unduly burdensome.  Commission's responses will be made only on behalf of the Code Revision Commission on behalf of and for the benefit of the General Assembly of Georgia, and the State of Georgia. Commission also objects to Public Resource's definition of the term "documents" to the extent that it encompasses e-mail correspondence.  Public Resource has not propounded specific discovery requests for e-mails as required by and stipulated to in the Joint Preliminary Report and Discovery Plan. (Dkt. No. 012, Item No.

11(b)(1)) Commission further objects to this interrogatory since it improperly calls for legal conclusions.

Subject to these objections, Commission states the following: Commission owns copyrights in the Asserted Works. The Asserted Works were published and sold for a fee as parts of the O.C.G.A., a serial publication. The owner of a copyright has the exclusive right to reproduce the copyrighted work in copies, to prepare derivative works based upon the copyrighted work, and to distribute copies of the copyrighted work pursuant to 17 U.S.C. § 106. In contravention of Commission's exclusive rights, Public Resource has on multiple occasions copied, made derivative works of, and distributed via the internet the Asserted Works. Public Resource has facilitated, enabled, encouraged and induced others to view, download, print, copy and distribute each Asserted Work without charging a fee for the Asserted Works and without compensation to the Commission. Public Resource will continue its infringing activity, unless enjoined by this Court. The Commission has experienced and will experience irreparable harm because there is no adequate remedy at law for the widespread infringement caused by Public Resource as indicated in Commission's response to Interrogatory No. 6, which is hereby incorporated by reference.

Commission further identifies the following documents: Amended Complaint and Exhibits (Dkt. Nos. 011 and 011-1 through 011-6); Stipulation of

Facts and Exhibits (Dkt. Nos. 017 and 017-1 through 017-13); COMM000001,

COMM000042; COMM000044; and PRO-000564.


**INTERROGATORY NO. 8:** *Identify all facts, documents, or other information*

*on which you rely to support the assertion in Paragraph 2 of the Amended*

*Complaint that "[w]ithout providing the publisher the ability to recoup its costs*

*for the development of these copyrighted annotations, the State of Georgia will be*

*required to either stop publishing the annotations altogether or pay for*

*development of the annotations using state tax dollars."*

**RESPONSE**: Commission objects to Public Resource's definition of the term

"you" as overly broad and unduly burdensome.  Commission's responses will be

made only on behalf of the Code Revision Commission on behalf of and for the

benefit of the General Assembly of Georgia, and the State of Georgia.

Commission also objects to Public Resource's definition of the term "documents"

to the extent that it encompasses e-mail correspondence.  Public Resource has not

propounded specific discovery requests for e-mails as required by and stipulated to

in the Joint Preliminary Report and Discovery Plan. (Dkt. No. 012, Item No.

11(b)(1))

Subject to and without waiving these objections, Commission states the

following: Commission owns copyrights in the Asserted Works that were

developed pursuant to a work for hire agreement with the publisher, LexisNexis. The Asserted Works were published and sold for a fee as parts of the O.C.G.A., a serial publication.  LexisNexis bears its own costs for development of the Asserted Works in the O.C.G.A. and bears the O.C.G.A. publication costs.  LexisNexis receives revenue from the sales of the O.C.G.A. that contain the Asserted Works. LexisNexis is a for-profit company. The Commission's operations are funded by state tax dollars. An increase in the Commission's operations in order to develop its own Asserted Works (or works similar to the Asserted Works) in the O.C.G.A. would require increased funding or would cause the Commission to stop creating the Asserted Works.

Commission further identifies at least the following documents: Amended Complaint and Exhibits (Dkt. Nos. 011 and 011-1 through 011-6); Stipulation of Facts and Exhibits (Dkt. Nos. 017 and 017-1 through 017-13); COMM000001, COMM000042; and COMM000044.


**INTERROGATORY NO. 9:** *Identify all facts, documents, or other information on which you rely to support the assertion in Paragraph 2 of the Amended Complaint that "[u]nless Defendant's infringing activities are enjoined, Plaintiff and the citizens of the State of Georgia, will face losing valuable analysis and guidance regarding their state laws."*

**RESPONSE:** Commission objects to Public Resource's definition of the term "you" as overly broad and unduly burdensome.  Commission's responses will be made only on behalf of the Code Revision Commission on behalf of and for the benefit of the General Assembly of Georgia, and the State of Georgia. Commission also objects to Public Resource's definition of the term "documents" to the extent that it encompasses e-mail correspondence.  Public Resource has not propounded specific discovery requests for e-mails as required by and stipulated to in the Joint Preliminary Report and Discovery Plan. (Dkt. No. 012, Item No. 11(b)(1))

Subject to and without waiving these objections, Commission states the following: Commission owns copyrights in the Asserted Works that were developed pursuant to a work for hire agreement with the publisher, LexisNexis. The Asserted Works were published and sold for a fee as parts of the O.C.G.A., a serial publication.  The owner of a copyright has the exclusive right to reproduce the copyrighted work in copies, to prepare derivative works based upon the copyrighted work, and to distribute copies of the copyrighted work pursuant to 17 U.S.C. § 106. In contravention of Commission's exclusive rights, Public Resource has on multiple occasions copied, made derivative works of, and distributed via the internet the Asserted Works.  Public Resource has facilitated, enabled, encouraged and induced others to view, download, print, copy and distribute each Asserted

Work without compensation to the Commission.  LexisNexis bears its own costs for development of the Asserted Works in the O.C.G.A. and bears the O.C.G.A. publication costs.  LexisNexis receives monies from the sales of the O.C.G.A. that contain the Asserted Works.  LexisNexis is a for-profit company. If Lexis Nexis is not compensated for the creation and publication of the Asserted Works and/or works similar to the Asserted Works ("Annotations"), it is unlikely that they will continue to create and publish the Annotations.  The Commission's operations are funded by state tax dollars. An increase in the Commission's operations due to its own development of Official Code of Georgia Annotations would require increased funding.  Such increase funding may not be available.  Thus the Commission may not be able to create and publish the Annotations.  If Lexis Nexis does not create and publish the Annotations and the Commission is unable to obtain additional funding, the public will lose the benefit of reviewing those Annotations.

Commission further identifies at least the following documents: Amended Complaint and Exhibits (Dkt. Nos. 011 and 011-1 through 011-6); Stipulation of Facts and Exhibits (Dkt. Nos. 017 and 017-1 through 017-13); COMM000001, COMM000042; and COMM000044.

**INTERROGATORY NO. 10:** *Identify all facts, documents, or other information on which you rely to support any contention regarding the effect of Public Resource's use of the O.C.G.A. upon the potential market for, or value of, the copyrighted works.*

**RESPONSE:** Commission objects to Public Resource's definition of the term "you" as overly broad and unduly burdensome.  Commission's responses will be made only on behalf of the Code Revision Commission on behalf of and for the benefit of the General Assembly of Georgia, and the State of Georgia. Commission also objects to Public Resource's definition of the term "documents" to the extent that it encompasses e-mail correspondence.  Public Resource has not propounded specific discovery requests for e-mails as required by and stipulated to in the Joint Preliminary Report and Discovery Plan. (Dkt. No. 012, Item No. 11(b)(1)) Commission further objects to this interrogatory since it improperly calls for legal conclusions.

Subject to and without waiving these objections, Commission states the following: Commission owns copyrights in the Asserted Works.  The Asserted Works were published and sold for a fee as parts of the O.C.G.A., a serial publication.  The owner of a copyright has the exclusive right to reproduce the copyrighted work in copies, to prepare derivative works based upon the copyrighted work, and to distribute copies of the copyrighted work pursuant to 17

U.S.C. § 106. In contravention of Commission's exclusive rights, Public Resource has on multiple occasions copied, made derivative works of, and distributed via the internet the Asserted Works.  Public Resource has facilitated, enabled, encouraged and induced others to view, download, print, copy and distribute each Asserted Work without charging a fee for the Asserted Works and without compensation to the Commission.  As a result of Public Resource making the copyrighted Asserted Works available to the public for free, the ability of Lexis Nexis to market the Asserted Works and/or works similar to the Asserted Works ("Annotations") for a fee will be effected and its sales of the Annotations as part of the O.C.G.A. will be reduced.

Commission further identifies at least the following documents: Amended Complaint and Exhibits (Dkt. Nos. 011 and 011-1 through 011-6); Stipulation of Facts and Exhibits (Dkt. Nos. 017 and 017-1 through 017-13); COMM000001, COMM000042; and COMM000044.


February 18, 2016                              *s/Anthony B. Askew/*
                                               Anthony B. Askew (G.A. Bar: 025300)
                                               Lisa C. Pavento (G.A. Bar: 246698)
                                               Warren Thomas (G.A. Bar: 164714)
                                               Meunier Carlin & Curfman LLC
                                               999 Peachtree Street, NE, Suite 1300
                                               Atlanta, Georgia 30309
                                               Phone: 404-645-7700
                                               Fax: 404-645-7707
                                               taskew@mcciplaw.com

lpavento@mcciplaw.com
wthomas@mcciplaw.com

*Counsel for the Plaintiff, Code Revision Commission on behalf of and for the benefit of the General Assembly of Georgia, and the State of Georgia*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on Thursday, February 18, 2016, the foregoing PLAINTIFF

COMMISSION'S RESPONSE TO DEFENDANT

PUBLIC.RESOURCE.ORG, INC.'S FIRST SET OF INTERROGATORIES

was sent to counsel for Defendant Public.Resource.Org by electronic mail at the

addresses listed below.

Elizabeth H. Rader
ALSTON & BIRD LLP
950 F Street, NW
Washington, DC 20004
elizabeth.rader@alston.com

Jason D. Rosenberg
Sarah Parker LaFantano
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
jason.rosenberg@alston.com
sarah.lafantano@alston.com

By:     *s/Anthony B. Askew/*
Anthony B. Askew
Meunier Carlin & Curfman LLC
999 Peachtree Street, NE, Suite 1300
Atlanta, Georgia 30309
Phone: 404-645-7700
Fax: 404-645-7707
taskew@mcciplaw.com