IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| CODE REVISION COMMISSION on behalf of and for the benefit of THE GENERAL ASSEMBLY OF GEORGIA, and THE STATE OF GEORGIA,<br><br>       Plaintiff,<br><br>     v.<br><br>PUBLIC.RESOURCE.ORG, INC.<br><br>       Defendant. | CIVIL ACTION NO.<br><br>1:15-CV-02594-MHC |

**PLAINTIFF'S LOCAL RULE 56.1 STATEMENT OF
UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 56.1(A), Plaintiff and Counterclaim-Defendant the Code Revision Commission, on behalf of and for the benefit of the General Assembly of Georgia, and the State of Georgia ("Commission"), and in support of Plaintiff's Motion for Summary Judgment, states that there is no genuine issue to be tried as to the following material facts:

1.     Each Official Code of Georgia Annotated ("OCGA") volume and supplement in Exhibit A to the Stipulation of Facts ("Exhibit A") contains statutory text and non-statutory annotation text. Dkt. 17 ¶ 1.

2.    The 2014 and 2015 State of Georgia session laws each state in part:

Annotations; editorial notes; Code Revision Commission notes; research references; notes on law review articles; opinions of the Attorney General of Georgia; indexes; analyses; title, chapter, article, part, and subpart captions or headings, except as otherwise provided in the Code; catchlines of Code sections or portions thereof, except as otherwise provided in the Code; and rules and regulations of state agencies, departments, boards, commissions, or other entities which are contained in the Official Code of Georgia Annotated are not enacted as statutes by the provisions of this Act.

2014 Ga. Laws 866, § 54; 2015 Ga. Laws 5, § 54. Dkt. 17 ¶ 2.

3.    The non-statutory annotation text of each OCGA volume and supplement in Exhibit A includes summaries of judicial decisions. Dkt. 17 ¶ 3.

4.    The summaries of judicial decisions in the non-statutory annotations of each OCGA volume and supplement in Exhibit A are prepared by Matthew Bender and Company, a member of the LexisNexis Group, a division of Reed Elsevier Properties, Inc. ("LexisNexis") under contract for the State of Georgia, and are finalized under the direct supervision of and subject to the approval of the Code Revision Commission. Dkt. 17 ¶ 4.

5.    The judicial decisions summarized in the judicial decision summaries in each OCGA volume and supplement in Exhibit A have been selected by LexisNexis to be summarized for inclusion in the OCGA, under the direct

supervision and subject to the approval of the Code Revision Commission. Dkt. 17 ¶ 5.

6.     The content of the summaries of judicial decisions in each OCGA volume and supplement in Exhibit A has been selected for inclusion in the OCGA. Dkt. 17 ¶ 6.

7.     The summaries of judicial decisions in each OCGA. volume and supplement in Exhibit A have been coordinated with an OCGA. statute (statutory text). Dkt. 17 ¶ 7.

8.     The summaries of judicial decisions in each OCGA volume and supplement in Exhibit A are arranged under the heading "Judicial Decisions" prior to or following an OCGA. statute (statutory text). Dkt. 17 ¶ 8.

9.     The summaries of judicial decisions are selected, coordinated and arranged in each OCGA. volume and supplement listed in Exhibit A. Dkt. 17 ¶ 9.

10.     The non-statutory annotation text of each OCGA volume and supplement in Exhibit A includes editor's notes. Dkt. 17 ¶ 10.

11.     Editor's notes in each OCGA. volume and supplement in Exhibit A are prepared by LexisNexis under contract for the State of Georgia, and under the direct supervision and subject to the approval of the Code Revision Commission. Dkt. 17 ¶ 11.

12.     The editor's notes in each OCGA volume and supplement in Exhibit A have been coordinated with an OCGA statute (statutory text). Dkt. 17 ¶ 12.

13.     The editor's notes in each OCGA volume and supplement in Exhibit A are arranged after the heading "Editor's notes" prior to or following an OCGA statute (statutory text). Dkt. 17 ¶ 13.

14.     The editor's notes are coordinated and arranged in each OCGA volume and supplement listed in Exhibit A. Dkt. 17 ¶ 14.

15.     Each OCGA. volume and supplement in Exhibit A is the subject of a U.S. Copyright Registration as shown in Exhibit A.  Dkt. 17 ¶ 17; Dkt. 17-1.

16.     The non-statutory annotation text of each OCGA volume and supplement listed in Exhibit A includes summaries of opinions of the Attorney General of Georgia. Dkt. 17 ¶ 18.

17.     The summaries of opinions of the Attorney General of Georgia in the non-statutory annotations of each OCGA volume and supplement listed in Exhibit A are prepared by LexisNexis under contract for the State of Georgia, and under the direct supervision of and subject to the approval of the Code Revision Commission. Dkt. 17 ¶ 19.

18.    The opinions of the attorney general of Georgia referenced in each OCGA volume and supplement listed in Exhibit A have been selected for inclusion in the OCGA. Dkt. 17 ¶ 20.

19.    The opinions of the Attorney General of Georgia referenced in the opinion of the attorney general summaries are selected in each OCGA volume and supplement listed in Exhibit A. Dkt. 17 ¶ 21.

20.    The content of the summaries of opinions of the Attorney General of Georgia in each OCGA volume and supplement listed in Exhibit A has been selected for inclusion in the OCGA. Dkt. 17 ¶ 22.

21.    The summaries of opinions of the Attorney General of Georgia in each OCGA volume and supplement listed in Exhibit A have been coordinated with an OCGA statute (statutory text). Dkt. 17 ¶ 23.

22.    The summaries of opinions of the Attorney General of Georgia in each OCGA volume and supplement listed in Exhibit A are arranged under the heading "Opinions of the Attorney General" prior to or following an OCGA statute (statutory text). Dkt. 17 ¶ 24.

23.    The summaries of the opinions of the Attorney General of Georgia are selected, coordinated and arranged in each OCGA volume and supplement listed in Exhibit A. Dkt. 17 ¶ 25.

24.     The non-statutory text of each OCGA volume and supplement listed in Exhibit A includes summaries of research references. Dkt. 17 ¶ 26.

25.     The summaries of research references in the non-statutory annotations of each OCGA volume and supplement in Exhibit A are prepared by LexisNexis under contract for the State of Georgia, and under the direct supervision and subject to the approval of the Code Revision Commission. Dkt. 17 ¶ 27.

26.     The research references referenced in each OCGA volume and supplement in Exhibit A have been selected for inclusion in the OCGA. Dkt. 17 ¶ 28.

27.     The research references are selected in each OCGA volume and supplement listed in Exhibit A. Dkt. 17 ¶ 29.

28.     The content of the summaries of the research references in each OCGA volume and supplement listed in Exhibit A has been selected for inclusion in the OCGA. Dkt. 17 ¶ 30.

29.     The summaries of research references in each OCGA volume and supplement listed in Exhibit A have been coordinated with an OCGA statute (statutory text). Dkt. 17 ¶ 31.

30.     The summaries of research references in each OCGA volume and supplement listed in Exhibit A are arranged under the heading "Research References" prior to or following an OCGA statute (statutory text). Dkt. 17 ¶ 32.

31.     The summaries of research references are selected, coordinated and arranged in each OCGA volume and supplement listed in Exhibit A. Dkt. 17 ¶ 33.

32.     Public Resource purchased from LexisNexis and copied the entirety of 186 volumes and supplements of the OCGA, including front and back covers, which 186 volumes include the volumes and supplements of the OCGA listed in Exhibit A. Dkt. 17 ¶ 34.

33.     Public Resource posted on its website https//law.resource.org the copies it made of the OCGA including the volumes and supplements of the OCGA listed in Exhibit A. Dkt. 17 ¶ 36.

34.     Public Resource has facilitated, enabled, encouraged and induced others to view, download, print, copy and distribute each OCGA volume and supplement listed in Exhibit A without limitation or compensation to the State of Georgia. Dkt. 17 ¶ 38.

35.     Public Resource created works containing each OCGA volume and supplement listed in Exhibit A. Dkt. 17 ¶ 39.

36.     The annotations to each OCGA volume and supplement listed in

Exhibit A include summaries of cases that relate to the OCGA, summaries of

Opinions of the Attorney General of Georgia and summaries of research references

related to the OCGA.  Dkt. 17 ¶ 40.

37.     Public Resource actively encourages all citizens to copy, use, and

disseminate to others in Georgia and elsewhere and to create works containing the

OCGA volumes and supplements listed in Exhibit A. Dkt. 17 ¶ 41.

38.     The Commission does not assert copyright in the OCGA statutory text

itself because the laws of Georgia are and should be free to the public. Dkt. 17 ¶

45.

39.     Subsequent to July 22, 2015 and with full knowledge of the

Commission's Complaint (Dkt. No. 1), Public Resource copied the entirety of the

volumes and supplements of the 2015 OCGA shown in Exhibit A and distributed

those copies via posting them on its website https://law.resource.org. Dkt. 17 ¶ 46.

40.     Public Resource's posting of the entirety of the 114 volumes and

supplements of the OCGA listed in Exhibit A on its website

https://law.resource.org was for the purpose of facilitating, enabling, encouraging

and inducing others to view, download, print, copy and distribute those volumes

and supplements of the OCGA.  Dkt. 17 ¶ 48.

8

41.    Public Resource's posting of the entirety of the 114 volumes and supplements of the OCGA listed in Exhibit A on its website https://law.resource.org resulted in the copying (downloading) of those volumes and supplements from that website by members of the public. Dkt. 17 ¶ 49.

42.    Public Resource posted on a website, www.archive.org, copies of the entirety of the volumes and supplements of the OCGA listed in Exhibit A. Dkt. 17 ¶ 50.

43.    Subsequent to July 22, 2015 and with full knowledge of the Commission's Complaint (Dkt. No. 1), Public Resource copied the entirety of the volumes and supplements of the 2015 OCGA listed in Exhibit A and posted them on the website www.archive.org. Dkt. 17 ¶ 52.

44.    Public Resource's posting of the entirety of the volumes/supplements of the OCGA on the website www.archive.org, including those volumes/supplements listed in Exhibit A, was for the purpose of facilitating, enabling, encouraging and inducing others to view, download, print, copy and distribute those volumes and supplements of the OCGA. Dkt. 17 ¶ 54.

45.    Public Resource's posting of the entirety of volumes and supplements of the OCGA on the website www.archive.org, resulted in the copying

(downloading) of each of those volumes/supplements of the OCGA from the website by members of the public as listed in Exhibit A. Dkt. 17 ¶ 55.

46.    Public Resource distributed USB thumb drives containing scanned copies of the OCGA to members of the State of Georgia Legislature. Dkt. 17 ¶ 63.

47.    Public Resource distributed copies of the entirety of 90 volumes and supplements of the OCGA to at least eight institutions in and around the state of Georgia, Honorable David Ralston, Speaker of the House, Georgia House of Representatives and Mr. Wayne Allen, Legislative Counsel, Office of Legislative Counsel, Georgia General Assembly, including those shown in Exhibit A, by placing those copies on USB thumb drives and mailing them. Dkt. 17 ¶ 64.

48.    Public Resource's distribution of the entirety of 90 volumes and supplements of the OCGA to at least eight institutions in and around the state of Georgia, including those volumes and supplements shown in Exhibit A, was for the purpose of facilitating, enabling, encouraging and inducing others to view, download, print, copy and distribute those volumes and supplements of the OCGA. Dkt. 17 ¶ 65.

49.    The Commission has not authorized Public Resource to copy, distribute or make derivative works of any entire volume or supplement of the OCGA, including those shown in Exhibit A, and upon receiving cease and desist

letters from the Commission, Public Resource refused to remove any and all copies of the OCGA that it had posted on any website. Dkt. 17 ¶ 66.

50.     The statutory text and numbering of the OCGA is accessible by the public through the Georgia General Assembly website at www.legis.ga.gov and the Georgia Senate website at www.senate.ga.gov by clicking on the "Georgia Code" link on each of those websites which will direct the user to the LexisNexis website operated for the State of Georgia. Dkt. 17 ¶ 73.

51.     The "Georgia Code" links on the websites www.legis.ga.gov and www.senate.ga.gov link to the LexisNexis website http://www.lexisnexis.com/hottopics/gacode/Default.asp ("LexisNexis GA Code website"), which is operated for the State of Georgia, and the LexisNexis GA Code website contains the statutory text and numbering of the OCGA. Dkt. 17 ¶ 74.

52.     There is no fee to access the statutory text and numbering of the OCGA through the LexisNexis GA Code website. Dkt. 17 ¶ 75.

53.     The statutory text and numbering of the OCGA can be electronically copied and/or printed from the LexisNexis GA Code website. Dkt. 17 at ¶ 76.

54.     The statutory text of the OCGA is searchable by term on the LexisNexis GA Code website. Dkt. 17 ¶ 77.

55.     Public Resource operates the websites public.resource.org, law.resource.org, house.resource.org, bulk.resource.org and others. Dkt. 17 ¶ 79.

56.     At least one copy of each OCGA volume and supplement that Public Resource posted on its https//law.resource.org website is in an electronic format that displays an image of the printed publication as copied by Public Resource, which image allows for electronic page turning of the printed publication. Exhibit B to the Stipulation of Facts (Dkt. 17-2) is a true and correct copy of the front cover of one such image. Dkt. 17 ¶ 37.

57.     The preface in each OCGA volume and supplement in Exhibit A of the Stipulation of Facts (Dkt. 17-1) is prepared under contract by LexisNexis for the State of Georgia and under the direct supervision and subject to the approval of the Code Revision Commission.  Dkt. 17 ¶ 15.

58.     Public.Resource.Org has argued:

The distinction between 'the statutory text itself' and additional materials perhaps would have some bearing if the publication in question were the independent commercial endeavor of a publication firm.  If such firm were to copy the state statutes and compile that information with additional analyses and summaries and were to do so as a strictly commercial endeavor, we understand and respect that this material would be their private property. Dkt. No. 17-4, p. 2.

59.     The Official Code of Georgia Annotated is a compilation of the Georgia statutes and other non-statutory materials, or annotations, which has been published yearly since 1982. Exhibit 1, Declaration of Elizabeth P. Howerton ¶ 3.

60.     The annotations in the OCGA provide analyses and other information that allow for a better or easier understanding of a relevant statute.  The annotations included in the OCGA are original and creative summaries of judicial decisions, editor's notes, summaries of opinions of the Attorney General of Georgia, and compilations thereof. Ex. 1 ¶¶ 3, 4.

61.     The OCGA is published by Matthew Bender and Company, Inc., a member of the LexisNexis Group ("LexisNexis"), a division of Reed Elsevier Properties, Inc. under a work for hire agreement with the State of Georgia. Ex. 1 ¶ 5.

62.     When entering the contract with LexisNexis, the ability of the state to keep the price of the OCGA low for the benefit of the citizens of Georgia was an important consideration. Ex. 1 ¶ 6.

63.     West's Code of Georgia Annotated is another compilation of the Georgia statutes and annotations thereof that is published by West Publishing. Ex. 1 ¶ 7.

64.    The OCGA contains the official, or State of Georgia-approved, codified statutory text (OCGA. 1-1-1), whereas the statutory text in West's Code of Georgia Annotated is not approved by the State. Ex. 1 ¶ 8.

65.    The current price of a complete OCGA set is $404.00 as compared to $2,570.00 for a complete set of West's Code of Georgia Annotated. Ex. 1 ¶ 9.

66.    The entire OCGA, including the annotations, is available for viewing on compact disc at over 60 state- and county-operated facilities such as state and county libraries, state universities, and county law enforcement offices within the State of Georgia. Ex. 1 ¶ 10.

67.    The Georgia General Assembly has websites at http://www.legis.ga.gov, http://www.house.ga.gov, and http://www.senate.ga.gov that provide live broadcasts of both legislative houses, links to the Georgia Code, and the ability to search pending legislation, obtain contact information for legislators, and obtain state budget documents. Ex. 1 ¶ 11.

68.    The Georgia Code was accessed almost 79 million times between 2007 and 2015 via the website that is linked to the Georgia General Assembly websites. Ex. 1 ¶ 12.

69.     In 1994, the Board of Regents of the University System of Georgia and the University of Georgia created GALILEO, the first state wide digital library. Ex. 1 ¶ 13.

70.     GALILEO can be found at http://dlg.galileo.usg.edu. Ex. 1 ¶ 13.

71.     GALILEO provides access to the *Georgia Laws*, which is a publication of Georgia laws (both codified and uncodified) as enacted by the Georgia Legislature. Ex. 1 ¶ 14.

72.     In 1996, the Georgia Government Publications database (GGP) was created as GALILEO's first digital conversion initiative of publications released by agencies of Georgia's executive branch. Ex. 1 ¶ 15.

73.     Georgia law (OCGA. 20-5-2) requires Georgia state agencies to submit publications to GALILEO that they produce for the public. Ex. 1 ¶ 16.

74.     The GGP database consists of over 70,000 documents produced by Georgia state agencies. Ex. 1 ¶ 17.

75.     Prior to the State of Georgia filing a lawsuit against Public Resource, Public Resource copied and distributed hundreds of annotated state code volumes of several states, including Georgia, Mississippi and Idaho, and then informed each state of its actions. Ex. 1 ¶ 18.

76.   Under the Publication Agreement between the State of Georgia and LexisNexis, the annotations in the OCGA remain the property of the State of Georgia and LexisNexis obtains copyright registrations therefore. Exhibit 2, Agreement for Publication, § 6.1.

77.   LexisNexis is granted the exclusive right to publish and sell the OCGA according to the prices set in the publication contract, with any price increases at the sole discretion of the Commission. Ex. 2 §§ 5, 8.

78.   LexisNexis created the summaries of judicial decisions in the OCGA works using a lengthy process of selection, analysis and summarization. Exhibit 3, Declaration of Anders X. Ganten ¶¶ 3-15.

79.   LexisNexis identified and read each potentially relevant judicial decision, determined how the case relates to a statute, and then determined the type of annotation that should be created. Ex. 3 ¶¶ 4, 5.

80.   For those cases of significance, LexisNexis created an original several line summary of the case that distills the case's relevant holding relating to the statute. Ex. 3 ¶¶ 7, 8.

81.   The OCGA annotation of the judicial decision *Cho Carwash Property, LLC. v. Everett* (326 Ga. App. 6 (2014)) published in the 2014 edition of the OCGA. as associated with Georgia statute § 34-9-260 is as follows:

16

> Average weekly wage calculated correctly. – Award of workers'
> compensation benefits was upheld because there was some evidence
> to support the administrative law judge's calculation of the
> claimant's average weekly wage under OCGA. § 34-9-260(3) based
> on the claimant's testimony that the claimant was supposed to work
> from the car wash's opening until its close. *Cho Carwash Property,
> LLC. v. Everett*, 326 Ga. App. 6, 755 S.E.2d 823 (2014).

Ex. 3 ¶¶ 9, 13.

82.     Each of the OCGA Works further contains original and creative

compilations of summaries of judicial decisions, editor's notes, summaries of

opinions of the Attorney General of Georgia, summaries of research references,

and compilations of these compilations. Ex. 3 ¶ 5.

83.     Each judicial decision summary, editor's note, and summary of an

opinion of the Attorney General of Georgia was first selected for inclusion in the

OCGA by LexisNexis and then coordinated with a particular statute. Ex. 3 ¶ 3.

84.     When multiple summaries or editor's notes were coordinated with a

single code section, each was arranged in a particular order. Ex. 3 ¶ 4.

85.     The correspondence shown in Exhibit C to the Stipulation of Facts

(Dkt. 17-3) is a true and exact copy of a letter written by Mr. Malamud and sent to

David Ralston and Wayne Allen on May 30, 2013. Dkt. 17 ¶ 67.

86.     The correspondence shown in Exhibit D to the Stipulation of Facts (Dkt. 17-4) is a true and exact copy of a letter written by Mr. Malamud and sent to Joshua McKoon, David Ralston and David Shafter on July 30, 2013. Dkt. 17 ¶ 68.

87.     The correspondence shown in Exhibit E to the Stipulation of Facts (Dkt. 17-5) is a true and exact copy of a letter written by Joshua McKoon and sent to Mr. Malamud on July 25, 2013. Dkt. 17 ¶ 69.

88.     The correspondence shown in Exhibit F to the Stipulation of Facts (Dkt. 17-6) is a true and exact copy of a letter written by Joshua McKoon and sent to Mr. Malamud on August 15, 2013. Dkt. 17 ¶ 70.

89.     The correspondence shown in Exhibit G to the Stipulation of Facts (Dkt. 17-7) is a true and exact copy of a letter written by Joshua McKoon and sent to Mr. Malamud on April 2, 2014. Dkt. 17 ¶ 71.

90.     To access the statutory text and numbering in the OCGA via the website link found on the State of Georgia website, www.legis.ga.gov, one must accept the terms and conditions of use generally applicable to the LexisNexis websites ("LexisNexis Website Use Terms and Conditions"). A true and correct copy of the LexisNexis Website Use Terms and Conditions is attached to the Stipulation of Facts as Exhibit I (Dkt. 17-9). The access page that allows users to access the online publication by accepting the LexisNexis Website Use Terms and

18

Conditions explicitly states that the LexisNexis Website Use Terms and Conditions do not apply to the OCGA statutory text and numbering. A true and correct copy of this access page is attached to the Stipulation of Facts as Exhibit J (Dkt. 17-6). Dkt. 17 ¶ 86.

WHEREFORE, there being no genuine issue of material fact and being entitled to judgment as a matter of law on the issues addressed herein, Plaintiff requests that this Court grant its motion as to all of Plaintiff's counts of copyright infringement, pursuant to Rule 56 and Local Civil Rule 56.1.

Respectfully submitted, this 17th day of May, 2016.

*/s/Lisa C. Pavento*

Lisa C. Pavento (G.A. Bar: 246698)
Anthony B. Askew (G.A. Bar: 025300)
Warren Thomas (G.A. Bar: 164714)
Meunier Carlin & Curfman LLC
999 Peachtree Street, NE, Suite 1300
Atlanta, Georgia 30309
Phone: 404-645-7700
Fax: 404-645-7707
taskew@mcciplaw.com
lpavento@mcciplaw.com
wthomas@mcciplaw.com

*Counsel for the Plaintiff, Code Revision Commission on behalf of and for the benefit of the General Assembly of Georgia, and the State of Georgia*

19

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that, pursuant to L.R. 5.1C and 7.1D of the Northern District of Georgia, the foregoing PLAINTIFF'S LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT complies with the font and point selections approved by the Court in L.R. 5.1C. The foregoing pleading was prepared on a computer using 14-point Times New Roman font.

*/s/Lisa C. Pavento*
Lisa C. Pavento (G.A. Bar: 246698)
Meunier Carlin & Curfman LLC
999 Peachtree Street NE, Suite 1300
Atlanta, Georgia 30309
Telephone: 404-645-7700
Email: lpavento@mcciplaw.com

## CERTIFICATE OF SERVICE

I certify that on Tuesday, May 17, 2016, I electronically filed the foregoing

PLAINTIFF'S LOCAL RULE 56.1 STATEMENT OF UNDISPUTED

MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY

JUDGMENT with the Clerk of Court using the CM/ECF system, which constitutes

service of the filed document on all counsel of record in this proceeding under LR

5.1(A)(3), N.D. Ga.

By:   */s/Lisa C. Pavento*
         Lisa C. Pavento (G.A. Bar: 246698)
         Anthony B. Askew (G.A. Bar: 025300)
         Warren Thomas (G.A. Bar: 164714)
         Meunier Carlin & Curfman LLC
         999 Peachtree Street, NE, Suite 1300
         Atlanta, Georgia 30309
         Phone: 404-645-7700
         Fax: 404-645-7707
         taskew@mcciplaw.com
         lpavento@mcciplaw.com
         wthomas@mcciplaw.com

         *Counsel for the Plaintiff, Code Revision*
         *Commission on behalf of and for the benefit*
         *of the General Assembly of Georgia, and the*
         *State of Georgia*

21