# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CODE REVISION COMMISSION<br>on Behalf of and For the Benefit of the<br>GENERAL ASSEMBLY OF GEORGIA,<br>and the STATE OF GEORGIA,<br><br>Plaintiff,<br><br>v.<br><br>PUBLIC.RESOURCE.ORG, INC.,<br><br>Defendant. | CIVIL ACTION<br>NO. 1:15-cv-2594-MHC |

## DEFENDANT PUBLIC.RESOURCE.ORG, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF CODE REVISION COMMISSION'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Federal Rules"), Defendant Public.Resource.Org, Inc. ("Public.Resource") hereby responds to the interrogatories contained in Plaintiff Code Revision Commission's ("Commission" or "Plaintiff") First Set of Interrogatories to Public.Resource as follows:

## GENERAL OBJECTIONS

LEGAL02/35827060v1

1. Public.Resource objects to Plaintiff's First Set of Interrogatories to the extent that any interrogatory, definition, or instruction contained therein attempts to impose on Public.Resource obligations beyond those required or authorized by the Federal Rules.

2. Public.Resource objects to Plaintiff's First Set of Interrogatories to the extent that any interrogatory, definition, or instruction contained therein, seeks, or could be construed to seek, information or documents that are within the scope of the attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege, protection, or immunity from discovery as recognized by any applicable law.  Any inadvertent disclosure of any such protected information is not to be deemed a waiver, and Public.Resource expressly reserves the right to object to the introduction at trial or other use of any such protected information.

3. Public.Resource objects to Plaintiff's First Set of Interrogatories to the extent that any interrogatory could be construed to seek the disclosure of information or the production of documents covered by Rules 26(b)(3) and 26(b)(4) of the Federal Rules without the requisite showings.

4. Public.Resource objects to Plaintiff's First Set of Interrogatories to the extent that any interrogatory is vague, ambiguous, overly broad, unduly burdensome, or seeks the disclosure of information that is not relevant to any claim or

defense in this action, or is not reasonably likely to lead to the discovery of admissible evidence that is relevant to any claim or defense.

5. Public.Resource objects to Plaintiff's First Set of Interrogatories to the extent that any discovery sought by an interrogatory is duplicative and cumulative of the discovery sought by any other interrogatory.

6. Public.Resource objects to Plaintiff's First Set of Interrogatories to the extent that any interrogatory seeks information not within Public.Resource's custody or control.

7. Public.Resource's responses, statements, identification, or documents referenced herein, are not intended to waive or prejudice any objections Public.Resource may assert now or in the future, including, without limitation, objections to the admissibility of any response or document, or category of responses or documents, at trial or otherwise.

8. Public.Resource's responses to Plaintiff's First Set of Interrogatories are based on discovery available after reasonably inquiry.  Public.Resource reserves the right to amend, revise, or supplement its responses pursuant to the Federal Rules as additional responsive information becomes available. Public.Resource makes these responses without prejudice to its right to rely upon any subsequently discovered information.

9. Public.Resource repeats and incorporates the above General Objections into its responses to each of the individual interrogatories as if fully contained therein, whether or not expressly incorporated by reference. Without waiving the above General Objections, Public.Resource object and respond to the individually numbered interrogatories as follows:

## SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 1:** *Explain the legal and factual bases of Public.Resource's Second, Third, Fourth, Fifth, Sixth and Eighth Affirmative Defenses as set forth in Public.Resource's Answer to the Amended Complaint and Counterclaim, including an identification of all facts, evidence, documents and witnesses upon which you intend to rely.*

**ANSWER TO INTERROGATORY NO. 1:**

Public.Resource objects to this Interrogatory as a premature, to the extent it seeks the complete factual and legal basis for Public.Resource's claims prior to the close of discovery. *See In re Domestic Air Transp. Antitrust Litig.*, No. 1:90-CV-2485-MHS, 1992 WL 120351, at *1-2 (N.D. Ga. Apr. 8, 1992) (permitting plaintiffs to delay responses to contention interrogatories until after "meaningful discovery has been completed"); *McCarthy v. Paine Webber Group, Inc.*, 168 F.R.D. 448, 450

4

(D. Conn. 1996). Subject to and without waiving the foregoing general and specific objections, Public.Resource responds as follows:

    (a) For its Second Affirmative Defense, Public.Resource relies on the legal argument that the annotations and other additions to the statutory text created by LexisNexis are not copyrightable because they lack sufficient originality to constitute a copyrightable work and because the annotations and other additions constitute the official law of Georgia and therefore are not copyrightable. The texts that make up the law reside in the public domain. 17 U.S.C. § 102(b) prohibits copyright protection for "any idea, procedure, process, system, method of operation, concept, principle or discovery. When a state promulgates an official code, the writings that make up the code become facts under copyright law. The only way to express codified laws is to use the language of the code itself.

    (b) Public.Resource asserts its Third Affirmative Defense to the extent that the Code Revision Commission cannot produce the proper documentation establishing ownership of the asserted copyrights in the O.C.G.A. annotations and additional materials. The annotations and other additions are offered by the State together with the statutory text as the official version of the Georgia statutes and as a product of the Georgia Assembly, termed the O.C.G.A. The State cannot own copyright in the law of Georgia

5

as embodied in the O.C.G.A., the official statutory promulgation of the Georgia Assembly;

(c) Public.Resource asserts its Fourth Affirmative Defense based on the legal theory of fair use. The purpose and character of Public.Resource's use of the O.C.G.A. favors fair use. Public.Resource's mission is to help citizens know the law. Public.Resource's copying and posting is non-commercial. The copying and posting is sufficiently transformative because Public.Resource copies the annotations and other additional materials to increase public access to the law and encourage scholarship, analysis and other public engagement with the law. Expanding access to the law is transformative. Public policy favors promoting the public's access to the law. The nature of the O.C.G.A. also favors fair use because all the code's components are facts and the law of fair use recognizes a greater need to disseminate factual works than works of fiction. Public.Resource uses no more of the O.C.G.A. than is necessary to accomplish its purpose. Copying entire works is fair use when it reasonably fulfills the user's purpose. Public.Resource's copying and posting of the O.C.G.A. annotations and other additional materials also does not harm the market for Plaintiff's works, as those accessing the copies of the O.C.G.A. online at https://law.resource.org and www.archive.org are not true prospective

purchasers of the O.C.G.A., which retails at $378 for a hard copy at www.lexis.com;

(d) Public.Resource asserts its Fifth Affirmative Defense to the extent that the Code Revision Commission cannot produce the proper documentation establishing registration of the asserted copyrights in the O.C.G.A. annotations and additional materials.

Public.Resource hereby withdraws its sixth and eighth affirmative defenses. Public.Resource reserves the right to supplement these responses as its investigation and discovery continues.

**INTERROGATORY NO. 2:** *Describe the factual basis and identify all websites onto which copies of O.C.G.A. volumes and supplements were or are posted by Public.Resource including (i) the date of said posting; (ii) an identification of the number and type of downloads and/or accesses of said copied volumes and supplements from said websites from the date of said to posting [sic] to the present; and (iii) Public.Resource's control over or ability to remove said posting.*

**ANSWER TO INTERROGATORY NO. 2:**

Public.Resource objects to this Interrogatory as vague and ambiguous to the extent it asks Public.Resource to "describe the factual basis" of "websites onto which copies of O.C.G.A. volumes and supplements" were posted by Public.Resource.

7

Subject to and without waiving the foregoing general and specific objections, pursuant to Federal Rule 33(d), Public.Resource produces herewith documents identified by the Bates Range PRO-000603 to PRO-000621 and PRO-000632 to PRO-000635 sufficient to answer Interrogatory No. 2.  Public.Resource responds that it has the ability to remove the postings listed in the documents identified above. Public.Resource reserves the right to supplement these responses as its investigation and discovery continues.

**INTERROGATORY NO. 3:** *Describe the factual basis and identify all documents and things reflecting or relating to Public.Resource's knowledge of copies of O.C.G.A. volumes and supplements posted on a website by a Third Party including (i) identification of the website and Third Party; (ii) Public.Resource's knowledge of its ability to remove said posting; and (iii) Public.Resource's knowledge of the number and type (e.g., a PDF access, an .xml access) of downloads or accesses of said copied volumes and supplements from said websites.*

**ANSWER TO INTERROGATORY NO. 3:**

Public.Resource objects to this Interrogatory as vague and ambiguous to the extent it asks Public.Resource to "describe the factual basis" of Public.Resource's "knowledge of copies of O.C.G.A. volumes and supplements posted on a website by a Third Party."  Public.Resource objects to this Interrogatory as overly broad and unduly burdensome in that it asks Public.Resource to identify "all documents and

8

things" "reflecting or relating to" Public.Resource's "knowledge of copies of O.C.G.A. volumes and supplements posted on a website by a Third Party." Public.Resource objects to this Interrogatory as seeking information not within Public.Resource's possession, custody, or control, to the extent the Interrogatory seeks information regarding third parties.

Subject to and without waiving the foregoing general and specific objections, Public.Resource responds that it is unaware of any Third Party Website, other than that operated by Matthew Bender Co/LexisNexis., on which copies of O.C.G.A. volumes and supplements are posted. Public.Resource is unaware of the number and types of volumes/supplements of the O.C.G.A. available thereon. Public.Resource does not have the ability to remove postings from the Matthew Bender Co./LexisNexis website. Public.Resource reserves the right to supplement these responses as its investigation and discovery continues.

**INTERROGATORY NO. 4:** *Describe the factual basis and identify all documents and things reflecting or relating to why Public.Resource purchased the O.C.G.A. in paper or a physical book format instead of a compact disc format.*

**ANSWER TO INTERROGATORY NO. 4:**

Public.Resource objects to this Interrogatory as overly broad and unduly burdensome in that it asks Public.Resource to identify "all documents and things"

9

"reflecting or relating to" why Public.Resource purchased the O.C.G.A. in physical book format instead of a compact disc format.

Subject to and without waiving the foregoing general and specific objections, Public.Resource responds that it purchased the paper or physical book format of the O.C.G.A. due to the printed book's superior readability, ease of scanning, and absence of the terms of use that accompany the compact disc format. Public.Resource responds that it purchased a copy of the O.C.G.A. in compact disc format on October 7, 2015. Pursuant to Federal Rule 33(d), Public.Resource produces herewith documents identified by the Bates Range PRO-000064 to PRO-000080 as sufficient to identify why Public.Resource originally purchased the O.C.G.A. in a paper or a physical book format. Public.Resource reserves the right to supplement these responses as its investigation and discovery continues.

**INTERROGATORY NO. 5:** *Describe the factual basis and identify all documents and things reflecting or relating to Public.Resource's contact with a state or territory regarding that state or territory's publication or dissemination of its statutes.*

**ANSWER TO INTERROGATORY NO. 5:**

Public.Resource objects to this Interrogatory as overly broad and unduly burdensome in that it asks Public.Resource to identify "all documents and things"

10

"reflecting or relating to" Public.Resource's contact with a state or territory regarding that state or territory's publication or dissemination of its statutes.

Subject to and without waiving the foregoing general and specific objections, pursuant to Federal Rule 33(d), Public.Resource identifies documents with the Bates Range PRO-000636 to PRO-000901 produced herewith as sufficient to identify "Public.Resource's contact with a state or territory regarding that state or territory's publication or dissemination of its statutes" in response Interrogatory No. 5. Public.Resource reserves the right to supplement these responses as its investigation and discovery continues.

**INTERROGATORY NO. 6:** *Identify each Person, including any Third Party, with knowledge of any facts or assertions set forth in response to any Interrogatory in Commission's First Set of Interrogatories.*

**ANSWER TO INTERROGATORY NO. 6:**

Subject to and without waiving the foregoing general objections, Public.Resource identifies Carl Malamud, President and Founder of Public.Resource, as well as Tim Stanley and Ed Walters, current board members of Public.Resource.

Respectfully submitted,

By: /s/ Sarah P. LaFantano
Sarah P. LaFantano
Georgia Bar No. 734610
sarah.lafantano@alston.com
Jason D. Rosenberg
Georgia Bar No. 510855
jason.rosenberg@alston.com
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone 404-881-7811
Fax (404) 881-7777

Elizabeth H. Rader
(admitted *pro hac vice*)
elizabeth.rader@alston.com
ALSTON & BIRD LLP
950 F Street, NW
Washington, DC 20004
Telephone: 202-239-3008
Fax: (202) 239-3333

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CODE REVISION COMMISSION on Behalf of and For the Benefit of the GENERAL ASSEMBLY OF GEORGIA, and the STATE OF GEORGIA,  Plaintiff, v. PUBLIC.RESOURCE.ORG, INC.,  Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO. 1:15-cv-2594-MHC |

## **VERIFICATION**

I, CARL MALAMUD, am President and Founder of Public.Resource.Org, Inc. I have read ***Defendant Public.Resource.Org, Inc.'s Responses and Objections to Plaintiff Code Revision Commission's First Set of Interrogatories***, and know the contents thereof. The responses are true and correct to the best of my information, knowledge, and belief formed after a reasonable inquiry.

Executed on the 16th day of February 2016.

/s/ Carl Malamud
CARL MALAMUD

1

# **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing "Defendant Public.Resource.Org, Inc.'s Responses and Objections to Plaintiff Code Revision Commission's First Set of Interrogatories" were served on Plaintiff by sending a copy of same through UPS Overnight to Plaintiff's counsel at the following address and a courtesy copy via e-mail to:

> Anthony B. Askew
> taskew@mcciplaw.com
> Lisa C. Pavento
> lpavento@mcciplaw.com
> Warren Thomas
> wthomas@mcciplaw.com
> Meunier Carlin & Curfman LLC
> 999 Peachtree Street NE, Suite 1300
> Atlanta, Georgia 30309

This 16th day of February, 2016,

> By: /s/ Sarah P. LaFantano_____
> Sarah P. LaFantano
> Georgia Bar No. 734610
> sarah.lafantano@alston.com
> ALSTON & BIRD LLP
> One Atlantic Center
> 1201 West Peachtree Street
> Atlanta, GA  30309-3424
> Telephone 404-881-7881
> Fax (404) 881-7777

1

LEGAL02/35827060v1