IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CODE REVISION COMMISSION on behalf of and for the benefit of THE GENERAL ASSEMBLY OF GEORGIA, and THE STATE OF GEORGIA,<br><br>      Plaintiff,<br><br>   v.<br><br>PUBLIC.RESOURCE.ORG, INC.<br><br>      Defendant. | CIVIL ACTION NO.<br><br>1:15-CV-02594-RWS |

**PLAINTIFF'S SUPPLEMENTAL STATEMENT OF ADDITIONAL UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT**

Pursuant to Local Rule 56.1(A), Plaintiff and Counterclaim-Defendant the Code Revision Commission, on behalf of and for the benefit of the General Assembly of Georgia, and the State of Georgia ("Commission"), and in support of Plaintiff's Motion for Summary Judgment (Dkt. 30), states that there is no genuine issue to be tried as to the following additional material facts:

    1.    PR is paid in the form of grants and contributions. Ex. 1, PRO000591.

2.     PR publishes "10 Rules for Radicals" that describes its copying and distribution of documents and teaches others how to take actions similar to PR's. Ex. 1, PRO000571-PRO000602.

3.     PR discusses in "10 Rules for Radicals" its copying and distribution of Oregon's Revised Statutes, and Rule 9 specifically relates to PR's experience in this regard. Ex. 1, PRO000596- PRO000598.

4.     The annotation of the judicial decision *Cho Carwash Property, LLC. v. Everett* (326 Ga. App. 6 (2014)) in West's Georgia Code Annotated associated with Georgia statute § 34-9-260 is as follows:

> Some evidence supported ALJ's calculation that workers' compensation claimant worked 38 hours per week when he was injured during training and thus that claimant's average weekly wage was $323, although claimant had worked only three days before being injured, and although employer testified that claimant would have been placed on part-time schedule once training had been completed; evidence indicated that lube technicians, such as claimant, worked four days per week, employer's business was open ten hours per day for six days of the week, claimant was supposed to work from time that business opened until it closed, and employees took 30-minute lunch.

Ga. Code Ann. § 34-9-260 ann. (West 2016).

5.     Although at least some of the O.C.G.A. volumes and supplements purchased by Public Resource were available for purchase on compact disc (CD),

Public Resource purchased these volumes and supplements in paper form. Stip. ¶ 35.

6. LexisNexis publishes and sells the O.C.G.A. as a printed publication, on CD-ROM, and in an on-line version. Stip. ¶ 84.

7. LexisNexis receives income from its sales of the O.C.G.A. Stip. ¶ 85.

8. The annotation of the judicial decision *Piedmont Newnan Hosp., Inc. v. Barbour* (333 Ga. App. 620 (2015)) in the O.C.G.A. associated with Georgia statute § 24-4-401 is as follows:

> In a medical malpractice case, the trial court did not abuse its discretion in allowing the jurors to touch plaintiff's hand to determine for themselves if there was a detectable difference in the temperature of each hand and which of the parties' experts was correct as to whether plaintiff suffered from Complex Regional Pain Syndrome because the jurors could utilize all their senses, not just hearing and eyesight, in determining factual disputes put to them; the evidence was relevant; and the trial court was not essentially allowing the jurors to make a medical diagnosis as the touching of plaintiff's arm allowed the jurors to determine whether the left arm was cooler than the right arm, and which expert was more credible.

O.C.G.A. § 24-4-401 ann. (2015).

9. The annotation of the judicial decision *Piedmont Newnan Hosp., Inc. v. Barbour* (333 Ga. App. 620 (2015)) in West's Georgia Code Annotated associated with Georgia statute § 24-4-401 is as follows:

> Evidence of difference in temperature between patient's two hands was relevant to experts' contested diagnosis of whether patient suffered from complex regional pain syndrome (CRPS), in medical malpractice action against hospital in which patient alleged that hospital failed to ensure intravenous (IV) needle was correctly installed and properly functioning prior to heart stress test, thus causing infiltration of nuclear tracer material in his arm and development of CRPS.

Ga. Code Ann. § 24-4-401 ann. (West 2016).

10. PR created, uploaded to its website at https://law.resource.org, and distributes, an XML-encoded version of the O.C.G.A. Ex. 2, PRO000633–PRO000635, PRO000654.

11. PR's XML-encoded version of Title 1 of the O.C.G.A. is available at https://law.resource.org/pub/us/code/ga/georgia.xml.2014/TITLE%201.%20GENERAL%20PROVISIONS.xml. Ex. 2, PRO000634. Exhibit 3 is a true and accurate reproduction of the XML-encoded version of this file. Ex. 3.

12. PR's XML-encoded version of O.C.G.A. Title 1 does not include any annotations. For example, O.C.G.A. § 1-1-1 contains an annotation of the judicial decision *Georgia ex rel. Gen Assy'y v. Harrison Co.*, 548 F. Supp. 110 (N.D. Ga. 1982), while PR's XML-encoded version of that statute includes no annotations other than the revision history. Ex 3, at 1.

WHEREFORE, there being no genuine issue of material fact and being entitled to judgment as a matter of law on the issues addressed herein, Plaintiff requests that this Court grant its motion as to all of Plaintiff's counts of copyright infringement, pursuant to Rule 56 and Local Civil Rule 56.1.

Respectfully submitted, this 10th day of June, 2016.

        */s/Lisa C. Pavento*

Lisa C. Pavento (GA Bar: 246698)
Anthony B. Askew (GA Bar: 025300)
Warren Thomas (GA Bar: 164714)
Meunier Carlin & Curfman LLC
999 Peachtree Street, NE, Suite 1300
Atlanta, Georgia 30309
Phone: 404-645-7700
Fax: 404-645-7707
taskew@mcciplaw.com
lpavento@mcciplaw.com
wthomas@mcciplaw.com

*Counsel for the Plaintiff, Code Revision Commission on behalf of and for the benefit of the General Assembly of Georgia, and the State of Georgia*

## **CERTIFICATE OF SERVICE**

I certify that on Friday, June 10, 2016, I electronically filed the foregoing PLAINTIFF'S SUPPLEMENTAL STATEMENT OF ADDITIONAL UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT with the Clerk of Court using the CM/ECF system, which constitutes service of the filed document on all counsel of record in this proceeding under LR 5.1(A)(3), N.D. Ga.

By:   */s/Lisa C. Pavento*
Lisa C. Pavento (GA Bar: 246698)
Anthony B. Askew (GA Bar: 025300)
Warren Thomas (GA Bar: 164714)
Meunier Carlin & Curfman LLC
999 Peachtree Street, NE, Suite 1300
Atlanta, Georgia 30309
Phone: 404-645-7700
Fax: 404-645-7707
taskew@mcciplaw.com
lpavento@mcciplaw.com
wthomas@mcciplaw.com

*Counsel for the Plaintiff, Code Revision Commission on behalf of and for the benefit of the General Assembly of Georgia, and the State of Georgia*