# AMICUS EXHIBIT 2

# OFFICIAL CODE

## OF

## GEORGIA

### ANNOTATED



# VOLUME 8

## Title 10. Commerce and Trade

### 2009 Edition

§ 2970; Civil Code 1910,

der this section, but an attempt e of the sureties does not have e for the attempted release is e for lack of consideration. mpson Co. v. Williams, 10 Ga. S.E. 409 (1912).

**y liable guarantors not** — Nonselling guarantors of otes who were individually, not were not coactureties under 0-7-20; thus, they were not dis- laintiff's acceptance from other f less than the total sum owed otes. Any novation by virtue of nt agreement would not operate e nonselling guarantors from ual limited liabilities. Marret v. a. App. 427, 441 S.E.2d 902

**defense by terms of guaranty** — Even if a corporation presi- cased from the president's per- nce of a corporate loan, 10-7-20 did not apply to release s from liability where, by virtue of their guarantee documents, ors had expressly waived any guarantors might have which to the guarantors claim under Baby Days, Inc. v. Bank of 18 Ga. App. 752, 463 S.E.2d 171

enson v. Henning, 50 Ga. App. .. 406 (1935); Hurt v. Hartford ., 122 Ga. App. 675, 178 S.E.2d Howell Mill/Collier Assocs. v. 36 Ga. App. 909, 368 S.E.2d 831

a part of the consideration for a asing a surety, 7 ALR 1605. of principal to contract as af- lity of guarantor or surety, 24 ALR 589.

Endorsing payment upon note before ma- turity as releasing surety or endorser, 37 ALR 477.

Construction and effect of provision in bond purporting to protect contractee in building contract against release of surety, 77 ALR 229.

**SURETYSHIP**

Creditor's reservation of rights against surety in releasing or extending time to principal debtor, 139 ALR 85.

Right to join principal debtor and guaran- tor as parties defendant, 53 ALR2d 522.

## 10-7-21. "Novation" defined; effect on surety's liability.

Any change in the nature or terms of a contract is called a "novation"; such novation, without the consent of the surety, discharges him. (Orig. Code 1863, § 2130; Code 1868, § 2125; Code 1873, § 2153; Code 1882, § 2153; Civil Code 1895, § 2971; Civil Code 1910, § 3543; Code 1933, § 103-202.)

**Editor's notes.** — It was held in some cases, prior to 1981, that this section did not apply to compensated sureties, as they were treated as guarantors under O.C.G.A. § 10-7-1 as it then read. See, for example, Travelers Indem. Co. v. Sasser & Co., 138 Ga. App. 361, 226 S.E.2d 121 (1976); Brock Constr. Co. v. Houston Gen. Ins. Co., 144 Ga. App. 860, 243 S.E.2d 83, aff'd, 241 Ga. 460, 246 S.E.2d 316 (1978), overruling Little Rock Furn. Co. v. Jones & Co., 13 Ga. App. 502, 79 S.E. 375 (1913), and Fairmont Creamery Co. v. Collier, 21 Ga. App. 87, 94

S.E. 56 (1917). Other cases stated that this section did apply to contracts of guaranty. See, for example, Dunlap v. Citizens & S. DeKalb Bank, 134 Ga. App. 893, 216 S.E.2d 651 (1975); Gilbert v. Cobb Exch. Bank, 140 Ga. App. 514, 231 S.E.2d 508 (1976); Ricks v. United States, 434 F. Supp. 1262 (S.D. Ga. 1976). Then in 1981, Ga. L. 1981, p. 870, § 1, amended O.C.G.A. § 10-7-1 to abolish the distinction between contracts of surety- ship and guaranty. See the Editor's note to O.C.G.A. § 10-7-1.

### JUDICIAL DECISIONS

ANALYSIS

GENERAL CONSIDERATION
NOVATION
CONSENT
APPLICATION
EXTENSION

#### General Consideration

**Section strictly construed.** — Georgia courts have given this section strict enforce- ment. Oellerich v. First Fed. Sav. & Loan Ass'n, 552 F.2d 1109 (5th Cir. 1977).

**Liability of a surety cannot be extended beyond the actual terms of surety's engage- ment** and will be extinguished by any act or omission which alters the terms of the con- tract, unless it is done with the surety's consent. Washington Loan & Banking Co. v. Holliday, 26 Ga. App. 792, 107 S.E. 370, cert. denied, 26 Ga. App. 801 (1921). See § 10-7-3.

**Cited** in Richardson v. Allen, 74 Ga. 719 (1885); McMillan v. Benfield, 159 Ga. 457, 126 S.E. 246 (1924); Payne v. Fourth Nat'l Bank, 38 Ga. App. 41, 142 S.E. 310 (1928); Bank of Norman Park v. Colquitt County, 172 Ga. 109, 157 S.E. 469 (1931); Smith v. Georgia Battery Co., 46 Ga. App. 840, 169 S.E. 381 (1933); Burgess v. Ohio Nat'l Life Ins. Co., 48 Ga. App. 260, 172 S.E. 676 (1934); American Sur. Co. v. Garber, 114 Ga. App. 532, 151 S.E.2d 887 (1966); Overcash v. First Nat'l Bank, 115 Ga. App. 499, 155 S.E.2d 32 (1967); Palmes v. Southern Me- chanical Co., 117 Ga. App. 672, 161 S.E.2d 413 (1968); Overcash v. First Nat'l Bank, 117

875

AMICUS EXHIBIT 2 - PAGE 2
No. 1:15-cv-2594-MH

**General Consideration** (Cont'd)

Ga. App. 818, 162 S.E.2d 210 (1968); Hurt v. Hartford Fire Ins. Co., 122 Ga. App. 675, 178 S.E.2d 342 (1970); Farmer v. Peoples Am. Bank, 132 Ga. App. 751, 209 S.E.2d 80 (1974); Travelers Indem. Co. v. Sasser & Co., 138 Ga. App. 361, 226 S.E.2d 121 (1976); Jackson v. College Park Supply Co., 140 Ga. App. 134, 230 S.E.2d 329 (1976); Gilbert v. Cobb Exch. Bank, 140 Ga. App. 514, 231 S.E.2d 506 (1976); Ricks v. United States, 434 F. Supp. 1262 (S.D. Ga. 1976); Browning v. National Bank, 143 Ga. App. 278, 238 S.E.2d 275 (1977); Brock Constr. Co. v. Houston Gen. Ins. Co., 144 Ga. App. 860, 243 S.E.2d 83, aff'd, 241 Ga. 460, 246 S.E.2d 316 (1978); Walter E. Heller & Co. v. Aetna Bus. Credit, Inc., 158 Ga. App. 249, 280 S.E.2d 144 (1981); White v. Phillips, 679 F.2d 373 (5th Cir. 1982); Rice v. Georgia R.R. Bank & Trust Co., 183 Ga. App. 302, 358 S.E.2d 882 (1987); Howell Mill/Collier Assocs. v. Gonzales, 186 Ga. App. 909, 368 S.E.2d 831 (1988); South Atlanta Assocs. v. Strelzik, 192 Ga. App. 574, 385 S.E.2d 439 (1989); Regan v. United States Small Bus. Admin., 729 F. Supp. 1339 (S.D. Ga. 1990); First Union Nat'l Bank v. Boykin, 216 Ga. App. 732, 455 S.E.2d 406 (1995).

**Novation**

**Novation discharges surety.** — Contract of suretyship was one of strict law under former Code 1863, § 2127, and any change of the nature or terms of the contract, without the consent of the surety, discharges the surety. Camp v. Howell, 37 Ga. 312 (1867).

A change in the nature or terms of the contract is a novation, and such a novation, without the consent of the surety discharges the surety from liability. Smith v. Georgia Battery Co., 46 Ga. App. 840, 169 S.E. 381 (1933) (change in terms of bond after surety signed).

Any change in the terms of the contract is considered a novation and discharges the surety in the absence of the latter's consent. The surety is also discharged by any act of the creditor which injures the surety or increases the surety's risk. Brunswick Nursing & Convalescent Ctr., Inc. v. Great Am. Ins. Co., 308 F. Supp. 297 (S.D. Ga. 1970).

Any novation without the consent of the surety, or increase in risk, discharges the

surety. Dunlap v. Citizens & S. DeKalb Bank, 134 Ga. App. 893, 216 S.E.2d 651 (1975).

Tenant and landlord changed the terms of lease without the consent of the guarantor on the lease, therefore the guarantor was discharged from its obligations; the amendments, which removed the landlord's obligation to provide additional access to the property and waived the landlord's liability for leasing portions of the property to competing businesses, were material changes to the lease. SuperValu, Inc. v. KR Douglasville, LLC, 272 Ga. App. 710, 613 S.E.2d 154 (2005).

In a suit to recover on a note, the trial court properly denied a creditor's motion for summary judgment, and granted summary judgment to the guarantor of the note, releasing the guarantor from the guaranty the guarantor entered into with the creditor's debtor, as the execution of an escrow agreement between the creditor and the debtor, which materially changed the debtor's obligations thereunder without the guarantor's consent, amounted to a novation, releasing the guarantor from any obligation under the note. Thomas-Sears v. Morris, 278 Ga. App. 152, 628 S.E.2d 241 (2006).

**Change must be material.** — Any material alteration in the original contract, without the knowledge or consent of the guarantor thereof, will relieve the guarantor from the guaranty. H.C. Whitmer Co. v. Sheffield, 51 Ga. App. 623, 181 S.E. 119 (1935).

A surety will not be discharged from the contract unless the change or alteration in the contract is material. Brunswick Nursing & Convalescent Ctr., Inc. v. Great Am. Ins. Co., 308 F. Supp. 297 (S.D. Ga. 1970).

**Changes in lease agreed on in advance by guarantor.** — Increased holdover rent was reserved in a commercial lease, and since there was no change in the terms of the lease, the landlord's act of allowing the corporation to remain as a tenant holding over was not a novation; in any event, the guaranty gave the landlord the authority to change the amount, time, or manner of payment of rent and to amend, modify, change or supplement the lease, and thus, the guarantor consented in advance to changes in the lease. Hood v. Peck, 269 Ga. App. 249, 603 S.E.2d 756 (2004).

**One who consents to a novation is not discharged** as a surety. If notes are accepted

by a credito[...]
the surety, t[...]
consent of t[...]
this section.[...]
Inc., 146 G[...]
(1978).

If a party[...]
manner as is[...]
a right to c[...]
other, and th[...]
particular ap[...]
contractual [...]
made withou[...]
ity is thereby[...]
48 Ga. App. [...]

**Individual[...]
by novation.** [...]
promissory n[...]
jointly, liable[...]
O.C.G.A. § 1[...]
charged by pl[...]
guarantors in[...]
under the no[...]
the settlemen[...]
to release th[...]
their individu[...]
Scott, 212 G[...]
(1994).

**No eviden[...]
surety.** — Giv[...]
guaranty obl[...]
bank, absolut[...]
anteeing the [...]
each and eve[...]
owe, and beca[...]
to whether th[...]
any increase[...]
novation, und[...]
under the gua[...]
Co. v. Colony[...]
S.E.2d 801 (2[...]

**Change whi[...]
enunciated in[...]
by the fact th[...]
which was ma[...]
consent of the[...]
the benefit of[...]
the change is[...]
or consent of[...]
plete reply is[...]
Rock Run. Co[...]
502, 79 S.E. 3[...]
other point, F[...]
Gen. Ins. Co.,[...]
83, aff'd, 24[...]

AMICUS EXHIBIT 2 - PAGE 3
No. 1:15-cv-2594-MH

itizens & S. DeKalb Bank, 216 S.E.2d 651 (1975). lord changed the terms of consent of the guarantor before the guarantor was s obligations; the amend- wed the landlord's obliga- ditional access to the prop- he landlord's liability for f the property to compet- e material changes to the Inc. v. KR Douglasville, p. 710, 613 S.E.2d 154

over on a note, the trial nied a creditor's motion gment, and granted sum- the guarantor of the note, antor from the guaranty tered into with the credi- e execution of an escrow en the creditor and the terially changed the debt- thereunder without the sent, amounted to a g the note. Thomas-Sears v. App. 152, 628 S.E.2d 241

e material. — Any material original contract, without consent of the guarantor ve the guarantor from the hitmer Co. v. Sheffield, 51 l S.E. 119 (1935).

ot be discharged from the he change or alteration in aterial. Brunswick Nursing Ctr., Inc. v. Great Am. Ins. 297 (S.D. Ga. 1970).

se agreed on in advance by creased holdover rent was mmercial lease, and since ange in the terms of the ord's act of allowing the emain as a tenant holding novation; in any event, the e landlord the authority to unt, time, or manner of t and to amend, modify, ement the lease, and thus, consented in advance to ease. Hood v. Peck, 269 Ga. .2d 756 (2004).

sents to a novation is not urety. If notes are accepted

by a creditor as security and are signed by the surety, the notes are not "without the consent of the surety" as contemplated by this section. Mauldin v. Lowe's of Macon, Inc., 146 Ga. App. 539, 246 S.E.2d 726 (1978).

If a party makes a contract in such a manner as is authorized by law, the party has a right to object to being bound by any other, and this elementary general rule has particular application to material changes in contractual obligations of sureties when made without their consent, and their liabil- ity is thereby extinguished. Hamby v. Crisp, 48 Ga. App. 418, 172 S.E. 842 (1934).

**Individually liable guarantors not released by novation.** — Nonsettling guarantors of promissory notes who were individually, not jointly, liable were not cosureties under O.C.G.A. § 10-7-21; thus, they were not dis- charged by plaintiff's acceptance from other guarantors of less than the total sum owed under the notes. Any novation by virtue of the settlement agreement would not operate to release the nonsettling guarantors from their individual limited liabilities. Marret v. Scott, 212 Ga. App. 427, 441 S.E.2d 902 (1994).

**No evidence of novation to discharge surety.** — Given that the broad language of a guaranty obligated the guarantor to the bank, absolutely and unconditionally guar- anteeing the payment and performance of each and every debt that the debtor would owe, and because no issue of fact existed as to whether the guarantor was discharged by any increased risk or any purported novation, the guarantor remained obligated under the guaranty to the bank. Fielbon Dev. Co. v. Colony Bank, 290 Ga. App. 847, 660 S.E.2d 801 (2008).

**Change which benefits surety.** — The rule enunciated in this section will not be altered by the fact that the change in the contract, which was made without the knowledge or consent of the surety, nevertheless inured to the benefit of the principal and the surety. If the change is made without the knowledge or consent of the surety, the surety's com- plete reply is non haec in foedera veni. Little Rock Furn. Co. v. Jones & Co., 13 Ga. App. 502, 79 S.E. 375 (1913), overruled on an- other point, Brock Constr. Co. v. Houston Gen. Ins. Co., 144 Ga. App. 860, 243 S.E.2d 83, aff'd, 241 Ga. 460, 246 S.E.2d 316

(1978); Fairmont Creamery Co. v. Collier, 21 Ga. App. 87, 94 S.E. 56 (1917), overruled on another point, Brock Constr. Co. v. Houston Gen. Ins. Co., 144 Ga. App. 860, 243 S.E.2d 83, aff'd, 241 Ga. 460, 246 S.E.2d 316 (1978).

Any change in the terms of a contract by which a new and materially different con- tract is created constitutes a novation and, when made without the consent of the surety, operates to discharge the latter; this is true even though such newly created con- tract is more favorable to the surety than the contract as originally executed. Paulk v. Wil- liams, 28 Ga. App. 183, 110 S.E. 632 (1922).

A surety who has not consented to a change in a bond is entitled to claim a discharge, regardless of how the change affected the surety, and even if the change inured to the surety's benefit. Smith v. Geor- gia Battery Co., 46 Ga. App. 840, 169 S.E. 381 (1933).

**Change which does not injure surety.** — A surety is discharged from the terms of the contract, even though the surety is not in- jured by the contract change. Brunswick Nursing & Convalescent Ctr., Inc. v. Great Am. Ins. Co., 308 F. Supp. 297 (S.D. Ga. 1970).

If there is a change in the nature of the contract and it is made without the knowl- edge or consent of the surety, a release will result, regardless of injury. Alropa Corp. v. Snyder, 182 Ga. 305, 185 S.E. 352 (1936).

Any change, whether to the surety's bene- fit or detriment, is a novation which dis- charges the surety. Upshaw v. First State Bank, 244 Ga. 433, 260 S.E.2d 483 (1979).

**Release of parties to instrument secured discharges surety.** — By virtue of this section, when a surety or accommodation endorser signs a note, the consideration of which is that the note shall be held by the bank where it is negotiated as collateral security for another note or draft due the bank, and the bank, without the knowledge and consent of the surety, changes the contract by releasing the acceptor and endorser of that other note or draft, the security or accommodation endorser of the collateral note is discharged. Stallings v. Bank of Americus, 59 Ga. 701 (1877).

**Change in terms of payment to creditor discharges surety.** — A change by the obligee and principal in the terms of payments to

AMICUS EXHIBIT 2 - PAGE 4
No. 1:15-cv-2594-MH

**Novation** (Cont'd)

the contractor from that provided in the building contract operates to discharge the surety. Brunswick Nursing & Convalescent Ctr., Inc. v. Great Am. Ins. Co., 308 F. Supp. 297 (S.D. Ga. 1970).

**Claim for interest not novation.** — Creditor's claim for interest in an action against the debtor and personal guarantor on an open account agreement did not result in a novation of the agreement. Charles S. Martin Distrib. Co. v. Berhardt Furn. Co., 213 Ga. App. 481, 445 S.E.2d 297 (1994).

**Increase in rate of interest.** — The giving of a new note for a usurious increase in interest, and part payment thereof, in consideration of 12 months delay to sue, discharges the surety on the original note. Camp v. Howell, 37 Ga. 312 (1867).

Under former Civil Code 1885, §§ 2968 and 2971, if, after a promissory note payable to a named payee or bearer has been signed by one as surety, the principal, before it comes into the hands of one who thereafter receives it as bearer in the course of negotiation before due, so alters it as to increase the rate of interest agreed to be paid from 8 to 12 percent, such note is by such alteration rendered void as to such surety; and this is true even though, at the time it comes into the hands of such bearer, one has no notice of the alteration by the principal. Hill v. O'Niell, 101 Ga. 832, 28 S.E. 996 (1897).

Comaker of the third series of renewal notes was discharged following subsequent renewals at an increased rate of interest since the provisions of the note did not cover subsequent modifications of the interest rate and the comaker had not signed the subsequent notes. Bank of Terrell v. Webb, 177 Ga. App. 715, 341 S.E.2d 258 (1986).

**Change in payment terms, costs and expenses resulted in novation.** — New agreement was a novation under O.C.G.A. § 10-7-21 as the agreement changed the payment terms of the original contract by adding the requirement of late charges on unpaid balances, and costs and expenses of collection, including attorney fees; therefore, the novation discharged the guarantor. Bldr. Marts of Am., Inc. v. Gilbert, 257 Ga. App. 763, 572 S.E.2d 88 (2002).

**There is no novation if there is no new consideration.** Sens v. Decatur Fed. Sav. &

Loan Ass'n, 159 Ga. App. 767, 285 S.E.2d 226 (1981).

### Consent

**Implied consent makes change immaterial.** — Any change or alteration made in an instrument after the instrument's execution which is impliedly authorized by the signers thereof, and which merely expresses what would otherwise be supplied by intendment, is immaterial, and will not discharge one signing as surety. Watkins Medical Co. v. Harrison, 33 Ga. App. 585, 126 S.E. 909 (1925).

**Surety may consent in advance** to a course of conduct which would otherwise result in the surety's discharge. Dunlap v. Citizens & S. DeKalb Bank, 134 Ga. App. 893, 216 S.E.2d 651 (1975).

A surety is not discharged by any act of the creditor or obligee to which the surety consents. Consent may be given in advance, as at the time the contract of suretyship is entered into. Union Commerce Leasing Corp. v. Beef 'N Burgundy, Inc., 155 Ga. App. 257, 270 S.E.2d 696 (1980).

A guarantor may consent in advance to conduct which would otherwise result in statutory discharge. Regan v. United States Small Bus. Admin., 926 F.2d 1078 (11th Cir. 1991).

If the language of a guaranty specifically contemplated an increase in the obligor's debt and the creation of new obligations, and included waivers of any "legal or equitable discharge" and of any defense based upon an increase in risk, the protections O.C.G.A. §§ 10-7-21 and 10-7-22 were waived. Underwood v. NationsBanc Real Estate Serv., Inc., 221 Ga. App. 351, 471 S.E.2d 291 (1996).

By assenting in advance to a waiver of all legal and equitable defenses, the guarantor was foreclosed from asserting that the guarantor was discharged under O.C.G.A. § 10-7-21 or O.C.G.A. § 10-7-22. Ramirez v. Golden, 223 Ga. App. 610, 478 S.E.2d 430 (1996).

Alleged guarantor was not discharged from the obligations of a personal guarantee under O.C.G.A. §§ 10-7-21 and 10-7-22 because, although a subsequent agreement changed the terms of the original guaranty by granting an extension of time regarding the terms of purchase from a company and

acted as a n[...]
consented t[...]
Beaulieu Gro[...]
S.E.2d 614 ([...]

**Disregard [...] makes section[...]** the substitu[...]tion useless [...] disregarded, [...]ciple announ[...] Bank v. Clew[...] (1877).

**Unconsente[...]pendent grou[...]** Upshaw v. Fir[...] S.E.2d 483 ([...]

**Rules apply[...]** An agreemen[...] charge the su[...] contract for th[...] discharge und[...] on a negotiab[...] 147 Ga. App. [...]

**Official bon[...]** tion of the p[...] bond, the leg[...]rized the trea[...] Office of Trea[...] advance to th[...]ment for the [...] then pending, [...] contract as di[...] this section, i[...] consent. Walsh[...] (1880).

**Taking of a [...]cedent liability[...]** ment of the c[...] agreement to t[...] such was the in[...] v. Citizens Ban[...] 798, 181 S.E. 6[...]

**Mutual inten[...] as no longer bi[...]** do away with th[...] the circumstanc[...]tion of the parti[...] no longer bindi[...] law, to make p[...] Pittsburgh Plate[...] Supp. 723 (M.D[...] F.2d 674 (5th C[...]

878

AMICUS EXHIBIT 2 - PAGE 5
No. 1:15-cv-2594-MH

) Ga. App. 767, 285 S.E.2d

**Consent**

ent makes change immate-
ige or alteration made in an
the instrument's execution
ly authorized by the signers
ich merely expresses what
be supplied by intendment,
nd will not discharge one
y. Watkins Medical Co. v.
. App. 585, 126 S.E. 909

nsent in advance to a course
would otherwise result in
large. Dunlap v. Citizens &
, 134 Ga. App. 893, 216
).

discharged by any act of the
ce to which the surety con-
ay be given in advance, as at
ract of suretyship is entered
mmerce Leasing Corp. v.
ly, Inc., 155 Ga. App. 257,
1980).

nay consent in advance to
would otherwise result in
ge. Regan v. United States
, 926 F.2d 1078 (11th Cir.

e of a guaranty specifically
l increase in the obligor's
of new obligations,
vers of any "legal or equi-
l defense based
e in risk, the protections
-7-21 and 10-7-22 were
od v. NationsBanc Real Es-
'l Ga. App. 351, 471 S.E.2d

advance to a waiver of all
le defenses, the guarantor
m asserting that the guar-
harged under O.C.G.A.
G.A. § 10-7-22. Ramirez v.
App. 610, 478 S.E.2d 430

ntor was not discharged
ns of a personal guarantee
§ 10-7-21 and 10-7-22 be-
a subsequent agreement
s of the original guaranty
tension of time regarding
hase from a company and

acted as a novation, the alleged guarantor
consented to those changes. Staten v.
Beaulieu Group, LLC, 278 Ga. App. 179, 628
S.E.2d 614 (2006).

**Disregard of condition of surety's consent
makes section apply.** — If a surety authorizes
the substitution of the new bill on a condi-
tion useless to himself and the condition is
disregarded, the surety may claim the prin-
ciple announced in this section. Central Ga.
Bank v. Cleveland Nat'l Bank, 59 Ga. 667
(1877).

**Unconsented increase in risk is an inde-
pendent ground for discharge of a surety.**
Upshaw v. First State Bank, 244 Ga. 433, 260
S.E.2d 483 (1979).

**Application**

**Rules apply to negotiable instruments.** —
An agreement (novation) which would dis-
charge the surety or guarantor of a simple
contract for the payment of money will also
discharge one who is a guarantor or surety
on a negotiable instrument. Sewell v. Akins,
147 Ga. App. 454, 249 S.E.2d 274 (1978).

**Official bonds.** — Where, after the execu-
tion of the public printer's performance
bond, the legislature by resolution autho-
rized the treasurer (now director of the
Office of Treasury and Fiscal Services) to
advance to the printer a sum in part pay-
ment for the public printing of the session
then pending, this was such a novation of the
contract as discharged the sureties under
this section, if done without the surety's
consent. Walsh v. Colquitt, 64 Ga. 740
(1880).

**Taking of a promissory note for an ante-
cedent liability** does not constitute a pay-
ment of the debt in the absence of an
agreement to that effect, or evidence that
such was the intention of the parties. Sulter
v. Citizens Bank & Trust Co., 51 Ga. App.
798, 181 S.E. 694 (1935).

**Mutual intention to treat former contract
as no longer binding must be shown.** — To
do away with the stipulations in a contract,
the circumstances must show a mutual inten-
tion of the parties to treat the stipulations as
no longer binding and must be such as, in
law, to make practically a new agreement.
Pittsburgh Plate Glass Co. v. Jarrett, 42 F.
Supp. 723 (M.D. Ga. 1942), modified, 131
F.2d 674 (5th Cir. 1942).

**Promissory note evidence of settlement of
accounts.** — Generally, the execution of a
promissory note is prima facie evidence of
the full settlement of all accounts up to the
date of the note. A compromise, or mutual
accord and satisfaction, is binding on both
parties. Collier v. Casey, 59 Ga. App. 627, 1
S.E.2d 776 (1939).

Under the facts, the taking of a demand
promissory note for a preexisting liability
which was covered by the guaranty did not
constitute a payment of the debt and thereby
release the guarantor. Sulter v. Citizens Bank
& Trust Co., 51 Ga. App. 798, 181 S.E. 694
(1935).

**Accord and satisfaction is effected by each
party relinquishing claim.** — Where each of
two persons relinquishes a claim against the
other, or each discontinues an action against
the other, a mutual accord and satisfaction is
effected, regardless of the respective
amounts involved; and this bars any further
recourse on the part of either as to such
claims. Any rights of the parties must now be
based upon the new agreement. Collier v.
Casey, 59 Ga. App. 627, 1 S.E.2d 776 (1939).

**New note for less than old is presumptive
evidence of settlement.** — A new note for a
less sum than the old note, given in renewal
thereof, is presumptive evidence that all
differences between the parties were ad-
justed and settled when such new note was
given. Collier v. Casey, 59 Ga. App. 627, 1
S.E.2d 776 (1939).

**Other agreement must be clearly shown.**
— It must be upon clear and satisfactory
evidence that both parties agreed and in-
tended that the settlement, made when the
new note was given, was not final and that
any defense which could have been made to
the old note might still be made to the new
one. Collier v. Casey, 59 Ga. App. 627, 1
S.E.2d 776 (1939).

**New note given for old with different
terms is novation.** — When a note was given
by principal and security during the Civil
War which, at the close of the war, was scaled
to a gold standard, a new note given by a
principal alone for the amount thus scaled,
and accepted by the payee in the discharge
of the first note, was a novation of the
original contract under former Code 1868,
§§ 2125, 2828. Hamilton v. Willingham, 45
Ga. 500 (1872).

**Substituting absolute deed for mortgage.**
— An absolute deed conveying land as secu-

879

AMICUS EXHIBIT 2 - PAGE 6
No. 1:15-cv-2594-MH

Case 1:15-cv-02594-RWS   Document 38-2   Filed 06/27/16   Page 7 of 27

**Application** (Cont'd)

rity for a debt is a security of a higher nature than a mortgage for the same debt on the same premises, and when the mortgage is entered satisfied and surrendered up because of the execution of such deed, the transaction operates as a novation and amounts to a merger. Bostwick v. Felder, 73 Ga. App. 118, 35 S.E.2d 783 (1945).

**Changing the date from which a promissory note draws interest** by erasing the words "from date" and substituting therefor the words "from maturity" is a material alteration creating a new contract and constitutes a novation. Paulk v. Williams, 28 Ga. App. 183, 110 S.E. 632 (1922).

**Renewing note at same rate.** — By virtue of this section, the mere renewal of a note at the same rate of interest is not a novation. Partridge v. Williams' Sons, 72 Ga. 807 (1884).

**New note to ward and security deed conveying same property conveyed to guardian.** — If a guardian holding a note secured by a deed received, for the benefit of two minor wards, payment from the debtor of a sum equal to the share of one of the wards, and settled with such ward at majority, and thereafter the debtor executed a new note and security deed to the other ward at majority, the new note representing the ward's share of the original indebtedness and the security deed conveying the same property as the original deed to the guardian, it was held that the new note and security deed did not amount to a novation. Kelley v. Spivey, 182 Ga. 507, 185 S.E. 783 (1936).

**Failure to enter into contract not relied upon by surety.** — The fact that no contract was ultimately entered into between the grantor and grantee in the security deed executed contemporaneously with notes endorsed by a surety does not constitute a fraud upon the surety so as to relieve the surety of liability on the notes; nor does such fact constitute a novation of the notes so as to relieve the surety of the surety's liability thereon, for if it does not appear that the surety relied upon the existence of such contract as an inducement to sign as surety, there can be no fraud, nor can the failure to enter into the contract, which was cancellable at any time solely by the grantee in the security deed (the payee in the notes), con-

stitute a novation of the notes. Southern Cotton Oil Co. v. Hammond, 92 Ga. App. 11, 87 S.E.2d 426 (1955).

**Surety will not be released by fraudulent renewal note disaffirmed by creditor.** — While under former Civil Code 1910, §§ 3543 and 3544 a surety will be discharged by a novation changing the nature or terms of the surety's contract without the surety's consent, and therefore the acceptance by a payee bank, without the agreement or consent of the surety, of a new note in renewal or payment of the original note signed by the surety will discharge the surety from liability, such an acceptance by the payee bank, when induced by the actual fraud of the maker in presenting the renewal instrument with the signature of the surety forged thereon, and without knowledge or reasonable ground to suspect, on the part of the bank, that the signature was in fact a forgery, will not release the surety, if it appeared that upon discovery of the fraud of the maker the bank promptly disaffirmed the bank's previous acceptance of the renewal note by regaining possession of the original note and suing thereon. Biddy v. People's Bank, 29 Ga. App. 580, 116 S.E. 222 (1923).

**Substituting note for account.** — By virtue of this section, a guarantor is not released by reason of the mere fact that an account which the guarantor guaranteed has been reduced to a note, when it appears the account was for goods furnished "in pursuance of the contract of guaranty" and it appears that the note represents the same amount and stands in lieu of the account. Kalmon v. Scarboro, 11 Ga. App. 547, 75 S.E. 846 (1912), later appeal, 13 Ga. App. 28, 78 S.E. 686 (1913) (see O.C.G.A. § 10-7-21).

The substitution of a promissory note for an original account indebtedness, with the inclusion in the note of an extended time for payment, a higher face amount reflecting accrued interest, and a provision authorizing the recovery of attorney fees in the event of collection by an attorney, did not result in either a novation of the contract nor an increased risk and did not discharge the guarantors of the prior guaranty agreement from liability. Columbia Nitrogen Corp. v. Mason, 171 Ga. App. 685, 320 S.E.2d 838 (1984).

**Contract simply giving creditor additional security.** — Where a second contract simply

gave the selle...
payment of th...
with the first...
the risk of ...
was not a nov...
meaning of fo...
and did not ...
provisions of ...
Code 1933, § ...
Overstreet, 71 ...
(1944).

**Failure of** ...
Where the def...
surety, and thi...
tiffs when they...
of the plaintiff...
title contract w...
did not discha...
Wright & Lock...
770 (1930).

**Grantor who...**
**creditor assent...**
the mortgagor,...
pal to B, th...
grantee, assume...
and C, the lat...
principal deb...
changed to a m...
for C's assum...
property convey...
position would ...
if B did not ass...
Anderson, 177 ...
conformed to, ...
(1933).

**New obligatio...**
**recognition of** ...
grantee in a sal...
consideration th...
pay an outstand...
property convey...
the grantee the...
by the deed, and...
grantor, the gra...
and the latter m...
the debt. While...
deed is not bo...
unless the holde...
knowledge of su...
enters into an ...
the holder's ow...
whereby the ho...
running directl...
ing that the gra...
then, in the ab...

AMICUS EXHIBIT 2 - PAGE 7
No. 1:15-cv-2594-MH

on of the notes. Southern ... Hammond, 92 Ga. App. 11, ... 955).

t be released by fraudulent ... isaffirmed by creditor. — ... ormer Civil Code 1910, ... 4 a surety will be discharged ... anging the nature or terms ... ontract without the surety's ... erefore the acceptance by a ... nout the agreement or con... ty, of a new note in renewal ... the original note signed by ... discharge the surety from ... n acceptance by the payee ... uced by the actual fraud of ... esenting the renewal instru... gnature of the surety forged ... thout knowledge or reason... suspect, on the part of the ... gnature was in fact a forgery, ... he surety, if it appeared that ... of the fraud of the maker the ... disaffirmed the bank's previ... of the renewal note by re... on of the original note and ... Biddy v. People's Bank, 29 ... 16 S.E. 222 (1923).

ote for account. — By virtue ... guarantor is not released by ... mere fact that an account ... antor guaranteed has been ... note, when it appears the ... for goods furnished "in ... e contract of guaranty" and ... he note represents the same ... nds in lieu of the account... oro, 11 Ga. App. 547, 75 S.E. ... r appeal, 13 Ga. App. 28, 78 ... (see O.C.G.A. § 10-7-21).

ion of a promissory note for ... ount indebtedness, with the ... note of an extended time for ... her face amount reflecting ... st, and a provision authoriz... y of attorney fees in the event ... an attorney, did not result in ... ion of the contract nor an ... and did not discharge the ... he prior guaranty agreement ... Columbia Nitrogen Corp. v. ... 1. App. 685, 320 S.E.2d 838 ...

p'y giving creditor additional ... ere a second contract simply

gave the seller additional security for the payment of the debt, was not inconsistent with the first contract, and did not increase the risk of the surety, the second contract was not a novation of the first within the meaning of former Code 1933, § 103-202 and did not release the surety under the provisions of either § 103-202 or former Code 1933, § 103-203. W.T. Raleigh Co. v. Overstreet, 71 Ga. App. 873, 32 S.E.2d 574 (1944).

**Failure of creditor to record lien. —** Where the defendant had signed the note as surety, and this fact was known to the plaintiffs when they accepted the note, the failure of the plaintiffs to record the retention of title contract within the time required by law did not discharge the surety. La Boon v. Wright & Locklin, 42 Ga. App. 275, 155 S.E. 770 (1930).

**Grantor whose debt is assumed is surety if creditor assents to assumption. —** Where A, the mortgagor, was originally bound as principal to B, the mortgagee, and C, the grantee, assumed the debt to B, as between A and C, the latter assumed the position of principal debtor and the former was changed to a mere surety. The consideration for C's assumption of the debt was the property conveyed by A to C. This change of position would not affect B, the mortgagee, if B did not assent to the change. Stapler v. Anderson, 177 Ga. 434, 170 S.E. 498, answer conformed to, 47 Ga. App. 379, 170 S.E. 501 (1933).

**New obligation from grantee to creditor is recognition of suretyship. —** When a grantee in a sales agreement, as part of the consideration thereof, assumes and agrees to pay an outstanding indebtedness against the property conveyed, the grantee takes upon the grantee the burden of the debt secured by the deed, and, as between himself and the grantor, the grantee becomes the principal and the latter merely a surety for payment of the debt. While the holder of the security deed is not bound by such an agreement unless the holder consents to it, when, with knowledge of such an agreement, the holder enters into an independent stipulation on the holder's own account with the grantee whereby the holder obtains a new obligation running directly to the holder on the footing that the grantee becomes the principal, then, in the absence of special conditions,

the holder is held to have recognized and become bound by the relation of principal and surety existing between the maker of the surety deed and the grantee. Zellner v. Hall, 210 Ga. 504, 80 S.E.2d 787 (1954), later appeal, 211 Ga. 572, 87 S.E.2d 395 (1955).

**Extension of mortgage without consent of grantor discharges grantor. —** A purchased land subject to a mortgage which A assumed, and later sold the land to B under a like assumption; B sold the land to C, who did not assume; thereafter the mortgagee, at the request of C, extended the maturity of the mortgage and of a portion of the debt, without the knowledge or consent of A. It was held that if the mortgagee had knowledge of the new relationships, the grant of the extension operated to release A from liability. Alropa Corp. v. Snyder, 182 Ga. 305, 185 S.E. 352 (1936).

**Grant must consent to extension where suretyship was not created by mutual agreement of all parties. —** In the absence of a mutual agreement of the grantor, the grantee, and the holder of the encumbrance to that effect, the relation of principal and surety did not exist between the grantee and grantor, and the latter was not discharged from liability by an agreement between the other parties to extend the time of payment. Alsobrook v. Taylor, 181 Ga. 10, 181 S.E. 182 (1935).

**Reduction in interest rate does not release grantor who remains principal. —** Change in the rate of interest called for by contract from eight to six percent at the time of the sale of the premises to grantees, when grantor remained bound to holder as principal debtor, would not operate to relieve the grantor from responsibility on the grantor's note and deed to secure debt. Zellner v. Hall, 211 Ga. 572, 87 S.E.2d 395 (1955).

**Creditor's agreement to allow delay in payment** is not an additional consideration, as debtor's promise to pay debt already due creates no additional obligation. Sens v. Decatur Fed. Sav. & Loan Ass'n, 159 Ga. App. 767, 285 S.E.2d 226 (1981).

**Payment of late charges or reinstatement fees authorized by original contract** does not furnish new consideration. Sens v. Decatur Fed. Sav. & Loan Ass'n, 159 Ga. App. 767, 285 S.E.2d 226 (1981).

**Promise to pay usury does not discharge surety. —** A mere promise to pay usury is

AMICUS EXHIBIT 2 - PAGE 8
No. 1:15-cv-2594-MH

10-7-21

**Application** (Cont'd)

void, and the surety is not thereby discharged. Lewis, Leonard & Co. v. Brown, 89 Ga. 115, 14 S.E. 881 (1892).

**Parol contract does not release surety where statute of frauds applies.** — Where a written contract which must, under the statute of frauds, be in writing been signed by a surety for one of the contracting parties, the surety will not be released from liability by reason of the making of a subsequent parol contract between the principals which does not become binding by reason of complete performance or otherwise. Willis v. Fields, 132 Ga. 242, 63 S.E. 828 (1909).

**Parol evidence inadmissible to show novation under statute of frauds.** — A contract which by law is required to be in writing cannot be changed by parol evidence so as to substitute therefor, by novation, a contract which is also required by law to be in writing. Evidence of a parol agreement is inadmissible to establish the novation of a contract by law required to be in writing. Ver Nooy v. Pitner, 17 Ga. App. 229, 86 S.E. 456 (1915).

**When section should be charged.** — Where Civil Code 1895, §§ 2968, 2971, and 2972, defining a contract of suretyship and the rights of a surety, were pertinent to the issues involved, the statutes should have been given in a charge to the jury on timely written request, or even without request. Haigler v. Adams, 5 Ga. App. 637, 63 S.E. 715 (1909).

**If the arrangement for the use of a pledged savings account did not deviate** from the terms of the subject note as agreed to by plaintiffs, no issue concerning the discharge defenses remained for jury determination, warranting summary judgment. Cohen v. Northside Bank & Trust Co., 207 Ga. App. 536, 428 S.E.2d 354 (1993).

#### Extension

**Extension of time for payment.** — If after the maturity of a note the debtor pays to the creditor a sum of money representing advance interest upon the principal at the rate of 8 percent per annum for a definite period of time, in consideration of a promise by the creditor to extend the time of payment of the principal, this agreement, although not in writing, constitutes a valid contract between the parties, and, when made without

the consent of the surety upon the note, operates to release and discharge the latter by virtue of this section. Lewis v. Citizens' & S. Bank, 31 Ga. App. 597, 121 S.E. 524 (1924), aff'd, 159 Ga. 551, 126 S.E. 392 (1925).

If a valid and binding extension is granted to the principal debtor without the consent of the surety, the latter is discharged. Alropa Corp. v. Snyder, 182 Ga. 305, 185 S.E. 352 (1936).

A creditor of a partnership who has notice of the dissolution and of the agreement by the continuing partner to assume the debts of the firm is bound to accord to the retiring partner all the rights of a surety. Hence, if, without the latter's knowledge or consent, the creditor, upon a sufficient consideration, extends the time of payment of the firm indebtedness, the retiring partner is released from the indebtedness, and the creditor must thereafter look only to the firm assets and to the individual assets of the continuing partner. Grigg v. Empire State Chem. Co., 17 Ga. App. 385, 87 S.E. 149 (1915).

Where the creditor had, for a consideration, extended the time of payment of the note signed by the surety, and in addition thereto had calculated, and undertook to and did collect, usurious interest from the principal, and by reason of such payment did indulge the principal debtor and extend the payment of the note, all of which, according to the evidence, was without the knowledge or consent of the surety, the surety was discharged by virtue of this section. Pickett v. Brooke, 24 Ga. App. 651, 101 S.E. 814, cert. denied, 24 Ga. App. 817 (1920).

**Period of extension must be fixed by agreement.** — In order to discharge a surety by an extension of time to the principal, not only must there be an agreement for the extension, but the proof must show that the indulgence was extended for a definite period fixed by the agreement. Bunn v. Commercial Bank, 98 Ga. 647, 26 S.E. 63 (1896); Ver Nooy v. Pitner, 17 Ga. App. 229, 86 S.E. 456 (1915).

If a signer of a note was in fact a surety only and the payee, under a valid agreement with the principal and without the consent of the surety, extends the time of maturity as fixed by the obligation, a release of the

surety will result, b[...]
surety by an extens[...]
principal, not only [...]
ment for the exte[...]
must be for a defin[...]
agreement. Ducke[...]
630, 99 S.E. 151 (1[...]
50 Ga. App. 492, 1[...]
anty Mtg. Co. v. Na[...]
App. 104, 189 S.E.[...]
644, 192 S.E. 298 [...]

**Taking demand[...]
time.** — Taking o[...]
such an extension [...]
guarantor because[...]
stantly due and th[...]

**Am. Jur. 2d.** — 7[...]
§ 35.

**C.J.S.** — 72 C.J[...]
§ 95 et seq.

**ALR.** — Conse[...]
extension of time [...]
surety, 7 ALR 376.

Extension of tim[...]
original contract a[...]
surety or guaranto[...]

Liability of sure[...]
nership in respect [...]
subsequent to cha[...]
partnership, 45 AL[...]

Discharge of ac[...]
surety by extensio[...]
collateral, under [...]
Law, 48 ALR 715;[...]
1088; 2 ALR2d 26[...]

Taking of dem[...]
releasing surety or[...]

Acceptance of in[...]
sideration for, or c[...]
of time which will r[...]
or endorser, 59 AL[...]

Liability of gra[...]
debt to grantor, 76[...]

Liability of guara[...]
deposit as affe[...]
merger, or consol[...]
381.

Creditor's know[...]
assumption by thir[...]
gation as release o[...]
guishment of or[...]
novation, 87 ALR [...]

AMICUS EXHIBIT 2 - PAGE 9
No. 1:15-cv-2594-MH

of the surety upon the note, release and discharge the latter this section. Lewis v. Citizens' & Ga. App. 597, 121 S.E. 524 d, 159 Ga. 551, 126 S.E. 392

...nd binding extension is granted ...ipal debtor without the consent ..., the latter is discharged. Alropa ...yder, 182 Ga. 305, 185 S.E. 352

...r of a partnership who has notice ...lution and of the agreement by ...ing partner to assume the debts ...is bound to accord to the retiring ...the rights of a surety. Hence, if, ... latter's knowledge or consent, ..., upon a sufficient consideration, ...ss, the retiring partner is re-...n the indebtedness, and the cred-...thereafter look only to the firm ...to the individual assets of the ... partner. Grigg v. Empire State ..., 17 Ga. App. 385, 87 S.E. 149

...the creditor had, for a consider-...ended the time of payment of the ...d by the surety, and in addition ...ad calculated, and undertook to ...ollect, usurious interest from the ...and by reason of such payment ...ge the principal debtor and extend ...ent of the note, all of which, ac-...o the evidence, was without the ...e or consent of the surety, the ...s discharged by virtue of this sec-...ett v. Brooke, 24 Ga. App. 651, 101 ...cert. denied, 24 Ga. App. 817

**of extension must be fixed by** ...nt. — In order to discharge a surety ...ension of time to the principal, not ...st there be an agreement for the ...n, but the proof must show that the ...ce was extended for a definite pe-...d by the agreement. Bunn v. Com-...Bank, 98 Ga. 647, 26 S.E. 63 (1896); ...y v. Pitner, 17 Ga. App. 229, 86 S.E. ...5).

...gner of a note was in fact a surety ...the payee, under a valid agreement ... principal and without the consent ...urety, extends the time of maturity as ...y the obligation, a release of the

surety will result, but in order to discharge a surety by an extension of time granted to the principal, not only must there be an agreement for the extension, but the indulgence must be for a definite period fixed by a valid agreement. Duckett v. Martin, 23 Ga. App. 630, 99 S.E. 151 (1919); Benson v. Henning, 50 Ga. App. 492, 178 S.E. 406 (1935); Guaranty Mtg. Co. v. National Life Ins. Co., 55 Ga. App. 104, 189 S.E. 603 (1936), aff'd, 184 Ga. 644, 192 S.E. 298 (1937).

**Taking demand note is not extension of time.** — Taking of a demand note was not such an extension of time as would release a guarantor because a demand note is instantly due and the moment delivered can

be sued upon. Suter v. Citizens Bank & Trust Co., 51 Ga. App. 798, 181 S.E. 694 (1935).

**Creditor may rescind extension obtained by fraud.** — Under former Code 1882, §§ 2153 and 2154, if the maker of a note induced the payee to extend the time of payment, by fraudulent representations, upon the discovery of such fraud, the creditor can rescind the agreement, but if the creditor failed so to do and retained the benefits of the transaction, this will operate to discharge a surety or accommodation endorser. Burnlap v. Robertson, 75 Ga. 689 (1885).

## RESEARCH REFERENCES

**Am. Jur. 2d.** — 74 Am. Jur. 2d, Suretyship, § 35.

**C.J.S.** — 72 C.J.S., Principal and Surety, § 95 et seq.

**ALR.** — Consenting to continuance or extension of time in action as releasing surety, 7 ALR 376.

Extension of time or other modification of original contract as releasing indemnitor of surety or guarantor, 43 ALR 1368.

Liability of surety or guarantor for partnership in respect of transactions or defaults subsequent to change in personnel of the partnership, 45 ALR 1426.

Discharge of accommodation maker or surety by extension of time or release of collateral, under Negotiable Instruments Law, 48 ALR 715; 65 ALR 1425; 108 ALR 1088; 2 ALR2d 260.

Taking of demand note in renewal as releasing surety or endorser, 48 ALR 1222.

Acceptance of interest in advance as consideration for, or evidence of, an extension of time which will release a guarantor, surety, or endorser, 59 ALR 988.

Liability of grantee assuming mortgage debt to grantor, 76 ALR 1191; 97 ALR 1076.

Liability of guarantor of or surety for bank deposit as affected by reorganization, merger, or consolidation of bank, 78 ALR 381.

Creditor's knowledge of, or consent to, assumption by third person of debtor's obligation as release of original debtor or extinguishment of original debt essential to novation, 87 ALR 281.

Guaranty of commercial credit of dealer as affected by latter's change of location or field of operation, 89 ALR 651.

Lessee as surety for rent after assignment; and effect of lessor's dealings (other than consent to assignment or mere acceptance of rent from assignee) to release lessee, 99 ALR 1238.

Effect of silence of surety or endorser after knowledge or notice of facts relied upon as releasing him, 101 ALR 1310.

Rule as to discharge of surety by subsequent modification of obligation without his consent as applicable to surety on bond for discharge of lien, 102 ALR 764.

Failure of accommodation maker or endorser to disaffirm transaction, or his continued recognition of note after learning of its use for purpose other than intended, as ratification of, or estoppel to assert, the diversion, 105 ALR 487.

Construction and application of provision of guaranty or surety contract against release or discharge of guarantor by extension of time or alteration of contract, 117 ALR 964.

Remission or waiver of part of principal's obligation as releasing surety or guarantor, 121 ALR 1014.

Necessity of proof of original obligor's consent to, or ratification of, third person's assumption of obligation, in order to effect a novation, 124 ALR 1498.

Payments or advancements to building contractor by obligee as affecting rights as between obligee and surety on contractor's bond, 127 ALR 10.

AMICUS EXHIBIT 2 - PAGE 10
No. 1:15-cv-2594-MH

Creditor's reservation of rights against surety in releasing or extending time to principal debtor, 139 ALR 85.

Surety's liability as affected by the addition, without surety's knowledge or consent, of the personal obligation of a third person, 144 ALR 1266.

Creditor's acceptance of obligation of third person as constituting novation, 61 ALR2d 755.

Guarantor of nonnegotiable obligation as released by creditor's acceptance of debtor's note or other paper payable at an extended date, 74 ALR2d 734.

Liability of lessee's guarantor or surety beyond the original period fixed by lease, 10 ALR3d 582.

Change in name, location, composition, or structure of obligor commercial enterprise subsequent to execution of guaranty or surety agreement as affecting liability of guarantor or surety to the obligee, 69 ALR3d 567.

## 10-7-22. Discharge of surety by increase of risk.

Any act of the creditor, either before or after judgment against the principal, which injures the surety or increases his risk or exposes him to greater liability shall discharge him; a mere failure by the creditor to sue as soon as the law allows or neglect to prosecute with vigor his legal remedies, unless for a consideration, shall not release the surety. (Orig. Code 1863, § 2131; Code 1868, § 2126; Code 1873, § 2154; Code 1882, § 2154; Civil Code 1895, § 2972; Civil Code 1910, § 3544; Code 1933, § 103-203.)

### JUDICIAL DECISIONS

#### ANALYSIS

GENERAL CONSIDERATION
ACTS DISCHARGING SURETY
   1. IN GENERAL
   2. LOSS OF COLLATERAL
   3. FORBEARANCE TO SUE AND DISMISSAL OF SUIT

#### General Consideration

**Editor's notes.** — In Houston Gen. Ins. Co. v. Brock Constr. Co., 241 Ga. 460, 246 S.E.2d 316 (1978), this section was held not to apply to compensated sureties. However, Ga. L. 1981, p. 870, § 1, amended § 10-7-1 so as to abolish the distinction between contracts of suretyship and guaranty. Balboa Ins. Co. v. A.J. Kellos Constr. Co., 247 Ga. 393, 276 S.E.2d 599 (1981). See the editor's note under § 10-7-1.

**Section codifies general rule.** — This section is a codification of the general rule. Timmons v. Butler, Stevens & Co., 138 Ga. 69, 74 S.E. 784 (1912); Johnson v. Longley, 142 Ga. 814, 83 S.E. 952 (1914), later appeal, 22 Ga. App. 96, 95 S.E. 315 (1918).

**Section is of judicial origin**, being merely the adoption and incorporation into the Code by legislative approval of the principles previously asserted in Brown v. Executors of Riggins, 3 Ga. 405 (1847), and Jones v. Whitehead, 4 Ga. 397 (1848). Cloud v. Scarborough, 3 Ga. App. 7, 59 S.E. 202 (1907).

**Common law.** — The rule stated in this section is a correct statement of the common law applicable to compensated sureties. Houston Gen. Ins. Co. v. Brock Constr. Co., 241 Ga. 460, 246 S.E.2d 316 (1978); Balboa Ins. Co. v. A.J. Kellos Constr. Co., 247 Ga. 393, 276 S.E.2d 599 (1981).

While O.C.G.A. § 10-7-22 does not apply to compensated sureties, the rule stated therein is a correct statement of common law applicable to compensated sureties. West Cash & Carry Bldg. Materials of Savannah, Inc. v. Liberty Mtg. Corp., 160 Ga. App. 323, 287 S.E.2d 320 (1981).

**Uniform Commercial Code provides for discharge of parties on instruments.** — Former Code 1933, § 103-203 was super-

seded by former [ ]
Former § 14-902 wa[ ]
Ga. L. 1962, p. 15[ ]
discharge of sureties[ ]
instruments is curr[ ]
Uniform Commerc[ ]
Christian v. Atlanta A[ ]
Union, 151 Ga. App[ ]
(1979).

Law governing th[ ]
from liability on inst[ ]
in present O.C.G.A. [ ]
Place, Ltd. v. Green,[ ]
S.E.2d 242, aff'd in [ ]
other grounds, 246 G[ ]
(1980).

**Not applicable to[ ]
guarantor.** — O.C.[ ]
11-3-606 address liab[ ]
creditor, not the liab[ ]
debtor's guarantor, a[ ]
release of a guaranto[ ]
ity on a note. Fabian[ ]
792, 449 S.E.2d 305 [ ]

**Holder of collatera[ ]
Where a debtor to a[ ]
more than one piec[ ]
personal or real, as s[ ]
entire debt, the am[ ]
nitely fixed in the co[ ]
the power of the ho[ ]
whether the holder [ ]
or a transferee, to s[ ]
make it the liability o[ ]
one, and to be paid i[ ]
the original amount [ ]
shall still retain vigor[ ]
Loftis v. Clay, 164 [ ]
(1927).

**Contract of guara[ ]
ments not confirme[ ]
contract guaranteei[ ]
which says that "th[ ]
limit the amount of c[ ]
party, but my liabilit[ ]
exceed $2000.00 at a[ ]
shipments are to be [ ]
confirmed by me," [ ]
tor will not be liable[ ]
confirmed by the gu[ ]
than $2000.00 at any[ ]
vendor may extend c[ ]
amounts guaranteed [ ]
contract was not bro[ ]
ping some goods to [ ]

AMICUS EXHIBIT 2 - PAGE 11
No. 1:15-cv-2594-MH

# OFFICIAL CODE OF GEORGIA ANNOTATED

---

## 2015 Supplement

Including Acts of the 2015 Regular Session of the General Assembly

---

*Prepared by*

The Code Revision Commission

The Office of Legislative Counsel

*and*

The Editorial Staff of LexisNexis®



---

Published Under Authority of the State of Georgia

---

# Volume 8

## 2009 Edition

Title 10. Commerce and Trade

---

Including Annotations to the Georgia Reports
and the Georgia Appeals Reports

---

## Place in Pocket of Corresponding Volume of Main Set

---

LexisNexis®
Charlottesville, Virginia

AMICUS EXHIBIT 2, PAGE 01
No. 1:15-cv-02594-RWS

recover against a bond the insurer
to a mortgage lender under the
. Residential Mortgage Act,
ι. § 7-1-1000 et seq., because the
t gave rise to the judgment the
er obtained against the lender oc-
before the bond was in effect, and
ler's failure to pay the judgment
an act that authorized recovery
the bond; the bond did not contain
ic covenant extending liability to
or to the bond's execution. Hart-
Ins. Co. v. iFreedom Direct Corp.,
App. 262, 718 S.E.2d 103 (2011),
nied, No. S12C0408, 2012 Ga.
?46 (Ga. 2012).

see 15 (No. 2) Ga. St. B.J. 12

OR AND SURETY

see 15 (No. 2) Ga. St. B.J. 12

ıding with surety.

S

ntor bound by contract. — As
s some evidence to support a
ation that a guarantor did not
at contractual guaranty obliga-
contingent upon another indi-
ning the guaranty as a co-surety,
e of such signature was not a
the contract terms or a release
arged the guarantor from liabil-
er v. C. W. Matthews Contr. Co.,
pp. 751, 746 S.E.2d 230 (2013).

rety's liability.

al 'Exculpatory' Clause, or Will
ligence Suffice," see 19 Ga. St.
b. 2014)

---

## JUDICIAL DECISIONS

### ANALYSIS

GENERAL CONSIDERATION
NOVATION
APPLICATION

### General Consideration

**Cited** in Western Sur. Co. v. APAC-Southeast, Inc., 302 Ga. App. 654, 691 S.E.2d 234 (2010); Hanna v. First Citizens Bank & Trust Co., Inc., 323 Ga. App. 321, 744 S.E.2d 894 (2013).

### Novation

**No evidence of novation to discharge surety.**

Trial court did not err in ruling that a promissory note modification was simply a modification of certain terms of the original note instead of a novation that substantially increased a guarantor's personal liability under the guaranty and, therefore, discharged the guarantor because there was no merit to the guarantor's contention that, at the time the guarantor executed the note modification, such modification contemporaneously increased the guarantor's contractual obligations to the creditors; at the time the guarantor executed the note modification on behalf of the debtor, the guarantor was already personally obligated to pay the creditors, pursuant to the guaranty, the original principal amount plus the accrued interest. Core LaVista, LLC v. Cumming, 308 Ga. App. 791, 709 S.E.2d 336 (2011).

**Novation not found.** — Guarantor argued that a bank's settlements with two other guarantors constituted a novation under O.C.G.A. § 10-7-21; however, a novation required a new agreement, and there was no new contract between the bank and the borrower and no new contract between the bank and the borrower.

Additionally, the guarantor consented to the settlements in advance in the guaranty agreement. Wooden v. Synovus Bank, 323 Ga. App. 794, 748 S.E.2d 275 (2013).

### Application

**Guarantor who admitted forging co-guarantor's signature estopped from pleading discharge.** — Husband/guarantor was equitably estopped from arguing that a licensor's discharge of his co-guarantor and wife discharged him pursuant to O.C.G.A. §§ 10-7-20 and 10-7-21 because he swore an affidavit that he had forged his wife's signature on the guaranty without her knowledge, and the affidavit resulted in the wife's dismissal from the licensor's suit. Noons v. Holiday Hospitality Franchising, Inc., 307 Ga. App. 351, 705 S.E.2d 166 (2010).

**Guarantor bound by contract.** — As there was some evidence to support a determination that a guarantor did not intend that contractual guaranty obligations were contingent upon another individual signing the guaranty as a co-surety, the failure of such signature was not a change in the contract terms or a release that discharged the guarantor from liability. Fletcher v. C. W. Matthews Contr. Co., 322 Ga. App. 751, 746 S.E.2d 230 (2013).

**Instruction proper.** — As there was evidence to support a charge on waiver of a guarantor's right to be discharged by an increase of risk or a novation, and it was not an improper statement of the law, there was no cause to grant the guarantor's motion for a new trial. Fletcher v. C. W. Matthews Contr. Co., 322 Ga. App. 751, 746 S.E.2d 230 (2013).

## 10-7-22. Discharge of surety by increase of risk.

**Law reviews.** — For article, "Georgia Law Needs Clarification: Does it Take Willful or Wanton Misconduct to Defeat a

Contractual 'Exculpatory' Clause, or Will Gross Negligence Suffice," see 19 Ga. St. B.J. 10 (Feb. 2014)

AMICUS EXHIBIT 2 - PAGE 13
No. 1:15-cv-2594-MH

## JUDICIAL DECISIONS

### Analysis

General Consideration
Acts Discharging Surety
   1. In General

### General Consideration

**Risk of guarantor not increased.** — Trial court did not err in granting a payee's motion for summary judgment in the payee's action against a maker and a guarantor to collect on a promissory note and to enforce a guaranty because the payee established that there was no issue of material fact as to the defense that its actions in promising to refinance the loan or to extend a line of credit increased the guarantor's risk under the guaranty; a lender's failure to lend additional sums to a principal did not discharge a guarantor from liability for the amount that was actually advanced by the lender. Ga. Invs. Int'l, Inc. v. Branch Banking & Trust Co., 305 Ga. App. 673, 700 S.E.2d 662 (2010).

**Instruction proper.** — As there was evidence to support a charge on waiver of a guarantor's right to be discharged by an increase of risk or a novation, and it was not an improper statement of the law, there was no cause to grant the guarantor's motion for a new trial. Fletcher v. C. W. Matthews Contr. Co., 322 Ga. App. 751, 746 S.E.2d 230 (2013).

**Waiver of defense clear.** — Trial court properly held a guarantor liable on a promissory note because the construction of the guaranty was a matter of law for the court and the language employed by the parties in the guaranty was plain, unambiguous, and capable of only one reasonable interpretation and the discharge of the surety by increase of risk under O.C.G.A. § 10-7-22 was a legal defense which the plain language of the guaranty waived. Hanna v. First Citizens Bank & Trust Co., Inc., 323 Ga. App. 321, 744 S.E.2d 894 (2013).

**Cited** in Jaycee Atlanta Dev., LLC v. Providence Bank, 330 Ga. App. 322, 765 S.E.2d 536 (2014).

### Acts Discharging Surety

#### 1. In General

**Consent by guarantor in advance to changes.**

Trial court did not err in ruling that a promissory note modification was simply a modification of certain terms of the original note instead of a novation that substantially increased a guarantor's personal liability under the guaranty and, therefore, discharged the guarantor because there was no merit to the guarantor's contention that, at the time the guarantor executed the note modification, such modification contemporaneously increased the guarantor's contractual obligations to the creditors; given the unambiguous language of the guaranty, no issue of fact existed as to whether the guarantor was discharged by any increased risk or a purported novation because the guarantor voluntarily and explicitly agreed in advance to the modification of the original note. Core LaVista, LLC v. Cumming, 308 Ga. App. 791, 709 S.E.2d 336 (2011).

**No evidence of increased risk meant no discharge of surety.**

Guarantor argued that a bank's settlements with two other guarantors increased the guarantor's risk, discharging the guarantor under O.C.G.A. § 10-7-22; however, the language of the guaranty unconditionally obligated the guarantor individually to pay the entire amount of the borrower's indebtedness, and the language permitted the bank to enter into settlements with the others. Wooden v. Synovus Bank, 323 Ga. App. 794, 748 S.E.2d 275 (2013).

**10-7-24. Refusal to sue p**
   **charge.**

**Law reviews.** — For article, gia Practitioner's Guide to Cons

**10-7-30. Bad faith refusa**
   **tyship contract.**

**Law reviews.** — For article, gia Practitioner's Guide to Cons

**10-7-31. Rights of certai**
   **payment bond o**
   **ment of work.**

JU

**Notice to contractor defic**
Trial court did not err in grantin eral contractor and its surety s judgment in a supplier's action to under a payment bond and a charge bond for monies a subco owed it for materials it suppli construction project because the er's notice to contractor failed to with O.C.G.A. §§ 10-7-31(a 44-14-361.5(c) because the notice omitted required information; a

RIGHTS OF SURETY AG.
T.

**10-7-41. Action for mone**
   **surety or endors**

JU

**Cited** in Progressive Elec. S Task Force Construction, Inc., App. 608, 760 S.E.2d 621 (2014).

**10-7-56. Subrogation to r**

JU

### Analysis

General Consideration

2015 Supp.

AMOUNT0001.1_PG0.15
01: 1:15-cv-2594-RWS

# West's
# Code of Georgia
# Annotated

AMICUS EXHIBIT 2 - PAGE 15
No. 1:15-cv-2594-MH

**COMMERCE & TRADE**          **SURETYSHIP**          **§ 10–7–21**

n renewal note by failure of payee to . . . nature of other indorser on original . . . e such other indorser was insolvent . . . gnature was not required on renewal . . . uest of surety. Woolfolk v. Mathews . . . p. 694, 188 S.E. 729. Principal . . . / ⮑ 116

re of payee of note to prove its claim . . . ptcy proceedings against one of the . . . oes not release his cosurety. Arn— . . . Citizens' & Southern Bank, 1916, 145 . . . 0 S.E. 44. Principal and Surety ⮑ . . .

ument reciting payment by a surety . . . inistrator's bond of a certain amount . . . s proportion of any and all liability, . . . a suit on the bond as to him, and . . . o look to the principal and other . . . r the balance that might be recovered . . . further cost or detriment" to such . . . s a release of such surety and not a . . . of indemnity or an agreement not to . . . urging a cosurety. Wilkinson v. Con— . . . 133 Ga. 518, 66 S.E. 372. Principal . . . / ⮑ 116

ction at law on a joint note, all the . . . cept one appearing on its face as . . . verdict cannot be rendered against . . . sureties for the whole amount of the . . . against one of them for half that . . . n the ground that he notified the . . . he would only be surety for half the . . . the note; but, in case of such verdict . . . ay enter judgment against him for . . . the lesser sum. Jones v. Lewis, . . . Ga. 446, 13 S.E. 578. Principal and . . . 116

ient against defendant having been . . . e obtained, without the consent of . . . on his supersedeas bond, an injunc— . . . ining further proceedings. Held, that . . . of the surety on the injunction bond . . . e surety on the supersedeas bond, at . . . e extent of the property owned by the . . . y. Lewis v. Armstrong, 1888, 80 Ga. . . . 114. Principal and Surety ⮑ 116 . . . tion against the sureties of a former . . . tor by the administrator d. b. n. de— . . . nnot plead a release because plain— . . . s administrator of one of their co— . . . aid out the assets of his estate to his . . . uch act, if a discharge at all as to . . . was only so pro tanto. Poullian v. . . . 88, 80 Ga. 27, 5 S.E. 107. Principal . . . ⮑ 116

ed sureties . . . wo sureties on note were liable to . . . ureties for $664.16, and one surety . . . nd worth about $2,700 owed bank . . . d on his personal note, and bank in . . . on of receiving $801.75 "together . . .

with other funds from the borrower," released such land from lien of execution on indebted— ness of $664.16, and from operation of security deed given by surety to secure the $1,500 in— debtedness, and the surety thereafter died own— ing no property, the cosurety was released from liability as surety. Bulloch Mtg. Loan Co. v. Jones, 1940, 63 Ga.App. 55, 10 S.E.2d 88. Principal and Surety ⮑ 116

That suit on note containing joint and several obligations of principal and sureties was dis— missable against deceased surety without preju— dice does not discharge other sureties. Barnett v. Ferris, 1929, 39 Ga.App. 206, 146 S.E. 345. Principal and Surety ⮑ 116

Voluntary dismissal of action as to deceased surety does not ipso facto discharge cosurety from liability. Ellis v. Geer, 1927, 36 Ga.App. 519, 137 S.E. 290. Principal and Surety ⮑ 116

**7. Substitution of sureties**

Provision in contract that "This agreement contains the entire contract and there is no understanding that any person other than the undersigned shall execute this agreement," does not prohibit substitution of new sureties for existing ones, but merely precludes any of par— ties or signatories to contract from claiming it to be void for lack of any additional allegedly required signatures. Code, §§ 103–201, 103–202. Overcash v. First Nat. Bank of Atlan— ta, 1967, 115 Ga.App. 499, 155 S.E.2d 32. Principal and Surety ⮑ 116

Alteration in contract resulting in substitution of one of three sureties made without intent to defraud could still be enforced against remain— ing sureties. Code, §§ 20–802, 103–201, 103–202. Overcash v. First Nat. Bank of Atlan— ta, 1967, 115 Ga.App. 499, 155 S.E.2d 32. Principal and Surety ⮑ 116

**8. Effect of the running of the statute of limi— tations**

The mere failure of payee of a note, who is holder thereof, to institute suit to recover on note against one of sureties thereon, before ex— piration of period of limitation in which suit must be brought against such surety, does not amount to a release by payee of the obligation to him of a cosurety on note whose obligation is not barred by limitations, although payee's act in refraining from instituting suit was not pro— cured by or consented or agreed to by latter surety. Code 1933, § 103–203. Scott v. Gauld— ing, 1939, 187 Ga. 751, 2 S.E.2d 69, 122 A.L.R. 200, answer to certified question conformed to 60 Ga.App. 306, 3 S.E.2d 766. Principal and Surety ⮑ 116

A surety cannot accept indulgence of creditor, make no attempt to fulfill his obligation by paying debt when it falls due and is not paid by his principal, and then, after the statute of limi— tations has barred any action by creditor against his cosurety, obtain a discharge from his obligations. Scott v. Gaulding, 1939, 187 Ga. 751, 2 S.E.2d 69, 122 A.L.R. 200, answer to certified question conformed to 60 Ga.App. 306, 3 S.E.2d 766. Principal and Surety ⮑ 116

Even if an agreement to release a surety on an administrator's bond was not enforceable for want of authority in the attorney to make it, or of the temporary administrator and heirs on whose behalf it was made, yet the transaction, including the dismissal as to such surety of a suit brought, for a consideration paid by him, and not bring any further action against him, constituted such conduct as released the other surety on the bond, especially where the first administrator had removed from the state, and further action against him was barred by limita— tions. Wilkinson v. Conley, 1909, 133 Ga. 518, 66 S.E. 372. Principal and Surety ⮑ 116

## § 10–7–21.   Novation; discharge of surety

Any change in the nature or terms of a contract is called a "novation"; such novation, without the consent of the surety, discharges him.

Formerly Code 1863, § 2130; Code 1868, § 2125; Code 1873, § 2153; Code 1882, § 2153; Civil Code 1895, § 2971; Civil Code 1910, § 3543; Code 1933, § 103–202.

### Library References

**Key Numbers**
Novation ⮑ 1.
Principal and Surety ⮑ 99.
Westlaw Key Number Searches: 278k1; 309k99.

**ALR Library**
Change in name, location, composition, or structure of obligor commercial enterprise subsequent to execution of guaranty or

surety agreement as affecting liability of guarantor or surety to the obligee, 69 A.L.R.3d 567.
Creditor's acceptance of obligation of third person as constituting novation, 61 A.L.R.2d 755.

**Encyclopedias**
74 Am. Jur. 2d, Suretyship §§ 21, 41–47.
C.J.S. Novation §§ 2 to 4, 9 to 10, 14 to 16.

405

AMICUS EXHIBIT 2 - PAGE 16
No. 1:15-cv-2594-MH

C.J.S. Principal and Surety § 102.

7 Ga. Jur., Contracts § 6:33.

**Forms**

17 Am. Jur. Legal Forms 2d, Suretyship § 244:105.

23 Am. Jur. Pleading & Practice Forms, Rev, Suretyship, Form 62.

Georgia Forms, Legal and Business, Suretyship and Guaranty § 8:1.

3 Brown's Ga. Forms 2nd Ed. (1999 Rev) § 10–7–21.

## Notes of Decisions

In general   1
Alteration of instrument   3
Change in obligation or duty of principal   7
Change in parties to obligation secured   8
Change in provisions of contracts   4
Change in quantity or price   6
Change in terms of payment   5
Conditions precedent   21
Discharge of endorsers   18
Discharge of makers   19
Extension after maturity of obligation   17
Extension of time for payment or other performance   10
Jury instructions   23
Law governing   2
Negotiable instruments   11
Notice to creditor of relation of parties   13
Performance of contract   12
Release of cosureties   16
Release or loss of other securities   15
Substitution of new obligation between same parties   9
Sufficiency of pleadings   22
Validity of agreements   14
Waiver or estoppel of guarantor   20

### 1. In general

Rule that a surety's liability will not be extended by implication or interpretation and that any novation without consent of surety, or increase in risk, discharges the surety applies to a guarantor. Code, §§103–202, 103–203. Dunlap v. Citizens and Southern DeKalb Bank, 1975, 134 Ga.App. 893, 216 S.E.2d 651. Guaranty ⟋ 36(1)

A "novation" under the rules of the civil law is a mode of extinguishing one obligation for another. Code, § 103–202. Bostwick v. Felder, 1945, 73 Ga.App. 118, 35 S.E.2d 783. Novation ⟋ 1

Conveyance of personalty by judgment debtor to holder of judgment lien as security for subsequent independent loan did not constitute a "novation" extinguishing a judgment lien as to surety thus conveyed as security and subsequently levied upon under the judgment. Code, § 103–202. Bostwick v. Felder, 1945, 73 Ga. App. 118, 35 S.E.2d 783. Novation ⟋ 1

A contract of two persons as sureties to pay for goods sold to principal and all indebtedness of principal to seller under prior contract was not a "novation" of prior contract, and hence

did not discharge sureties from liability thereunder. Code, § 103–202. W. T. Rawleigh Co. v. Overstreet, 1944, 71 Ga.App. 873, 32 S.E.2d 574. Novation ⟋ 1

Where lender canceled note and loan deed after principal and interest amounted to almost twice original indebtedness, and accepted in lieu thereof a series of unsecured, noninterest-bearing notes for amount of principal indebtedness, time being made the essence of new contract, new contract was a "novation" within statutory definition, which the Court of Appeals would not disturb. Code 1933, § 103–202. Collier v. Casey, 1939, 59 Ga.App. 627, 1 S.E.2d 776. Novation ⟋ 1

Where guardian holding security deed-note for benefit of two minor wards received payment of sum equal to share of one ward and settled with such ward at his majority, "novation" of remainder of debt resulting in loss of priority of original security deed held noteffected by grantor's execution of new note and security deed conveying same property to other ward at her majority (Code 1933, §§ 20–115, 103–202). Kelley v. Spivey, 1936, 182 Ga.507, 185 S.E. 783. Novation ⟋ 1

A surety cannot, at law or in equity, be bound further than by the very terms of his contract, and, if the principal and the obligee change the terms of it without his consent, the surety is discharged. Bethune v. Dozier, 1851, 10 Ga. 235. Principal and Surety ⟋ 99

### 2. Law governing

Georgia state rules of decision should have been adopted as federal law governing rights between Small Business Administration (SBA) and Georgia guarantors of SBA loans, as there was no necessity for national rule on liability of SBA guarantors. O.C.G.A. §§ 10–7–21, 10–7–22, 11–9–504(3). Regan v. U.S. Small Business Admin., 1991, 926 F.2d 1078, rehearing denied. Federal Courts ⟋ 413

### 3. Alteration of instrument

Under Civ.Code 1910, § 3543, any change in the terms of a contract by which a new and materially different contract is created is a "novation," and, when made without a surety's consent, discharges him, though the new contract is more favorable to him than the original contract. Paulk v. Williams, 1922, 28 Ga.App. 183, 110 S.E. 632; Taylor v. Johnson, 1855, 17 Ga. 521.

Bank's failure to procure credit requested in connection with loan borrower's son's pledge of certific and personal guaranty was not s in terms of notes as would have charging son as surety; bank's fa most, violation of its obligations Code, §§ 103–203, 109A–3–601, DeKalb County Bank v. Haldi, App. 257, 246 S.E.2d 116. Princ ⟋ 101(1)

Where prime contractors and reached agreement beyond ter stipulated in performance bond, binding on surety. Code, §§ 103– Palmes v. Southern Mechanical C Ga.App. 672, 161 S.E.2d 413. Surety ⟋ 100(1)

A departure from terms of con tract must be such as to prejudice before it may be discharged. P Corp. v. U.S. Cas. Co., 1960 340, 114 S.E.2d 49. Principal a 100(1)

Adding to salesman's bond cover dise, without surety's knowledge, a ly signed bond, condition absolvi obligee from responsibility for los dise consigned, and requiring re return of funds, inventories, and made from consigned stock he fo discharge surety. Civ.Code 19 Smith v. Georgia Battery Co., 193 340, 169 S.E. 381. Principal an ⟋ 101(2)

In an action on a note, where authorized the inference that the tract had been altered after its changing the date from which it ... and that defendants were sureties not consent to such change, it direct a verdict for plaintiff. Paulk 1922, 28 Ga.App. 183, 110 S.E. and Surety ⟋ 101(6)

A substitution of another contrac ing contract whose performance a bond discharges the surety. Haigl 1909, 5 Ga.App. 637, 63 S.E. 71 and Surety ⟋ 100(1)

A material change in a building c out the consent of the surety releas gler v. Adams, 1909, 5 Ga.App. 715. Principal and Surety ⟋ 100(?)

Where, under a building contra sons agreed to erect a house, and conditioned for the compliance w tract, and one of them began th thereafter abandoned it, when the the consent of the owner, and at th the surety, undertook to complete t but failed so to do, the surety's r increased by any act of the owner

AMICUS EXHIBIT 2 - PAGE 17
No. 1:15-cv-2594-MH

r. Pleading & Practice Forms, Rev
...ip, Form 62.
...orms, Legal and Business, Surety
... Guaranty § 8:1.
... Ga. Forms 2nd Ed. (1999 Rev)
...21.

...arge sureties from liability thereun
...§ 103-202. W. T. Rawleigh Co. v.
...1944, 71 Ga.App. 873, 32 S.E.2d
...on ⊗ 1

...der canceled note and loan deed
...al and interest amounted to almost
...al indebtedness, and accepted in
...a series of unsecured, noninterest
...s for amount of principal indebted
...eing made the essence of new con
...contract was a "novation" within
...inition, which the Court of Appeals
...disturb. Code 1933, § 103-202
...sey, 1939, 59 Ga.App. 627, 1 S.E.2d
...on ⊗ 1

...ardian holding security deed note
... two minor wards received pay
...t equal to share of one ward and
...such ward at his majority, "nova
...ainder of debt resulting in loss of
...iginal security deed held not effect
...r's execution of new note and secu
...onveying same property to other
...t majority (Code 1933, §§ 20-115
...Kelley v. Spivey, 1936, 182 Ga. 507
...⊗ 1  Novation ⊗ 1

...annot, at law or in equity, be bound
...by the very terms of his contract
...rincipal and the obligee change the
...without his consent, the surety is
...Bethune v. Dozier, 1851, 10 Ga.
...pal and Surety ⊗ 99

...erning
...tate rules of decision should have
...ed as federal law governing rights
...all Business Administration (SBA)
... guarantors of SBA loans, as there
...ssity for national rule on liability of
...antors.  O.C.G.A.  §§ 10-7-21
...-9-504(3). Regan v. U.S. Small
...min., 1991, 926 F.2d 1078, rehear
...Federal Courts ⊗ 413

...n of instrument
...Code 1910, § 3543, any change in
...f a contract by which a new and
...ifferent contract is created is a "no
...n, when made without a surety's
...charges him, though the new con
...s favorable to him than the original
...aulk v. Williams, 1922, 28 Ga.App.
...632; Taylor v. Johnson, 1855,

Bank's failure to procure credit life insurance requested in connection with loans secured by borrower's son's pledge of certificates of deposit and personal guaranty was not such alteration in terms of notes as would have effect of discharging son as surety; bank's failure was, at most, violation of its obligations under notes. Code, §§ 103-203, 109A-3-601, 109A-10-103. DeKalb County Bank v. Haldi, 1978, 146 Ga. App. 257, 246 S.E.2d 116. Principal and Surety ⊗ 101(1)

Where prime contractors and subcontractor reached agreement beyond terms previously stipulated in performance bond, this was not binding on surety. Code, §§ 103-202, 103-203. Palmes v. Southern Mechanical Co., 1968, 117 Ga.App. 672, 161 S.E.2d 413. Principal and Surety ⊗ 100(1)

A departure from terms of construction contract must be such as to prejudice a paid surety before it may be discharged. Peachtree Roxboro Corp. v. U.S. Cas. Co., 1960, 101 Ga.App. 340, 114 S.E.2d 49. Principal and Surety ⊗ 100(1)

Adding to salesman's bond covering merchandise, without surety's knowledge, and after surety signed bond, condition absolving employer-obligee from responsibility for loss of merchandise consigned, and requiring reports, weekly return of funds, inventories, and that all sales made from consigned stock be for cash, would discharge surety. Civ.Code 1910, § 3543. Smith v. Georgia Battery Co., 1933, 46 Ga.App. 840, 169 S.E. 381. Principal and Surety ⊗ 101(2)

In an action on a note, where the evidence authorized the inference that the original contract had been altered after its execution by changing the date from which it bore interest, and that defendants were sureties only, and did not consent to such change, it was error to direct a verdict for plaintiff. Paulk v. Williams, 1922, 28 Ga.App. 183, 110 S.E. 632. Principal and Surety ⊗ 101(6)

A substitution of another contract for a building contract whose performance is secured by bond discharges the surety. Haigler v. Adams, 1909, 5 Ga.App. 637, 63 S.E. 715. Principal and Surety ⊗ 100(1)

A material change in a building contract without the consent of the surety releases him. Haigler v. Adams, 1909, 5 Ga.App. 637, 63 S.E. 715. Principal and Surety ⊗ 100(1)

Where, under a building contract, two persons agreed to erect a house, and gave a bond conditioned for the compliance with the contract, and one of them began the work and thereafter abandoned it, when the other, with the consent of the owner, and at the instance of the surety, undertook to complete the building, but failed so to do, the surety's risk was not increased by any act of the owner.  Adams v.

Haigler, 1905, 123 Ga. 659, 51 S.E. 638. Principal and Surety ⊗ 100(1)

In an action on a note it appeared that after the instrument, including a note and a conveyance of realty to secure the same, had been signed by defendant as surety and the principal, the latter procured, without the consent of the surety, the signatures of two persons as attesting witnesses to the signature of the principal. Held, that affixing such names was not a material alteration, releasing the surety, unless procured by the payee to defraud the surety. Heard v. Tappan & Merritt, 1904, 121 Ga. 437, 49 S.E. 292. Principal and Surety ⊗ 101(2)

**4.  Change in provisions of contracts**

Any change in terms of contract is novation that will discharge surety who has not consented to change. O.C.G.A. § 10-7-21. Rice v. Georgia R.R. Bank & Trust Co., 1987, 183 Ga. App. 302, 358 S.E.2d 882; Brunswick Nursing & Convalescent Center, Inc. v. Great Am. Ins. Co., 1970, 308 F.Supp. 297; American Sur. Co. of New York v. Garber, 1966, 114 Ga.App. 532, 151 S.E.2d 887; Fairmont Creamery Co. v. Collier, 1917, 21 Ga.App. 87, 94 S.E. 56.

Surety is discharged by contract change, even though surety was not injured by contract change. Code Ga. §§ 103-202, 103-203. Brunswick Nursing & Convalescent Center, Inc. v. Great Am. Ins. Co., 1970, 308 F.Supp. 297. Principal and Surety ⊗ 99

That sureties procured principal to sign an account stated was not a material alteration of contract of suretyship that released sureties. J. R. Watkins Co. v. Brewer, 1945, 36 S.E.2d 442, 73 Ga.App. 331. Principal and Surety ⊗ 99

Where the written contract, of a character required to be in writing, was signed by a surety for contracting party he was not released by parol agreement by the principal, and it did not become binding by complete performance or otherwise. Willis v. Fields, 1909, 132 Ga. 242, 63 S.E. 828. Principal and Surety ⊗ 99

A memorandum at the bottom of a promissory note by the maker, agreeing to pay the note in gold, will release the surety, unless the surety signed the note with the knowledge and understanding that the debt was to be paid in specie. Hanson v. Crawley, 1870, 41 Ga. 303. Principal and Surety ⊗ 99

If a creditor, by an agreement with his principal debtor, for a valuable consideration, without the knowledge or consent of the surety, materially changes the terms of the contract of indebtedness, he thereby releases the surety. Worthan v. Brewster, 1860, 30 Ga. 112. Principal and Surety ⊗ 99

If a plaintiff in a fi. fa. take a new note for his judgment debt, with security, undertaking to deliver the original execution to the securities for their indemnity, and fail to do it, and who,

AMICUS EXHIBIT 2 - PAGE 18
No. 1:15-cv-2594-MH

in consequence thereof, lose the money, they are entitled to their discharge. Jones v. Keer & Hope, 1860, 30 Ga. 93. Principal and Surety ☞ 99

**5. Change in terms of payment**

Change by obligee and principal in terms of payments to contractor from that provided in building contract operates to discharge surety, but change or alteration in contract must be material. Code Ga. §§ 103–202, 103–203. Brunswick Nursing & Convalescent Center, Inc. v. Great Am. Ins. Co., 1970, 308 F.Supp. 297. Principal and Surety ☞ 100(2)

Diversion of over $68,000 of construction funds into pocket of third parties was a material change in payment schedule provisions of construction contract which might discharge surety on payment and performance bond. Code Ga. §§ 103–202, 103–203. Brunswick Nursing & Convalescent Center, Inc. v. Great Am. Ins. Co., 1970, 308 F.Supp. 297. Principal and Surety ☞ 100(2)

Defendants sued on agreement to guarantee faithful performance of contract whereby principal was to purchase medicines from plaintiff on credit for resale held discharged from liability, regardless of whether defendants were sureties or guarantors, where plaintiff agreed, without defendants' consent, to allow principal to sell medicines sold principal on defendants' credit under partial and conditional guaranty to customers by principal and to allow principal to put out medicines on approval, since such alteration of original contract constituted a "novation". Code 1933, § 103–202. H. C. Whitmer Co. v. Sheffield, 1935, 51 Ga.App. 623, 181 S.E. 119. Guaranty ☞ 53(1)

A supplemental contract, providing for submission to arbitration of any disputed question as to what constituted extras, did not discharge the surety on the contractor's bond, though the original contract provided that payments for extras should be made monthly. Massachusetts Bonding & Ins. Co. v. Realty Trust Co., 1914, 83 S.E. 210, 142 Ga. 499, error dismissed 36 S.Ct. 451, 241 U.S. 687, 60 L.Ed. 1237. Principal and Surety ☞ 100(6)

That a building contract provided for changes in the structure to be erected did not authorize a change as to the method and amount of the payments without consent of the sureties on the contractor's bond. Blackburn v. Morel, 1913, 13 Ga.App. 516, 79 S.E. 492. Principal and Surety ☞ 100(4)

**6. Change in quantity or price**

Sureties on a note for $5,000, which the principal in discounting it with a bank reduced to $2,000, held not relieved from liability on the theory that they were willing to become sureties in the sum of $5,000, but not for the amount of

$2,000. Paulk v. Williams, 1922, 28 Ga.App. 183, 110 S.E. 632. Principal and Surety ☞ 101(4)

A guarantor of an account for goods purchased is not as matter of law released from liability by the mere fact that the account has been reduced to a note for the same amount and standing in lieu thereof. Kalmon v. Scarboro, 1912, 11 Ga.App. 547, 75 S.E. 846. Guaranty ☞ 53(3)

Where it does not appear from the petition that the risk of guarantors of an account was increased on reduction of the debt to a note, though the note contained a stipulation for attorney's fees and for interest at 8 per cent. instead of 7 per cent., which the account would have drawn, where the petition does not ask for attorney's fees, nor for interest at the higher rate, the guarantors are liable. Kalmon v. Scarboro, 1912, 11 Ga.App. 547, 75 S.E. 846. Guaranty ☞ 53(3)

**7. Change in obligation or duty of principal**

Surety can be discharged from its obligation under bond if its risk is increased by any act of insured. Armstrong Transfer & Storage Co., Inc. v. Mann Const., Inc., 1995, 217 Ga.App. 538, 458 S.E.2d 481, reconsideration denied. Oellerich v. First Federal Sav. and Loan Ass'n of Augusta, 1977, 552 F.2d 1109; Brunswick Nursing & Convalescent Center, Inc. v. Great Am. Ins. Co., 1970, 308 F.Supp. 297; Sens v. Decatur Federal Sav. & Loan Ass'n, 1981, 159 Ga.App. 767, 285 S.E.2d 226; Parker v. Fidelity Bank, 1979, 151 Ga.App. 733, 261 S.E.2d 465; Palmes v. Southern Mechanical Co., 1968, 117 Ga.App. 672, 161 S.E.2d 413; Evans v. American Nat. Bank & Trust Co. of Chattanooga, Tennessee, 1967, 116 Ga.App. 468, 157 S.E.2d 816; Seaboard Loan Corp. v. McCall, 1940, 61 Ga.App. 752, 7 S.E.2d 318; Brock Candy Co. v. Craton, 1925, 33 Ga.App. 690, 127 S.E. 619; Washington Loan & Banking Co. v. Holliday, 1921, 26 Ga.App. 792, 107 S.E. 370; Fisher v. Shands, 1920, 24 Ga.App. 743, 102 S.E. 190; Dunlop Milling Co. v. Collier, 1917, 19 Ga.App. 725, 92 S.E. 296; Little Rock Furniture Co. v. Jones & Co., 1913, 13 Ga.App. 502, 79 S.E. 375.

For compensated surety to establish defense on ground of novation, he must demonstrate material change yielding actual harm. White v. Phillips, 1982, 679 F.2d 373. Principal and Surety ☞ 97

Even if language of guaranty allowed additional note to be considered novation or increase in risk, guarantors waived any defenses based on novation or additional risk, language of guaranty specifically contemplated increase in obligor's debt and creation of new obligations, and guaranty included waivers of any legal or equitable discharge and of any defense based upon increase in risk. O.C.G.A.

§§ 10–7–21, 10–7–22. Underwood v. ... Banc Real Estate Service, Inc., 199... App. 351, 471 S.E.2d 291. Guar...

Mere inclusion in promissory no... amount owed under guaranty at termination of provision authorizing... attorney fees in event of collection... did not result in any increase in risk so as to discharge them. O.C.G.A. ... Columbia Nitrogen Corp. v. Mason ... Ga.App. 685, 320 S.E.2d 838. Pr... Surety ☞ 97

By virtue of "continuing guaranty..." in agreement for lease of cash regis... to lease agreement were not dischar... count of substitution of cash regist... writing signed by officer of lessor, ... by another provision in lease agre... viding that this instrument consti... contract between parties hereto, an... sentations, oral or written, shall ... amendment hereto unless signed in ... officer of lessor. Union Commer... Corp. v. Beef 'N Burgundy, Inc., ... Ga.App. 257, 270 S.E.2d 696. Pri... Surety ☞ 97

Where lender loaned debtor addit... which it then consolidated with amo... pensated sureties guaranteed, such ... tion was taken without knowledge or ... the uncompensated sureties, and the ... sated sureties, under the guaranty ... agreed to be sureties only for princip... any extensions or renewals of that lo... on the consolidated indebtedness, ... $6,221.23 greater than loan the sure... guarantee, represented new indebt... the new indebtedness was novati... amount owed by the principal disch... uncompensated sureties. Code, §§... seq., 103–202. Upshaw v. First S... 1979, 244 Ga. 433, 260 S.E.2d 483. ... and Surety ☞ 97

Even if one guarantor did not si... note and deed to secure debt, which ... thereafter asserted as the basis for ... where both guarantors did sign se... which renewed earlier note, the form... tor's consent to the later note ratified... acts and, therefore, even if there exis... rial change which amounted to a ... where both guarantors consented to ... there was no novation discharging t... tors. Code, § 103–202. Mauldin v. ... Macon, Inc., 1978, 146 Ga.App. 539, ... 726. Guaranty ☞ 61

Even if father's risk was increase... tion of his son-in-law as a primary ... second note, father was not dischar... contractual obligations under "guara... ment which provided that bank, wit... ing father, might alter, renew, or ext...

408

k v. Williams, 1922, 28 Ga.App.
. 632. Principal and Surety.

r of an account for goods pur-
as matter of law released from
e mere fact that the account has
to a note for the same amount
in lieu thereof. Kalmon v. Scar-
Ga.App. 547, 75 S.E. 846. Guar-

es not appear from the petition
of guarantors of an account was
reduction of the debt to a note,
te contained a stipulation for at
and for interest at 8 per cent,
er cent., which the account would
where the petition does not ask for
s, nor for interest at the higher
ntors are liable. Kalmon v. Scar-
Ga.App. 547, 75 S.E. 846. Guar-

**obligation or duty of principal**

be discharged from its obligation
its risk is increased by any act of
strong Transfer & Storage Co.,
Const., Inc., 1995, 217 Ga.App.
2d 481, reconsideration denied;
irst Federal Sav. and Loan Ass'n
977, 552 F.2d 1109; Brunswick
nvalescent Center, Inc. v. Great
1970, 308 F.Supp. 297; Sens, v.
al Sav. & Loan Ass'n, 1981, 159
285 S.E.2d 226; Parker v. Fidelity
51 Ga.App. 733, 261 S.E.2d 465;
thern Mechanical Co., 1968, 117
161 S.E.2d 413; Evans v. Ameri-
k & Trust Co. of Chattanooga
67, 116 Ga.App. 468, 157 S.E.2d
d Loan Corp. v. McCall, 1940, 61
7 S.E.2d 318; Brock Candy Co. v.
33 Ga.App. 690, 127 S.E. 619;
oan & Banking Co. v. Holliday,
pp. 792, 107 S.E. 370; Fisher v.
, 24 Ga.App. 743, 102 S.E. 190;
g Co. v. Collier, 1917, 19 Ga.App.
296; Little Rock Furniture Co. v.
913, 13 Ga.App. 502, 79 S.E. 375;
sated surety to establish defense
novation, he must demonstrate
ge yielding actual harm. White v.
, 679 F.2d 373. Principal and

guage of guaranty allowed addi-
be considered novation or in-
guarantors waived any defenses
ation or additional risk; language
pecifically contemplated increase
debt and creation of new obli-
guaranty included waivers of any
ble discharge and of any defense
increase in risk. O.C.G.A.

§§ 10–7–21, 10–7–22. Underwood v. Nations-
Banc Real Estate Service, Inc., 1996, 221 Ga.
App; 351, 471 S.E.2d 291. Guaranty ⟵ 72

Mere reduction in promissory note covering
amount owed under guaranty at time of its
termination of provision authorizing recovery of
attorney fees in event of collection by attorney
did not result in any increase in risk to sureties
so as to discharge them. O.C.G.A. § 10–7–22.
Columbia Nitrogen Corp. v. Mason, 1984, 171
Ga.App. 685, 320 S.E.2d 838. Principal and
Surety ⟵ 97

By virtue of "continuing guaranty" provision
in agreement for lease of cash register, sureties
to lease agreement were not discharged on ac-
count of substitution of cash registers without
writing signed by officer of lessor, as required
by another provision in lease agreement pro-
viding that this instrument constitutes entire
contract between parties hereto, and no repre-
sentations, oral or written, shall constitute
amendment hereto unless signed in writing by
officer of lessor. Union Commerce Leasing
Corp. v. Beef 'N Burgundy, Inc., 1980, 155
Ga.App. 257, 270 S.E.2d 696. Principal and
Surety ⟵ 97

Where lender loaned debtor additional sums
which it then consolidated with amount uncom-
pensated sureties guaranteed, such consolida-
tion was taken without knowledge or consent of
the uncompensated sureties, and the uncompen-
sated sureties, under the guaranty agreement,
agreed to be sureties only for original loan and
any extensions or renewals of that loan, the note
on the consolidated indebtedness, which was
$6,221.23 greater than loan the sureties agreed
to guarantee, represented new indebtedness and
the new indebtedness was novation discharging
the uncompensated sureties. Code, §§ 103–101 et
seq., 103–202. Upshaw v. First State Bank,
1979, 244 Ga. 433, 260 S.E.2d 483. Principal
and Surety ⟵ 97

Even if one guarantor did not sign original
note and deed to secure debt, which guarantors
thereafter asserted as the basis for a novation,
where both guarantors did sign second note
which renewed earlier note, the former guaran-
tor's consent to the later note ratified the earlier
acts and, therefore, even if there existed a mate-
rial change which amounted to a novation,
where both guarantors consented to the change,
there was no novation discharging the guaran-
tors. Code, § 103–202. Mauldin v. Lowe's of
Macon, Inc., 1978, 146 Ga.App. 539, 246 S.E.2d
726. Guaranty ⟵ 61

Even if father's risk was increased by reten-
tion of his son-in-law as a primary obligor on
second note, father was not discharged from his
contractual obligations under "guaranty" agree-
ment which provided that bank, without notify-
ing father, might alter, renew, or extend daugh-

ter's present or future liabilities and obtain the
primary liability of a third party with regard to
those liabilities. Code, §§ 103–101, 103–202,
103–203. Dunlap v. Citizens and Southern De-
Kalb Bank, 1975, 134 Ga.App. 893, 216 S.E.2d
651. Guaranty ⟵ 53(1)

A contract of two persons as sureties to pay
for goods sold to principal and all indebtedness
of principal to seller under prior contract was
not inconsistent with, and did not increase sure-
ties' risk under, prior suretyship contract, obli-
gating one of such sureties and two others to
pay for all products sold to principal under first
contract, as second contract simply gave seller
additional security for payment of debt. Code,
§ 103–203. W. T. Rawleigh Co. v. Overstreet,
1944, 71 Ga.App. 873, 32 S.E.2d 574. Principal
and Surety ⟵ 109

Payee's acceptance of renewal note with
forged signatures of sureties, disaffirmed by suit
on original note, held not to discharge sureties.
Civ.Code 1910, §§ 3543, 3544. Payne v. Fourth
Nat. Bank, 1928, 38 Ga.App. 41, 142 S.E. 310.
Principal and Surety ⟵ 105(3)

Acceptance of new note, without consent of
surety, extending time of payment of original
matured note, held to release surety, notwith-
standing parol agreement or understandings to
contrary. Civ.Code 1910, § 3544. Atlanta &
Lowry Nat. Bank v. Maughon, 1926, 35 Ga.App.
25, 131 S.E. 916. Principal and Surety ⟵
105(3)

Surety discharged where purchase-money
note renewed without his consent. Nunnally v.
J.B. Colt Co., 1925, 34 Ga.App. 247, 129 S.E.
119. Principal and Surety ⟵ 105(3)

Sureties on note were not discharged, under
Civ.Code 1910, §§ 3543, 3544, by payee's ac-
ceptance of renewal note with forged signatures
of sureties thereon, where payee, on discovery
of the fraud, promptly disaffirmed its accep-
tance of the renewal note by retaking and suing
on the original note. Biddy v. People's Bank,
1923, 29 Ga.App. 580, 116 S.E. 222. Principal
and Surety ⟵ 105(3)

The guarantor of a debt is not discharged by
the act of the creditor in taking a note from the
debtor without the consent of the guarantor.
Scarboro v. Kalmon, 1913, 13 Ga.App. 28, 78
S.E. 686. Guaranty ⟵ 61

If a note given for the price of two mules was
signed by one of the makers as surety, the
return of one of the mules by the buyer to the
seller without the surety's knowledge and its
acceptance by the seller at the same value for
which it had been sold, a credit for such
amount being entered on the note, did not
change the contract of suretyship, nor injure the
surety, and its liability was not affected thereby.
Whigham v. W. Hall & Co., 1911, 8 Ga.App.
509, 70 S.E. 23. Principal and Surety ⟵ 97

409

AMICUS EXHIBIT 2 - PAGE 20
No. 1:15-cv-2594-MH

A creditor of a partnership, who has notice of dissolution and of an agreement by the continuing partner to assume the debts, is bound thereafter to accord to the retiring partner all the rights of a surety, and if, without his knowledge or consent, the creditor takes from the continuing partner a renewal of the firm indebtedness, and extends the time of payment thereof, the retiring partner is released from the indebtedness, and the creditor must thereafter look only to the firm assets and to the individual assets of the continuing partner. Preston v. Garrard, 1904, 120 Ga. 689, 48 S.E. 118, 102 Am.St.Rep. 124. Principal and Surety ⟜ 105(3).

That a surety is released from liability because of a change in the contract between the principals whereby the risk of the surety is increased, is a plea which the surety has the privilege of making, or not at his option. It is not a plea of which the principal can take advantage. Simmons v. Goodrich, 1882, 68 Ga. 750. Principal and Surety ⟜ 97

The bond in this case provided for changing so as to meet the varying business of the company. Simmons v. Goodrich, 1882, 68 Ga. 750. Principal and Surety ⟜ 98

Alston, the public printer, was insolvent; he had misappropriated $5,000.00 of the public funds advanced to him, and had become liable for liquidated damages amounting to $3,000.00 in addition. The governor, as agent of the state, received $198,202.58 from a claim of the state against the United States. He did not deposit all of it in the state treasury; but, out of the sum so collected, paid to the use of Alston $15,000 as a fee in connection with said claim. The indebtedness of Alston to the state was not reserved out of this amount. Held, that such action increased the liability of the sureties on Alston's bond, and thereby discharged them. If the governor had paid the money received by him into the state treasury, and Alston had presented his claim and it had been found due, the state, as a creditor, would have been bound to have retained enough out of what was due him to satisfy his liability, for the protection of its own interest as well as that of the securities—he being insolvent. It can make no difference, so far as this principle is concerned, that the governor as the agent of the state, paid the money directly to the use of Alston instead of first paying it into the treasury. Walsh v. Colquitt, 1880, 64 Ga. 740. Principal and Surety ⟜ 117

Deviations from the terms of a bond for the collection and payment of money by an agent, in order to discharge a surety on the bond, must be authorized by the employer without the surety's consent. Charlotte, Columbia and Augusta R. Co. v. Gow, 1877, 59 Ga. 685. Principal and Surety ⟜ 97

Neither the omission of some act not specially enjoined by law, nor the commission of some act expressly authorized by law, by the creditor, which tends to increase the risk of the surety, will operate as a discharge. Stewart v. Barrow, 1876, 55 Ga. 664. Principal and Surety ⟜ 97

Where a proposition is made to the principal debtor in the judgment to pay less than one-half in satisfaction thereof, to which the plaintiff assented provided the payment should be made within thirty days, this, without more, did not injure the surety or increase his risk, or expose him to greater liability, by which he would be discharged. Sullivan v. Hugely, 1873, 48 Ga. 486. Principal and Surety ⟜ 97

If the obligee bind himself to furnish 800 acres of pine land to furnish stocks for a saw mill, and the principal accept 680 acres in fulfillment of the contract, without the consent of the surety, it is such an alteration of the original bargain as will discharge the surety. Bethune v. Dozier, 1851, 10 Ga. 235. Principal and Surety ⟜ 4

**8. Change in parties to obligation secured**

Addition of party as joint general contractor was not material change entitling surety to discharge its obligation under performance bond additional party was in fact only agent of original general contractor, and there was no change in actual relationship of parties. Armstrong Transfer & Storage Co., Inc. v. Mann Const., Inc., 1995, 217 Ga.App. 538, 458 S.E.2d 481, reconsideration denied. Principal and Surety ⟜ 102

Statute providing that novation in contract made without surety's consent discharges surety did not apply in action to recover under payment and performance bond brought against compensated surety. Code, § 103–202. Travelers Indem. Co. v. Sasser & Co., 1976, 138 Ga.App. 361, 226 S.E.2d 121. Principal and Surety ⟜ 102

Allowance against defunct bank of claim on certificate of deposit issued by bank did not work novation between bank and depositor releasing sureties on certificate. Laws 1919, p. 158, art. 7, § 13; art. 7, § 15, as amended by Laws 1927, p. 198, § 4; p. 159, art. 7, § 18, as amended by Laws 1925, p. 128. Council v. Freeman, 1931, 42 Ga.App. 632, 157 S.E. 263. Principal and Surety ⟜ 102

Building contractors agreed to erect a house according to certain plans by a named date, and gave a bond conditioned for the compliance with the contract, or that the surety would do so for them. One of the contractors alone began the work, but abandoned it, whereupon the other contractor, with the consent of the owner, and at the instance of the surety, undertook to complete the building, but failed to furnish all materials and labor. Held, that the act of such

partner in carrying out the ... novation but in pursuance of ... tract. Adams v. Haigler, 1905 ... S.E. 638. Principal and Surety ...

Where a sheriff's bond was ... proper officer "on the additio... tional security," whether the ... bond is destroyed by such a ... without the knowledge of the ... quire. Taylor v. Johnson, 18 ... Principal and Surety ⟜ 102

**9. Substitution of new obl... same parties**

In order for Georgia statutes ... tion to apply, circumstances ... will in law imply a mutual ... whereby new, distinct and de ... supplied in lieu of those provide ... contract. Code Ga. Secs. 2 ... Pittsburgh Plate Glass Co. v ... F.Supp. 723, modified 131 F.2d ...

Creditor's claim for interest ... balance on open account was ... oral agreement that debtor was ... pay interest, so as to discharge ... sonal guarantor; claim for in ... change terms of account agreem... §§ 7–4–16, 10–7–21. Charles S ... illing Co., Inc. v. Bernhardt ... 1994, 213 Ga.App. 481, 445 S.E ... tion ⟜ 4

**10. Extension of time for pay... performance**

Agreement between lender an... on payment of delinquencies plu... and reinstatement fees authorize ... by lender, lender would grant 9 ... um on payment of notes and v ... out charges accruing during m ... remaining terms of loans did no ... tion which, thereby, discharged ... ligation of allowing lender to cre ... by borrower against surety's sa ... Code, § 103–202. Sens v. Decat ... & Loan Ass'n, 1981, 159 Ga. ... S.E.2d 226. Principal and Sur ...

Although promissory note conta ... homestead and exemption righ ... this debt or any renewal or exte ... where nothing tended to establi ... had in fact consented to extensio ... payment and where one creditor ... that he was given distinct impress ... had authorized modification to n ... he did not know if creditor was c ... had nothing to do with subs ... ment creditors failed to show tha ... promissory note was made ... knowledge or consent as require ... to terms of modification. Code, §...

ANNUL EXHIBIT 2 - PAGE 21
No. 1:15-cv-02594-MH

er the omission of some act not specially
d by law, nor the commission of some
essly authorized by law, by the creditor,
ends to increase the risk of the surety, op-
rate as a discharge. Stewart v. Barrow,
5 Ga. 664. Principal and Surety ⟐ 97

a proposition is made by the principal
a the judgment to pay less than one-half,
action thereof, to which the plaintiff
provided the payment should be made
hirty days, this, without more, did not
e surety or increase his risk, or expose
greater liability, by which he would
Sullivan v. Hugely, 1873, 48 Ga.
ncipal and Surety ⟐ 97

obligee bind himself to furnish 300,-
pine land to furnish stocks for a saw
the principal accept 680 acres in full
of the contract, without the consent of
us will discharge the surety. Bethune
1851, 10 Ga. 235. Principal and
97

ge in parties to obligation secured
n of party as joint general contractor
material change entitling surety to dis-
obligation under performance bond
party was in fact only agent of origi-
ral contractor, and there was no
actual relationship of parties. Arm-
ansfer & Storage Co., Inc. v. Mann,
1995, 217 Ga.App. 538, 458 S.E.2d
nsideration denied. Principal and
102

providing that novation in contract
out surety's consent discharges surety
pply in action to recover under pay-
performance bond brought against
ed surety. Code, § 103–202. Travel-
Co. v. Sasser & Co., 1976, 138
51, 226 S.E.2d 121. Principal and
102

e against defunct bank of claim on
of deposit issued by bank did not
ion between bank and depositor re-
eties on certificate. Laws 1919, p.
§ 13; art. 7, § 15, as amended by
p. 198, § 4; p. 159, art. 7, § 18; as
y Laws 1925, p. 128. Council v.
931, 42 Ga.App. 632, 157 S.E. 263.
d Surety ⟐ 102

contractors agreed to erect a house
certain plans by a named date, and
d condition for the compliance of
tract, or that the surety would do so,
One of the contractors alone began
t abandoned it, whereupon the oth-
r, with the consent of the owner,
nstance of the surety, undertook to
building, but failed to furnish all
labor. Held, that the act of such

partner in carrying out the work was not a
novation but in pursuance of the original con-
tract. Adams v. Haigler, 1905, 123 Ga. 659, 51
S.E. 638. Principal and Surety ⟐ 102

Where a sheriff's bond was approved by the
proper officer "on the addition of A. as addi-
tional security," whether the identity of the
bond is destroyed by such addition, if made
without the knowledge of the original security,
quære. Taylor v. Johnson, 1855, 17 Ga. 521.
Principal and Surety ⟐ 102

**9. Substitution of new obligation between
same parties**

In order for Georgia statutes relating to nova-
tion to apply, circumstances must be such as
will in law imply a mutual new agreement,
whereby new, distinct and definite terms are
supplied in lieu of those provided in the original
contract. Code Ga. Secs. 20–115, 103–202.
Pittsburgh Plate Glass Co. v. Jarrett, 1942, 42
F.Supp. 723, modified 131 F.2d 674. Novation
⟐ 4

Creditor's claim for interest on outstanding
balance on open account was not a novation of
oral agreement that debtor was not required to
pay interest, so as to discharge liability of per-
sonal guarantor; claim for interest did not
change terms of account agreement. O.C.G.A.
§§ 7–4–16, 10–7–21. Charles S. Martin Distrib-
uting Co., Inc. v. Bernhardt Furniture Co.,
1994, 213 Ga.App. 481, 445 S.E.2d 297. Nova-
tion ⟐ 4

**10. Extension of time for payment or other
performance**

Agreement between lender and borrower that
on payment of delinquencies plus late payment
and reinstatement fees authorized by notes held
by lender, lender would grant 90-day moratori-
um on payment of notes and would amortize
out charges accruing during moratorium over
remaining terms of loans did not create nova-
tion which, thereby, discharged surety from ob-
ligation of allowing lender to credit balance due
by borrower against surety's savings account.
Code, § 103–202. Sens v. Decatur Federal Sav.
& Loan Ass'n, 1981, 159 Ga.App. 767, 285
S.E.2d 226. Principal and Surety ⟐ 104(1)

Although promissory note contained waiver of
homestead and exemption rights "as against
this debt or any renewal or extension thereof,"
where nothing tended to establish that surety
had in fact consented to extension of time for
payment and where one creditor, who averred
that he was given distinct impression that surety
had authorized modification to note, stated that
he did not know if creditor was consulted about
or had anything to do with subsequent agree-
ment, creditors failed to show that modification
of promissory note was made with surety's
knowledge or consent as required to bind him
to terms of modification. Code, §§ 109A–3–606,

109A–3–606(1)(a). Kellett v. Stanley, 1980, 153
Ga.App. 854, 267 S.E.2d 282. Principal and
Surety ⟐ 104(1)

Creditors' grant of extension of time for pay-
ment to debtor without surety's consent dis-
charged surety from his obligation as surety
under promissory note. Code, §§ 109A–3–606,
109A–3–606(1)(a). Kellett v. Stanley, 1980, 153
Ga.App. 854, 267 S.E.2d 282. Principal and
Surety ⟐ 104(1)

Extension of maturity of note for definite peri-
od fixed by valid agreement between payee and
principal obligor, without consent of surety, dis-
charges surety. Civ.Code 1910, §§ 3542–3544,
3547. Benson v. Henning, 1935, 50 Ga.App.
492, 178 S.E. 406. Principal and Surety ⟐
104(1)

Payment of interest included in note does not
extend maturity thereof as regards surety. First
Nat. Bank v. Chipstead, 1932, 45 Ga.App. 113,
163 S.E. 306. Principal and Surety ⟐ 104(1)

Plea of surety improperly stricken on demur-
rer. Nunnally v. J.B. Colt Co., 1925, 34 Ga.
App. 247, 129 S.E. 119. Principal and Surety
⟐ 104(1)

That a surety may be discharged because of
increasing his risk by extension of time to the
principal without his consent, three things are
necessary: First, at the time the indulgence is
granted the owner and holder must know that
the surety was such; second, there must be a
sufficient consideration, and third, the indul-
gence must be for a definite period. Hays v.
Edwards, 1924, 31 Ga.App. 725, 121 S.E. 858.
Principal and Surety ⟐ 104(1)

Extension of time of payment of note will
discharge surety only when for a definite peri-
od, for a valuable consideration, and without
surety's consent. Turner v. Womack, 1923, 30
Ga.App. 147, 117 S.E. 104. Principal and Sure-
ty ⟐ 104(1)

A contractor's bond, conditioned for prompt
payment of all indebtedness to those furnishing
labor or material, is an obligation to pay any
indebtedness of contractor so arising, and ex-
tension by contractor of the time for payment of
any such indebtedness will not necessarily dis-
charge his surety. National Sur. Co. v. Walker
County, 1920, 25 Ga.App. 643, 104 S.E. 18.
Principal and Surety ⟐ 104(1)

In suit against contractor and surety on his
bond by one who had supplied material, sure-
ty's defense based on contractor's extension of
time of payment of indebtedness in suit, evi-
denced by his note, accepted by plaintiff and
falling due within period provided by statute
within which suit on original indebtedness may
be brought, and within the time such liens may
be asserted, was properly stricken on demurrer.
National Sur. Co. v. Walker County, 1920, 25
Ga.App. 643, 104 S.E. 18. Principal and Surety
⟐ 104(1)

411

AMICUS EXHIBIT 2 - PAGE 22
No. 1:15-cv-2594-MH

§ 10–7–21  COMMERCE & TRADE  SURETYSHIP

Note 10

Under Civ.Code 1910, § 3544, extension of time, by the creditor on payment of usurious interest by the principal, without the surety's knowledge or consent, discharges the surety. Pickett v. Brooke, 1920, 24 Ga.App. 651, 101 S.E. 814. Principal and Surety ⚭ 108(4)

If payee under a valid agreement with principal and without consent of surety extends time of maturity, the surety will be released. Duckett v. Martin, 1919, 23 Ga.App. 630, 99 S.E. 151. Principal and Surety ⚭ 104(1)

An extension of time will not discharge a surety unless there be not only an agreement for the extension, but an indulgence extended for a definite period fixed by the agreement. Ver Nooy v. Pitner, 1915, 17 Ga.App. 229, 86 S.E. 456. Principal and Surety ⚭ 104(1)

The withholding of money until the adjustment of a controversy between the architect and the contractor as to the proper performance of the contract held not to release the surety on the contractor's bond, though the original contract provided that payments should be made monthly on approval of the architect. Massachusetts Bonding & Ins. Co. v. Realty Trust Co., 1914, 83 S.E. 210, 142 Ga. 499, error dismissed 36 S.Ct. 451, 241 U.S. 687, 60 L.Ed. 1237. Principal and Surety ⚭ 104(1)

The period of extension of payment given the principal debtor must be fixed and definite in order to discharge the surety. Bunn v. Commercial Bank of Cedartown, 1896, 98 Ga. 647, 26 S.E. 63. Principal and Surety ⚭ 106

The mere ex parte making of a writing by a debtor, in which he conveyed to his creditor certain property, whether as payment or security, is not sufficient to effect a discharge of his surety, it not appearing that the writing was delivered to the creditor, or that he ever received the property. Haywood v. Lewis, 1880, 65 Ga. 221. Principal and Surety ⚭ 104(1)

For the guardian to reject a tender of payment in Confederate money, made by the principal in 1864, after the note matured, and for him also to discourage the pressing of the tender by a naked promise not to call for payment until after the close of the war, were not wrongful to the surety. Bonner v. Nelson, 1876, 57 Ga. 433. Principal and Surety ⚭ 104(1)

Such promise, made and kept without the surety's knowledge or consent, did not discharge him, notwithstanding the principal was solvent when the promise was made, and afterwards became insolvent. It created no binding contract; and the whole transaction amounted to mere indulgence, without any act or omission contrary to the creditor's duty to the surety, who so far as appears, gave no notice to sue or to coerce payment. Bonner v. Nelson, 1876, 57 Ga. 433. Principal and Surety ⚭ 104(1)

Indulgence by a creditor to a principal debtor, for a valuable consideration, whether with or without the knowledge of the security, discharges the latter. To make this principle applicable, the creditor must have known, at the time of the indulgence, that the defendant setting up such discharge, signed the note as security. Stewart v. Parker, 1876, 55 Ga. 656. Principal and Surety ⚭ 104(1)

A and B made and delivered to C their joint and several promissory note, due twelve months after date. C afterwards, for a valuable consideration, agreed with A, without the consent of B, to extend the time of payment twelve months longer. C endorsed and delivered the note to D after it was due, with notice of the extension of the time of payment. D, after said time expired, sued A and B, as makers, and C as endorser, and obtained judgment. B, who was then absent in the military service, returned, after the rendition of judgment, and entered an appeal within the time allowed by the Ordinance of the Convention of 1865, and set up the defence that he was only a surety for A, and had no interest in the consideration of the note. A, who had entered no appeal, died before the trial, and was not a party to the "issue on trial": Held, the evidence that B was only a surety, and that C knew that A was to pay the debt, was sufficient to sustain the finding of the jury, and the extension of time of payment given by C to A, without the consent of B., the surety, released him. Perry v. Hodnett, 1868, 38 Ga. 103. Principal and Surety ⚭ 104(1)

Where a creditor receives from the debtor interest in advance on the debt, the latter implies an agreement of forbearance during the time for which such interest is paid, if there is no agreement to the contrary. Scott v. Saffold, 1867, 37 Ga. 384. Principal and Surety ⚭ 104(1)

Where the holder of a promissory note, without the assent of the surety, agreed with principal to wait twelve months, in consideration of the promise of sixteen per cent. interest; and for the nine per cent. usurious interest took a new note with security, a portion of which usurious note was subsequently paid, and the time was given accordingly; Held, that the surety to the original note was discharged. Camp v. Howell, 1867, 37 Ga. 312. Principal and Surety ⚭ 104(1)

Where there has been no levy made upon the property of a principal in judgment, and no notice given by the surety to proceed against the property of his principal, the rules of law regarding forbearance are the same after judgment as before. Crawford v. Gaulden, 1862, 33 Ga. 173. Principal and Surety ⚭ 104(1)

A promise to forbear, for a definite time, will not discharge surety, unless it be a promise binding in law upon the creditor, "such as will tie his hands." Crawford v. Gaulden, 1862, 33 Ga. 173. Principal and Surety ⚭ 104(1)

412

"Whenever the holder of a pro signed by a principal and suret time of payment to the principa concurrence of the surety, for the avoiding a defense to the note wh by the principal, the surety is dis all liability on the note. Wortha 1860, 30 Ga. 112. Principal a 104(1)

**11. Negotiable instruments**

Obligation of comaker of thir renewal notes was discharged fol quent renewals at increased intere provisions of note did not cov modifications of the interest rate did not sign subsequent renewa §§ 10-7-1, 10-7-21, 10-7-22, 11-3-601(2). Bank of Terrell v. 177 Ga.App. 715, 341 S.E.2d 25 Notes ⚭ 140

Where officers and stockholders ally guaranteed their corporation corporate officers, signed the le which effectuated giving of securit ing of notes and deed to secure without the guarantors' consent result in a novation. Code, § 103 din v. Lowe's of Macon, Inc., 1978 539, 246 S.E.2d 726. Novation ⚭

Material change in contract of tion indorser, without his expres consent, will defeat action against or holder of altered note, althoug appear by whom alteration was n statute, governing effect of alteratio fective either before or after enact tiable instruments law (Civ.Code 1 3543, 4296; Laws 1924, p. 151, Hamby v. Crisp, 1934, 172 S.E. 84 418. Alteration of Instruments ⚭

Change of note or accommoda ment from instrument not under under seal, thereby extending lim six to twenty years, constitutes m tion (Civ.Code 1910, §§ 5, 3541, Hamby v. Crisp, 1934, 172 S.E. 84 418. Alteration of Instruments ⚭

Where note sued on was execute before enactment of negotiable inst questions presented were determin cedent law (Laws 1924, p. 126). Crisp, 1934, 172 S.E. 842, 48 ( Alteration of Instruments ⚭ 20

Where a new note is accepted by indorsee of a note in renewal of a n ly given, without the consent of a on, this amounts to a novation an the surety. E. Matthews & Son 1913, 13 Ga.App. 412, 79 S.E. 22 and Surety ⚭ 105(3)

PLAINTIFF'S EXHIBIT 2 - PAGE 23
No. 1:15-cv-2594-MH

the knowledge of the security, dis- latter. To make this principle ap- creditor must have known, at the indulgence, that the defendant set- d discharge, signed the note as secu- art v. Parker, 1876, 55 Ga. 656. d Surety ☞ 104(1)

made and delivered to C their joint promissory note, due twelve months C afterwards, for a valuable consid- reed with A, without the consent of l the time of payment twelve months ndorsed and delivered the note to D due, with notice of the extension of payment. D, after said time expired, B, as makers, and C as endorser, d judgment. B, who was then ab- military service, returned, after the judgment, and entered an appeal ime allowed by the Ordinance of the of 1865, and set up the defence that a surety for A, and had no interest deration of the note. A, who had ppeal, died before the trial, and was to the "issue on trial": Held, the at B was only a surety, and that C was to pay the debt, was sufficient ne finding of the jury, and the exten- of payment given by C to A, without of B, the surety, released him. dnett, 1868, 38 Ga. 103. Principal ☞ 104(1)

creditor receives from the debtor dvance on the debt, the latter im- reement of forbearance during the ich such interest is paid, if there is nt to the contrary. Scott v. Saffold, ia. 384. Principal and Surety ☞

holder of a promissory note, with- ent of the surety, agreed with the wait twelve months, in consider- promise of sixteen per cent. inter- the nine per cent. usurious interest note with security, a portion of ous note was subsequently paid, and s given accordingly; Held, that the he original note was discharged. owell, 1867, 37 Ga. 312. Principal ☞ 104(1)

re has been no levy made upon the a principal in judgment, and no by the surety to proceed against the his principal, the rules of law re- bearance are the same after judg- ore. Crawford v. Gaulden, 1862, 33 incipal and Surety ☞ 104(1)

to forbear, for a definite time, will g surety, unless it be a promise aw upon the creditor, "such as will s." Crawford v. Gaulden, 1862, 33 incipal and Surety ☞ 104(1)

Whenever the holder of a promissory note, signed by a principal and surety, extends the time of payment to the principal, without the concurrence of the surety, for the purpose of avoiding a defense to the note which is claimed by the principal, the surety is discharged from all liability on the note. Worthan v. Brewster, 1860, 30 Ga. 112. Principal and Surety ☞ 104(1)

**11.    Negotiable instruments**

Obligation of comaker of third in series of renewal notes was discharged following subse- quent renewals at increased interest rate where provisions of note did not cover subsequent modifications of the interest rate and comaker did not sign subsequent renewals. O.C.G.A. §§ 10-7-1, 10-7-21, 10-7-22, 11-3-415(3), 11-3-601(2). Bank of Terrell v. Webb, 1986, 177 Ga.App. 715, 341 S.E.2d 258. Bills and Notes ☞ 140

Where officers and stockholders who person- ally guaranteed their corporation's account, as corporate officers, signed the legal documents which effectuated giving of security, seller's tak- ing of notes and deed to secure debt was not without the guarantors' consent and did not result in a novation. Code, § 103-202. Maul- din v. Lowe's of Macon, Inc., 1978, 146 Ga.App. 539, 246 S.E.2d 726. Novation ☞ 7

Material change in contract of accommoda- tion indorser, without his express or implied consent, will defeat action against him by payee or holder of altered note, although it does not appear by whom alteration was made, general statute governing effect of alteration being inef- fective either before or after enactment of nego- tiable instruments law (Civ.Code 1910, §§ 3541, 3543, 4296; Laws 1924, p. 151, §§ 124, 125). Hamby v. Crisp, 1934, 172 S.E. 842, 48 Ga.App. 418. Alteration of Instruments ☞ 20

Change of note or accommodation indorse- ment from instrument not under seal to one under seal, thereby extending limitations from six to twenty years, constitutes material altera- tion (Civ.Code 1910, §§ 5, 3541, 4359, 4361). Hamby v. Crisp, 1934, 172 S.E. 842, 48 Ga.App. 418. Alteration of Instruments ☞ 5(2)

Where note sued on was executed and altered before enactment of negotiable instruments law, questions presented were determinable by ante- cedent law (Laws 1924, p. 126). Hamby v. Crisp, 1934, 172 S.E. 842, 48 Ga.App. 418. Alteration of Instruments ☞ 20

Where a new note is accepted by the payee or indorsee of a note in renewal of a note previous- ly given, without the consent of a surety there- on, this amounts to a novation and discharges the surety. E. Matthews & Son v. Richards, 1913, 13 Ga.App. 412, 79 S.E. 227. Principal and Surety ☞ 105(3)

If, after a promissory note payable to a named payee or bearer is signed by one as surety, the principal, before it came into the hands of one who thereafter received it as bearer in the course of negotiation, before due, so alters the same as to increase the rate of interest agreed to be paid from 8 to 12 per cent., such note is by such alteration rendered void as to such surety; and this is true even though, at the time it came into the hands of such bearer, he had no notice of the alteration by the principal. Hill v. O'Neill, 1897, 101 Ga. 832, 28 S.E. 996. Altera- tion of Instruments ☞ 5(2)

**12.    Performance of contract**

If the creditor enlarges the time for the per- formance of a contract, without the consent of the surety thereon, the latter will be discharged. Worthan v. Brewster, 1860, 30 Ga. 112. Princi- pal and Surety ☞ 104(1)

**13.    Notice to creditor of relation of parties**

Where the holder of a note extends time for payment, the sureties thereon, who had no no- tice of such extension, will not be released from liability if, on the face of such note, they appear to be principals, and the holder, at the time he extended payment, had no actual notice that they were sureties. Stewart v. Parker, 1876, 55 Ga. 656. Principal and Surety ☞ 104(5)

Where it does not appear on the face of a note, and is not known to the payee, that a joint maker is surety for the other, an extension of time granted to the principal will not release the surety. Howell v. Lawrenceville Mfg. Co., 1860, 31 Ga. 663. Principal and Surety ☞ 104(5)

**14.    Validity of agreements**

Surety is not discharged by agreement be- tween principal and creditor, such as extension of contract, when person who purports to repre- sent obligee lacks authority to do so. Code Ga. §§ 103-202, 103-203. Brunswick Nursing & Convalescent Center, Inc. v. Great Am. Ins. Co., 1970, 308 F.Supp. 297. Principal and Surety ☞ 105(2)

An agreement by a creditor with the debtor to postpone the day of payment discharges the sureties, even though such agreement is usuri- ous. Knight v. Hawkins, 1894, 93 Ga. 709, 20 S.E. 266. Principal and Surety ☞ 105(1)

A stipulation between the creditor and the principal debtor, at the time certain property was received in part payment of a debt, that the latter might redeem it within a given time by payment of the whole debt, is no contract for indulgence on the debt, but a mere agreement for the privilege of redemption, and is therefore no discharge of the surety. Marshall v. Dixon, 1889, 82 Ga. 435, 9 S.E. 167. Principal and Surety ☞ 105(1)

413

AMICUS EXHIBIT 2 - PAGE 24
No. 1:15-cv-2594-MH

When, by fraud, the payee of a note is induced to extend the time for payment, if, on discovering the fraud, he acquiesces, instead of acting, and the position of a surety on the note is thus altered to his disadvantage, the surety is discharged. Burnap v. Robertson, 1885, 75 Ga. 689. Principal and Surety ⟨⟩ 105(1)

**15. Release or loss of other securities**

When a surety, or accommodation indorser, signs a note, the consideration of which is that it shall be held by the bank where it is negotiated, as collateral security for another note or draft due said bank, and the bank, without the knowledge and consent of the surety, changes the contract by releasing the acceptor and indorser of that other note or draft, the surety or accommodation indorser of the collateral note is discharged. Stallings v. Bank of Americus, 1877, 59 Ga. 701. Principal and Surety ⟨⟩ 115(1)

**16. Release of cosureties**

Plaintiffs' acceptance of less than total sum owed under promissory notes did not discharge nonsettling guarantors as cosureties on notes; since guarantors were individually liable, and not jointly liable, they were not "co-sureties" within meaning of statute providing that release of one surety shall discharge a cosurety. O.C.G.A. § 10–7–20. Marret v. Scott, 1994, 212 Ga.App. 427, 441 S.E.2d 902. Guaranty ⟨⟩ 63

Settlement agreement between plaintiffs and several guarantors, entered into without knowledge and consent of nonsettling guarantors, did not amount to novation releasing nonsettling guarantors as sureties; because nonsettling guarantors were not jointly liable for same portions of total debt to plaintiffs, any novation by virtue of settlement agreement would not operate to release them from their own individual liabilities. Marret v. Scott, 1994, 212 Ga.App. 427, 441 S.E.2d 902. Guaranty ⟨⟩ 63

Settlement agreement between plaintiffs and several guarantors did not preclude plaintiffs from enforcing judgment entered against nonsettling guarantors; settling guarantors were dismissed from action before retrial, and final judgment was not entered against them and, accordingly, no existing judgment, pursuant to which both nonsettling guarantors and settling guarantors were joint debtors, had been extinguished by settlement agreement, regardless of its ultimate characterization as mere covenant not to sue or as promise never to enforce judgment. Marret v. Scott, 1994, 212 Ga.App. 427, 441 S.E.2d 902. Guaranty ⟨⟩ 63

Creditor's release of cosurety without surety's consent also discharged surety. O.C.G.A. §§ 10–7–20, 10–7–21. Hendricks v. Davis, 1990, 196 Ga.App. 286, 395 S.E.2d 632, certiorari denied. Principal and Surety ⟨⟩ 116

**17. Extension after maturity of obligation**

Where, after maturity of a note, the debtor pays to the creditor a sum representing advance interest at the rate of 8 per cent. for a definite period of time, in consideration of an extension of time of payment of the principal, such agreement, although not in writing, was valid, and when made without the surety's consent releases him, in view of Civ.Code 1910, § 3543. Lewis v. Citizens' & Southern Bank, 1924, 31 Ga. App. 597, 121 S.E. 524, affirmed 159 Ga. 551, 126 S.E. 392; Smith v. First Nat. Bank, 1908, 5 Ga.App. 139, 62 S.E. 826.

Acceptance of interest in advance after maturity extends time for paying note and discharges surety not consenting to extension. Civ.Code 1910, § 3544. Short v. Jordan, 1928, 39 Ga. App. 45, 146 S.E. 31. Principal and Surety ⟨⟩ 105(4)

Payment of interest at maturity of note bearing interest only after maturity held to extend note to date interest was paid as regards surety's liability. Short v. Jordan, 1928, 39 Ga.App. 45, 146 S.E. 31. Principal and Surety ⟨⟩ 105(4)

**18. Discharge of endorsers**

The fact that grantor and grantee in deed securing grantor's notes payable to grantee did not actually make contract for grantor's purchase of seeds from grantee, as recited in deed, which provided that all credits due grantor from grantee under such contract should be applied toward payment of notes, did not constitute fraud on one endorsing notes as surety or novation of notes so as to relieve such surety of liability thereon. Code § 103–202. Southern Cotton Oil Co. v. Hammond, 1955, 92 Ga.App. 11, 87 S.E.2d 426. Bills and Notes ⟨⟩ 256

**19. Discharge of makers**

Permitting maker to borrow funds and deposit them in pledged savings account for monthly interest payments after scheduled repayment of principal was missed did not deviate from note requiring principal to be repaid on specified date and monthly interest payments to begin one month later, and, thus, arrangement did not expose comakers to increased risk, was not novation, and did not discharge them. O.C.G.A. §§ 10–7–21, 10–7–22. Cohen v. Northside Bank & Trust Co., 1993, 207 Ga.App. 536, 428 S.E.2d 354, certiorari denied. Bills and Notes ⟨⟩ 52

**20. Waiver or estoppel of guarantor**

Protection afforded guarantors by statutes governing discharge by novation and discharge by increase of risk can be waived in advance at time guarantor signs guaranty. O.C.G.A. §§ 10–7–21, 10–7–22. Ramirez v. Golden, 1996, 223 Ga.App. 610, 478 S.E.2d 430. Guaranty ⟨⟩ 72

Guarantor was liable to holder of note under unconditional personal guaranty despite agreement's subsequent modification without altering guarantor's underlying obligation and, by express advance to waiver of all legal defenses, guarantor was foreclosed from claiming that he was discharged under statute governing discharge by novation and statute governing increase of risk. O.C.G.A. §§ 10–7–22. Ramirez v. Golden, 1996, 223 Ga.App. 610, 478 S.E.2d 430. Guaranty ⟨⟩ 72

By signing guaranty with unconditional language allowing creditor to extend, modify, or waive any of the terms of the obligation of the principal, guarantor consented to extension of second note, and thus, was not discharged as surety by execution of second note, even if under other circumstances note could be considered novation; where guarantor participated in negotiations leading to execution of second note by signing second note. O.C.G.A. § 10–7–21. Trentco, Inc. v. Certainteed Corp., 1991, 198 Ga.App. 538, 411 S.E.2d 558. Guaranty ⟨⟩ 72

**21. Conditions precedent**

The liability of guarantors of a note for goods sold subsequently reduced to judgment conditioned upon the procuring of a judgment against the original debtor before suit against the guarantor. Kalmon v. Scarboro, 1912, 11 Ga.App. 547, 75 S.E. 846. Guaranty ⟨⟩ 72

**22. Sufficiency of pleadings**

Allegation by guarantors of Small Business Administration (SBA) loan, that they did not have opportunity to read or understand guaranty or any other documents associated with loan, did not support claim that they were released from guaranty on grounds of fraud, where was no allegation as to any specific nature for terms of guaranty agreement. O.C.G.A. § 10–7–21. Regan v. U.S. Small Bus. Admin., 1990, 729 F.Supp. 1479, affirmed 926 F.2d 1078, rehearing denied.

**§ 10–7–22.    Discharge of surety**

Any act of the creditor, either before or after judgment against the principal, which injures the surety or increases his risk or exposes him to greater liability shall discharge him; a mere failure by the creditor to sue as soon as the law allows or neglect to prosecute with vigor his legal remedies, unless for a consideration, shall not release the surety.

Formerly Code 1863, § 2131; Code 1868, § 2129; Code 1873, § 2154; Code 1882, § 2154; Civil Code 1895, § 2972; Civil Code 1910, § 3544; Code 1933, § 103–203.

414

AMICUS EXHIBIT 2 - PAGE 25
No. 1:15-cv-2594-MH

on after maturity of obligation
ter maturity of a note, the debtor
creditor a sum representing advance
te rate of 8 per cent. for a definite
me, in consideration of an extension
yment of the principal, such agree-
gh not in writing, was valid, and
without the surety's consent releas-
w of Civ.Code 1910, § 3543. Lew-
l' & Southern Bank, 1924, 31 Ga.
1 S.E. 524, affirmed 159 Ga. 551,
; Smith v. First Nat. Bank, 1908, 5
62 S.E. 826.

e of interest in advance after matu-
time for paying note and discharges
consenting to extension. Civ.Code
4. Short v. Jordan, 1928, 39 Ga.
. 31. Principal and Surety ⚮

f interest at maturity of note bear-
only after maturity held to extend
interest was paid as regards sure-
Short v. Jordan, 1928, 39 Ga.App.
. 31. Principal and Surety ⚮

ge of endorsers
hat grantor and grantee in deed
ntor's notes payable to grantee did
make contract for grantor's pur-
ls from grantee, as recited in deed,
ded that all credits due grantor
e under such contract should be
rd payment of notes, did not con-
one endorsing notes as surety or
otes so as to relieve such surety of
eon. Code, § 103-202. Southern
o. v. Hammond, 1955, 92 Ga.App.
d 426. Bills and Notes ⚮ 256

ge of makers
maker to borrow funds and depos-
edged savings account for monthly
ents after scheduled repayment of
missed did not deviate from the
ncipal to be repaid on specified
onthly interest payments to begin
ter, and, thus, arrangement did not
kers to increased risk, was not no-
did not discharge them. O.C.G.A.
10-7-22. Cohen v. Northside
t Co., 1993, 207 Ga.App. 536, 428
certiorari denied. Bills and Notes

or estoppel of guarantor
afforded guarantors by statutes
scharge by novation and discharge
f risk can be waived in advance as
tor signs guaranty. O.C.G.A.
10-7-22. Ramirez v. Golden,
App. 610, 478 S.E.2d 430. Guar-

Guarantor was liable to holders of promissory
note under unconditional personal guaranty, de-
spite agreement's subsequent modification;
guaranty's terms permitted amendment and
modification without altering guarantor's un-
derlying obligation and, by expressly assenting
in advance to waiver of all legal and equitable
defenses, guarantor was foreclosed from assert-
ing that he was discharged under statutes gov-
erning discharge by novation and discharge by
increase of risk. O.C.G.A. §§ 10-7-21,
10-7-22. Ramirez v. Golden, 1996, 223 Ga.
App. 610, 478 S.E.2d 430. Guaranty ⚮ 72

By signing guaranty with unambiguous lan-
guage allowing creditor to extend, renew, modi-
fy, or waive any of the terms of the obligations
of the principal, guarantor consented to execu-
tion of second note, and thus, guarantor was
not discharged as surety by execution of the
note, even if under other circumstances such
note could be considered novation, particularly
where guarantor participated in negotiations
leading to execution of second note before sign-
ing second note. O.C.G.A. § 10-7-21. Ander-
son v. Certainteed Corp., 1991, 201 Ga.App.
538, 411 S.E.2d 558. Guaranty ⚮ 72

**21. Conditions precedent**

The liability of guarantors of an account for
goods sold subsequently reduced to a sum not
conditioned upon the procuring of a judgment
against the original debtor before suit against
the guarantor. Kalmon v. Scarboro, 1912, 11
Ga.App. 547, 75 S.E. 846. Guaranty ⚮ 77(2)

**22. Sufficiency of pleadings**

Allegation by guarantors of Small Business
Administration (SBA) loan, that they did not
have opportunity to read or understand guaran-
ty or any other documents associated with loan,
did not support claim that they should be re-
leased from guaranty on grounds of novation;
there was no allegation as to any change in
nature or terms of guaranty agreement itself.
O.C.G.A. § 10-7-21. Regan v. U.S. Small Busi-
ness Admin., 1990, 729 F.Supp. 1339, affirmed
926 F.2d 1078, rehearing denied. Novation ⚮

A petition in an action against guarantors and
principal held sufficient to withstand a general
demurrer. Kalmon v. Scarboro, 1912, 11 Ga.
App. 547, 75 S.E. 846. Guaranty ⚮ 85(1)

In an action against sureties on a note, a plea
averring that, the principal being a tenant of
one of the sureties, and in need of money to run
the farm, the note was given to plaintiff, to be
paid out of the cotton crop, which was, as
plaintiff knew, the principal's only means of
paying either the note or the rent, and averring
that plaintiff afterwards, without the knowledge
of the sureties, to secure a second debt, secretly
took a mortgage from the principal on the same
crop, thus depriving said surety of the crop, on
which he had a landlord's lien, but not averring
insolvency of plaintiff, does not state facts re-
lieving the sureties. Stokes v. Gillis, 1888, 81
Ga. 187, 6 S.E. 841. Principal and Surety ⚮
97

**23. Jury instructions**

It was not reversible error for trial court to
allow guarantors to present evidence that credi-
tor waived or did not enforce certain loan cove-
nants against principal debtor, for court to give
charge on law of novation, and for court to
refuse to give creditor's written request to
charge on when notice of revocation of guaran-
ty agreement is effective; jury's verdict in favor
of creditor indicated rejection of claims that
guarantors were discharged under guarantees
via waiver of any term under principal's loan
agreement that materially altered guarantors'
liability under guarantees. O.C.G.A. § 10-7-21.
First Union Nat. Bank v. Boykin, 1995, 216
Ga.App. 732, 455 S.E.2d 406, certiorari denied.
Appeal and Error ⚮ 1052(5)

A conversation by the creditor with the princi-
pal debtor, resulting in the granting of solicited
indulgence as a gratuity or favor, will not dis-
charge the surety. The court's charge to this
effect, taken with the context, and construed in
the light of the evidence, was relevant and cor-
rect. Vason v. Beall, 1877, 58 Ga. 500. Princi-
pal and Surety ⚮ 97

### § 10-7-22.  Discharge of surety by increase of risk

Any act of the creditor, either before or after judgment against the principal,
which injures the surety or increases his risk or exposes him to greater liability
shall discharge him; a mere failure by the creditor to sue as soon as the law
allows or neglect to prosecute with vigor his legal remedies, unless for a
consideration, shall not release the surety.

Formerly Code 1863, § 2131; Code 1868, § 2126; Code 1873, § 2154; Code 1882, § 2154; Civil
Code 1895, § 2972; Civil Code 1910, § 3544; Code 1933, § 103-203.

AMICUS EXHIBIT 2 - PAGE 26
No. 1:15-cv-2594-MH