IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CODE REVISION COMMISSION on behalf of and for the benefit of THE GENERAL ASSEMBLY OF GEORGIA, and THE STATE OF GEORGIA,<br><br>   Plaintiff,<br><br> v.<br><br>PUBLIC RESOURCE.ORG, INC.<br><br>   Defendant. | CIVIL ACTION NO.<br><br>1:15-CV-2594-RWS |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND OTHER COSTS

Anthony B. Askew (G.A. Bar: 025300)
Lisa C. Pavento (G.A. Bar: 246698)
Warren Thomas (G.A. Bar: 164714)
Meunier Carlin & Curfman LLC
999 Peachtree Street, NE, Suite 1300
Atlanta, Georgia 30309
Phone: 404-645-7700
Fax: 404-645-7707
lpavento@mcciplaw.com
taskew@mcciplaw.com
wthomas@mcciplaw.com

*Counsel for the Plaintiff, Code Revision Commission on behalf of and for the benefit of the General Assembly of Georgia, and the State of Georgia*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................... ii

I.  INTRODUCTION ........................................................................1

II. ARGUMENT AND CITATION TO AUTHORITIES ...................................2

    A.  Commission Is the Prevailing Party .....................................................2

    B.  The *Fogerty* Factors Favor an Award of Attorneys' Fees to Commission.........................................................................................3

        i.  Commission's Claims of Copyright Infringement Were Not Frivolous .................................................................................5

        ii.  Public Resource's Motivation Was to Provoke the State to Litigate ...................................................................................7

        iii.  Public Resource's Legal Position Is Objectively Unreasonable.........................................................................10

        iv.  Compensation and Deterrence Are Necessary..........................13

        v.  All Four *Fogerty* Factors Favor an Award of Attorneys' Fees 15

III. CONCLUSION...........................................................................16

# TABLE OF AUTHORITIES

**Cases**

*Am. Soc'y for Testing & Materials v. Public Resource.org, Inc.*,
    No. 13-CV-1215 (TSC), 2017 WL 473822 (D.D.C. Feb. 2, 2017) ................. 15

*Am. Educational Research Assoc. v. Public Resource.org, Inc.*,
    No. 14-CV-0857 (TSC), 2017 WL 473822 (D.D.C. Feb. 2, 2017) ................. 15

*Beastie Boys v. Monster Energy Co.*,
    112 F. Supp. 3d 31 (S.D.N.Y. 2015) ................................................. 16

*Broad. Music, Inc. v. Evie's Tavern Ellenton, Inc.*,
    772 F.3d 1254 (11th Cir. 2014) ................................................. 3, 16

*Broad. Music, Inc. v. Georgia Rib Co., Inc.*,
    166 F. Supp. 3d 1329 (N.D. Ga. 2014) ........................................ 5, 16

*Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human
    Resources*, 532 U.S. 598 (2001) .................................................. 2

*Cable/Home Commc'n Corp. v. Network Prods., Inc.*,
    902 F.2d 829 (11th Cir. 1990) .............................................. 2, 8, 14

*Fogerty v. Fantasy, Inc.*,
    510 U.S. 517 (1994) ...................................................... 3, 4, 13

*Gonzales v. Transfer Techs., Inc.*,
    301 F.3d 608 (7th Cir. 2002) ..................................................... 10

*InDyne, Inc. v. Abacus Tech. Corp.*,
    587 F. App'x 552 (11th Cir. 2014) .................................................. 4

*Kirtsaeng v. John Wiley & Sons, Inc.*,
    136 S. Ct. 1979 (2016) ............................................................ 4

*Strategic Mktg., Inc. v. Great Blue Heron Software, LLC*,
    No. 15-CV-80032, 2017 WL 1284773 (S.D. Fla. Feb. 16, 2017) .................... 3

*White v. Alcon Film Fund, LLC*,
    No. 1:13-CV-1163-TCB, 2015 WL 11199163 (N.D. Ga. Jan. 30, 2015) ..... 8, 13

**Statutes**

17 U.S.C. § 505 ................................................................................ 1

# I.    INTRODUCTION

In its Order dated March 23, 2017, the Court granted Plaintiff's Motion for Partial Summary Judgment and denied Defendant's Motion for Summary Judgment. Dkt. No. 44. On April 7, 2017, the Court issued both a Permanent Injunction Order enjoining Defendant's unauthorized use of the Official Code of Georgia Annotated (OCGA) (Dkt. No. 46) and a Judgment dismissing the case (Dkt. No. 52).  Defendant has appealed the decision to the U.S. Court of Appeals for the Eleventh Circuit.  Dkt. No. 49.

In its discretion, and pursuant to Section 505 of the Copyright Act, the Court may award reasonable attorneys' fees to the prevailing party of this copyright infringement action.  17 U.S.C. § 505.  Section 505 states:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

Plaintiff prevailed on all its claims in its Motion for Partial Summary Judgment, the Court entered a permanent injunction that encompasses unauthorized use of all OCGA volumes and supplements, and final judgment has been entered. Having completely prevailed, Plaintiff requests that the Court grant an award of reasonable attorneys' fees and costs.  Plaintiff's fair estimate of the approximate amount of its attorneys' fees and costs to date is $250,000.  Pursuant to LR 54.2(a)(2), and

unless this Court prescribes otherwise, Plaintiff will file and serve a detailed specification and itemization of the requested award and supporting documentation and briefing demonstrating the reasonableness of the requested fees and costs within thirty (30) days.

## II.    ARGUMENT AND CITATION TO AUTHORITIES

Plaintiff and Counterclaim-Defendant the Code Revision Commission, on behalf of and for the benefit of the General Assembly of Georgia, and the State of Georgia ("Commission") should be considered the prevailing party and entitled to an award of its attorneys' fees under § 505 of the Copyright Act.

### A.    Commission Is the Prevailing Party

A prevailing party is "a party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 603 (2001). The Eleventh Circuit has stated that the prevailing party is "the party succeeding on a significant litigated issue that achieves some of the benefits sought by that party in initiating the suit." *Cable/Home Commc'n Corp. v. Network Prods., Inc*., 902 F.2d 829, 853 (11th Cir. 1990)). The Court's Orders dated March 23, 2017 and April 7, 2017 render judgment in favor of Commission. Dkt. Nos. 44,

46.[1] The injunctive relief granted to Commission encompasses all of its claims of copyright infringement against Defendant and Counterclaim-Plaintiff Public.Resource.Org, Inc. ("Public Resource") and achieved *all* the benefits the Commission sought by bringing this action. Accordingly, Commission is the prevailing party.

### B. The *Fogerty* Factors Favor an Award of Attorneys' Fees to Commission

In the Eleventh Circuit, "[t]here is no precise rule or formula for making [an award of attorneys' fees,] but instead equitable discretion should be exercised." *Broad. Music, Inc. v. Evie's Tavern Ellenton, Inc.*, 772 F.3d 1254, 1261 (11th Cir. 2014) (quoting *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534 (1994)) (internal quotation marks omitted). "In copyright cases, although attorneys' fees are awarded in the trial court's discretion, they are the rule rather than the exception and should be awarded routinely." *Strategic Mktg., Inc. v. Great Blue Heron Software, LLC*, No. 15-CV-80032, 2017 WL 1284773, at *2 (S.D. Fla. Feb. 16, 2017) (internal quotations omitted).

Factors that are considered when deciding to award fees are derived from the Supreme Court case of *Fogerty v. Fantasy, Inc.* and include "'frivolousness,

---

[1] The Court also denied Public Resource's motion for summary judgment, ruling simultaneously on both motions that Public Resource's defenses and arguments were without merit.

motivation, objective unreasonableness (both in the factual and in the legal

components of the case) and the need in particular circumstances to advance

considerations of compensation and deterrence,' if the application of those factors

furthers the purposes of the Copyright Act." *InDyne, Inc. v. Abacus Tech. Corp*.,

587 F. App'x 552, 554 (11th Cir. 2014) (quoting *Fogerty,* 510 U.S. at 534 n.19).

However, not all of the factors are given equal weight.  The objective

unreasonableness of the losing party's position is given substantial, but not

dispositive, weight in the analysis.  *Kirtsaeng v. John Wiley & Sons, Inc*., 136 S.

Ct. 1979, 1983, 1987 (2016) ("Although objective reasonableness carries

significant weight, courts must view all the circumstances of a case on their own

terms, in light of the Copyright Act's essential goals.").

The circumstances of this case are unique and strongly support an award of

attorneys' fees to Commission.  Public Resource is a self-described "radical" that

has chosen to advance its "cause" through flagrant violation of the copyright laws

as a means to arrive at a judicial bully pulpit.  As a part of this modus operandi,

Public Resource targeted Commission and the OCGA (as well as similar agencies

in other states such as Mississippi and Idaho), willfully infringing the

Commission's copyrights in the OCGA in order to provoke this lawsuit. *See*

Plaintiff's Statement of Undisputed Material Facts, Dkt. No. 30-2 (SUMF1),

¶¶ 32–35, 37, 39–48, 55, 68, 75; Stipulation of Facts (Stip.), Dkt. No. 17, ¶¶ 34, 36,

38–41, 46, 48–50, 52, 54, 55, 63–65, 79; Howerton Dec., Dkt. No. 30-3, ¶ 18.

Public Resource's motivation was to challenge both the laws of the State of

Georgia and federal copyright law. However, those challenges were not based on

reasonable interpretations of federal or state law, but instead on Public Resource's

own viewpoints of what the law should be.

Public Resource took a risk when it baited Commission into filing suit—a

risk that was quite high given the unreasonableness of its legal position. That risk

included the possibility of being liable for both statutory damages and attorneys'

fees if it was unsuccessful. Commission does not request statutory damages, but it

does request attorneys' fees since those monies are derived from public dollars. It

is both fair and just for Public Resource to be required to reimburse Commission

for its attorneys' fees, and such an award is supported by each of the *Fogerty*

factors and its furtherance of the Copyright Act's essential goals.

### i. Commission's Claims of Copyright Infringement Were Not Frivolous

In analyzing this *Fogerty* factor, this Court looks to whether a plaintiff's

claims were frivolous even when the plaintiff is the prevailing party. *Broad. Music,*

*Inc. v. Georgia Rib Co., Inc*., 166 F. Supp. 3d 1329, 1334 (N.D. Ga. 2014) (finding

a prevailing plaintiff's copyright infringement claims not frivolous).

Commission's claims were not frivolous because this Court issued a permanent

injunction that encompasses all of Commission's claims of copyright infringement

and Commission had a fiduciary duty to defend the copyrights in the OCGA works.

Public Resource deliberately copied and distributed the entirety of hundreds of OCGA volumes and supplements, front and back covers included ("OCGA Works"). SUMF1 ¶¶ 68, 32–35, 37, 39–48, 55; Stip. ¶¶ 34, 36, 38–41, 46, 48–50, 52, 54, 55, 63–65, 79. Public Resource admitted to posting these copies on two websites, https://law.resource.org and www.archive.org, for the purpose of facilitating, enabling, encouraging and inducing others to view, download, print, copy and distribute those volumes and supplements of the OCGA. SUMF1 ¶¶ 40, 44; Stip. ¶¶ 48, 54. These internet postings by Public Resource resulted in several thousand copies of the OCGA Works being made by members of the public. SUMF1 ¶ 45; Stip. ¶ 55.

Public Resource infringed the OCGA Works in order to force Commission to take action—either by filing suit against Public Resource or changing how the State of Georgia publishes its laws. *See supra* section II.B.iii. Because of the nature of Commission, it had a fiduciary duty to defend its copyrights in the OCGA Works and would have been derelict in its duties had it not filed suit.

Further, it has been stipulated, and the Court has recognized, that prior to commencement of this lawsuit, Commission had obtained certificates of copyright registration for the majority of the OCGA volumes and supplements for which

copyright was asserted. March 23, 2017 Order (S/J Order), Dkt. No. 44 at 9; Stip. ¶ 17. Commission had also filed for copyright registrations for the remaining 2015 OCGA volumes and supplements prior to commencing the suite—those works being added in an Amended Complaint because Public Resource purchased and copied them subsequent to Commission's filing of its initial Complaint. *Id.* This Court has also held that the annotations of the OCGA are copyrightable. S/J Order at 14.

Therefore, Commission's claims of copyright infringement were based on registered and applied-for works that have been held to be copyrightable, which copyrights were willfully infringed by Public Resource. This Court validated Commission's claims of infringement in finding for Commission and granting a permanent injunction against Public Resource. Commission's claims of infringement were not frivolous, and this *Fogerty* factor favors an award of fees to Commission.

### ii. Public Resource's Motivation Was to Provoke the State to Litigate

Given the non-frivolous nature of Commission's claims of infringement, this Court's analysis of the parties' motivations should focus on Public Resource's willful infringement as a means to provoke a lawsuit or force Commission to capitulate and adopt Public Resource's ideas.

Public Resource readily admitted to its deliberate copying and distribution of

the OCGA Works. *See* SUMF1 ¶¶ 39–45, 48, 54; Stip. ¶¶ 40, 44, 46–55; Def's S/J

Brief at 17–18. An infringer's willfulness weighs heavily in favor of an award of

fees to a prevailing plaintiff. *Cable/Home Commc'n Corp. v. Network Prods., Inc*.,

902 F.2d 829, 854 (11th Cir. 1990) ("Furthermore, while willfulness does not

compel a fee award, it is an important factor in the district court's discretionary

decision making." (internal quotation marks omitted)); *White v. Alcon Film Fund,*

*LLC*, No. 1:13-CV-1163-TCB, 2015 WL 11199163, at *2 (N.D. Ga. Jan. 30, 2015)

("And while courts have consistently held that the statute does not require

prevailing parties to establish bad faith, frivolity, unreasonableness or willful

wrongdoing, these considerations do weigh heavily in a court's consideration of

the appropriateness of an award of attorney's fees."). Based on Public Resource's

willfulness alone, the *Fogerty* factor relating to motivation favors an award of

attorneys' fees to Commission.

Yet Public Resource went beyond willful infringement by planning and

soliciting funds for its infringement and then taunting Commission to file a lawsuit

by informing it of Public Resource's infringement. *See* SUMF1 ¶¶ 49, 85–86; Stip.

¶¶ 66–69; Plaintiff's Statement of Additional Undisputed Material Facts In Support

of Plaintiff's Motion For An Award Of Fees And Other Costs (SUMF2) ¶¶ 1, 2;

Stip. ¶¶ 61, 62. Following Public Resource's copying of the OCGA, it sent a thumb

drive containing those copies to Honorable David Ralston, then Speaker of the

House, Georgia House of Representatives and Mr. Wayne Allen, Office of

Legislative Counsel. SUMF1 ¶ 46; Stip. ¶ 63. Correspondence that accompanied

the thumb drive stated, in part:

> I am pleased to enclose for your consideration a George Washington
> USB Thumb Drive containing a scanned version of the Official Code
> of Georgia Annotated as well as XML-encoded version of the code. …
>
> Access to the law is a fundamental aspect of our system of democracy,
> an essential element of due process, equal protection, and access to
> justice. …
> . . . .
> I would be pleased to answer any questions you may have and look
> forward to better access to the law by the citizens of Georgia.

SUMF ¶ 85; Stip. ¶ 67; Dkt. No. 17-3. Public Resource sent additional thumb

drives containing similar OCGA copies to at least eight institutions in and around

the state. SUMF1 ¶ 47; Stip. ¶ 64. In later correspondence, Public Resource refused

to cease its infringing activities. SUMF ¶ 86; Stip. ¶ 68; Dkt. No. 17-4.

Public Resource assumed the risk that it would be liable for both statutory

damages and attorneys' fees when it planned and carried out its deliberate

infringement of the copyrights in the OCGA Works with a purpose of inciting

litigation against it. The risk was high due to the unreasonableness of Public

Resource's legal positions. Yet it is likely that Public Resource also calculated that

Commission, a state actor, might not pursue either actual or statutory damages

against Public Resource despite those damages being large. Judge Posner of the

Seventh Circuit has posited that in these types of situations where infringement is

willful and small amounts of damages are at issue, a prevailing plaintiff in a copyright case "should have a presumptive entitlement to an award of attorneys' fees." *Gonzales v. Transfer Techs., Inc*., 301 F.3d 608, 609–10 (7th Cir. 2002) ("[W]e go so far as to suggest, by way of refinement of the *Fogerty* standard, that the prevailing party in a copyright case in which the monetary stakes are small should have a presumptive entitlement to an award of attorneys' fees"). Public Resource's actions go beyond mere willfulness, making Commission's entitlement to attorneys' fees fall closer to a presumptive entitlement. At a minimum, a consideration of motivation under *Fogerty* weighs heavily in favor of an award of fees to Commission.

### iii. Public Resource's Legal Position Is Objectively Unreasonable

Public Resource has advanced a legal position unsupported by federal law and directly contradictory to Georgia law and Copyright Office policies, making that position objectively unreasonable. The overarching argument posited by Public Resource in this case is that the entire OCGA is "the law" because it is an "official document," and therefore, the annotations within the OCGA are uncopyrightable. *See* Def's Memorandum Of Law in Support Of Motion for Summary Judgment (Def's S/J Brief), Dkt. No. 29-2, pp. 8–10. It would have been a watershed holding for this Court to find that case law annotations have the force of law, and any such holding would require ample and compelling support. Yet

Public Resource was unable to advance a single policy argument or analogous case that would support such a holding.

More importantly, the Court has also recognized that Public Resource's arguments directly contradict both Georgia law and U.S. Copyright Office policies. The Court noted in its decision that "a transformation of an annotation into one uncopyrightable unit with the statutory text [of the OCGA] would be in direct contradiction to current Georgia law." S/J Order at 11. The Court pointed to *three* different statutes passed by the Georgia Legislature making clear that the OCGA contains both law and commentary and the "entire OCGA is not enacted into law by the Georgia legislature and does not have the force of law." *Id.* at 12. Since the Copyright Office Compendium allows registration of annotations that summarize or comment upon legal materials and only prohibits registration of government edicts having the force of law, Public Resource's arguments also directly contradict Copyright Office policy as reflected in the Copyright Office Compendium. *See id.* at 11.

Public Resource's fair use arguments are also objectively unreasonable. Public Resource not only copied 100% of each OCGA Work, but it also distributed 100% of each OCGA Work and actively encouraged the use and further distribution of those copies. SUMF1 ¶ 32–37; Stip. ¶ 34, 36, 38, 39–41. These uses, if performed by everyone, would clearly usurp Commission's market in the

OCGA Works. *See* S/J Order at 21. Public Resource's fair use defense hinged on its alleged desire to teach the public about Commission's copyrighted works, making the use educational—and excused—according to Public Resource.

Similar to its copyrightability arguments, Public Resource's fair use arguments are entirely outside of established fair use jurisprudence and have no objectively reasonable public policy basis. The fair use principles are not meant to excuse 100% copying and distribution merely because the entity doing the copying decides that the public needs to be "educated" about a copyrighted work. Asking this Court to make such a holding was again tantamount to asking the Court to make new law simply because Public Resource wants the right to freely copy and distribute copyrighted works.

The true bases for Public Resource's arguments were not legal and administrative precedent, but instead its own theories about 1) what copyright law should be, and 2) the format a sovereign state should use to publish its laws. *See* Def's S/J Brief at 2–4 (in part, arguing as justification for its actions that the state's current on-line publication via Lexis/Nexis might not be "as useful as . . . another website that provides functionality different from the Lexis/Nexis website.") A legal position that a proponent's own beliefs should replace established precedent merely because the proponent believes them to be "better" is not an objectively reasonable legal position. Those arguments are instead appropriate for legislative

advocacy, and Commission, an entity supported by taxpayer dollars, should not be required to pay attorneys' fees to defend such legislative advocacy arguments in a judicial proceeding.

The objective unreasonableness *Fogerty* factor is most heavily weighted and favors an award of attorneys' fees to Commission.

### iv. Compensation and Deterrence Are Necessary

The final consideration enumerated in *Fogerty* is "the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty*, 510 U.S. at 534 n.19 (internal quotation marks omitted). Those considerations are "inextricably intertwined with the reasonableness or frivolousness of the [p]arties' positions, as well as their motivation in litigating the dispute." *White v. Alcon Film Fund, LLC*, No. 1:13-CV-1163-TCB, 2015 WL 11199163, at *3 (N.D. Ga. Jan. 30, 2015) (internal quotation marks omitted). Commission's claims of infringement have been validated by this Court and were not frivolous, whereas Public Resource's positions are objectively unreasonable. Public Resource's infringement was not only willful, but calculated to incite this lawsuit as a part of its business operations. Public Resource is in the business of challenging laws and targeting entities like the Commission, and, as this Court has recognized, it profits from those challenges. *See* S/J Order at 18. Further, there is no actual or statutory damage award being pursued that might otherwise deter

13

Public Resource or a similar entity.

There could be no greater need for deterrence than in the present case. The Eleventh Circuit has recognized the importance of deterring willful copyright infringers, stating that "defendants must not be able to sneer in the face of copyright owners and copyright laws." *See Cable/Home Comm'n Corp. v. Network Prods., Inc*., 902 F.2d 829, 851 (11th Cir. 1990) ("When the infringement is willful, deterrence of future violations is a legitimate consideration because defendants must not be able to sneer in the face of copyright owners and copyright laws." (internal quotations omitted)). Public Resource not only sneers in the face of copyright owners and copyright laws, but also benefits from it.

Without an award of attorneys' fees, Public Resource, and third parties similar to Public Resource, will be encouraged to flagrantly violate copyright laws and incite further lawsuits simply because they believe that they "know better," and have failed in their administrative and legislative advocacy efforts. *See* SUMF2 ¶¶ 3, 4; Stip. ¶¶ 59, 60 (stating that Carl Malamud tried unsuccessfully to become the U.S. Public Printer and previously advocated for an amendment to the U.S. Copyright Act making state and local official legal documents uncopyrightable for reasons of public policy, but no such amendment has been adopted by Congress). Public Resource also has a history of inciting copyright litigation: it is currently a defendant in at least two other copyright infringement

lawsuits that it provoked via willful infringement of copyrighted standards. *See Am. Soc'y for Testing & Materials v. Public Resource.org, Inc.*, No. 13-CV-1215 (TSC), 2017 WL 473822 (D.D.C. Feb. 2, 2017); *Am. Educational Research Assoc. v. Public Resource.org, Inc.*, No. 14-CV-0857 (TSC), 2017 WL 473822 (D.D.C. Feb. 2, 2017). Similar to this Court, the District Court for the District of Columbia rejected Public Resource's arguments, held that the standards at issue were not uncopyrightable as the law, and enjoined the infringement of the asserted copyrights. *Id*. at *15.

Public Resource will continue its business of willful copyright infringement unless it is deterred by an award of attorneys' fees. Commission deserves to be made whole with a reimbursement of its attorneys' fees because it was targeted by Public Resource and forced into litigation—the taxpayers of Georgia should not be victim to Public Resource's radical methodologies.

### v. All Four *Fogerty* Factors Favor an Award of Attorneys' Fees

Commission should be granted an award of attorneys' fees because its claims of copyright infringement were not frivolous, Public Resource's infringement was willful and calculated, Public Resource's legal positions were objectively unreasonable, and there is an especially strong need for deterrence and compensation in this case. Both this Court and the Eleventh Circuit have found it appropriate to award fees to a prevailing plaintiff under arguably lesser

circumstances. *Broad. Music, Inc. v. Georgia Rib Co., Inc*., 166 F. Supp. 3d 1329, 1334 (N.D. Ga. 2014) (awarding fees to a prevailing plaintiff when defendant's infringement was willful); *Broad. Music, Inc. v. Evie's Tavern Ellenton, Inc*., 772 F.3d 1254, 1261 (11th Cir. 2014) (holding the district court did not abuse its discretion in awarding attorneys' fees to a prevailing plaintiff when the infringement was done with knowledge and defendant's arguments were unsuccessful). "Awarding such fees . . . serves to satisfy the Copyright Act's purposes because it will encourage plaintiffs to litigate meritorious claims of copyright infringement and, in turn, encourage the origination of creative works by attaching enforceable rights to them." *Beastie Boys v. Monster Energy Co*., 112 F. Supp. 3d 31, 45 (S.D.N.Y. 2015) (internal citations omitted).

## III.  CONCLUSION

For the foregoing reasons, Commission respectfully submits that it should be named prevailing party and granted an award of its reasonable attorneys' fees.

Respectfully submitted, this 21st day of April, 2017.

/s/*Anthony B. Askew*

Anthony B. Askew (G.A. Bar: 025300)
Lisa C. Pavento (G.A. Bar: 246698)
Warren Thomas (G.A. Bar: 164714)
Meunier Carlin & Curfman LLC
999 Peachtree Street NE, Suite 1300

Atlanta, Georgia 30309
Phone: 404-645-7700
Fax: 404-645-7707
taskew@mcciplaw.com
lpavento@mcciplaw.com
wthomas@mcciplaw.com

*Counsel for the Plaintiff, Code Revision Commission on behalf of and for the benefit of the General Assembly of Georgia, and the State of Georgia*

## CERTIFICATE OF COMPLIANCE

I hereby certify that, pursuant to L.R. 5.1C and 7.1D of the Northern District of Georgia, the foregoing PLAINTIFF'S MEMORANDUM IS SUPPORT OF ITS MOTION FOR AN AWARD OF ATTORNEYS' FEES AND OTHER COSTS complies with the font and point selections approved by the Court in L.R. 5.1C. The foregoing pleading was prepared on a computer using 14-point Times New Roman font.

/s/*Anthony B. Askew*
Anthony B. Askew (G.A. Bar: 025300)
Meunier Carlin & Curfman LLC
999 Peachtree Street NE, Suite 1300
Atlanta, Georgia 30309
Telephone: 404-645-7700
Email: taskew@mcciplaw.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 21, 2017, I electronically filed the foregoing

PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR

AN AWARD OF ATTORNEYS' FEES AND OTHER COSTS with the

Clerk of Court using the CM/ECF system, which constitutes service of the filed

document on all counsel of record in this proceeding under LR 5.1(A)(3), N.D. Ga.


By:    /s/*Anthony B. Askew*
           Anthony B. Askew (G.A. Bar: 025300)