IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CODE REVISION COMMISSION on behalf of and for the benefit of THE GENERAL ASSEMBLY OF GEORGIA, and THE STATE OF GEORGIA,<br><br>       Plaintiff,<br><br>  v.<br><br>PUBLIC.RESOURCE.ORG, INC.<br><br>      Defendant. | CIVIL ACTION NO.<br><br>1:15-CV-2594-RWS |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR AN AWARD OF
<u>ATTORNEYS' FEES AND OTHER COSTS</u>**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................... ii

I.    ARGUMENT AND CITATION TO AUTHORITIES ...................................1

    A.    The Cases Cited by Public Resource Do Not Support a Denial of a Fee Award to Commission ....................................................................3

    B.    An Award of Fees to Commission Is Appropriate Because Public Resource's Legal Positions Are Not Objectively Reasonable ..............5

    C.    An Award of Fees to Commission Is Appropriate Because Public Resource's Infringement Was Willful .................................................10

    D.    An Award of Fees to Commission is Appropriate Because It Will Further the Purposes of the Copyright Act ........................................13

II.   CONCLUSION...............................................................................14

# <u>TABLE OF AUTHORITIES</u>

## Cases

*Advanced Tech. Servs., Inc. v. KM Docs, LLC*,
No. 1:11-CV-3121-TWT, 2013 WL 3280032 (N.D. Ga. June 27, 2013) ................4

*Authors Guild v. Google, Inc.*,
804 F.3d 202 (2d Cir. 2015) ...........................................................................9

*Authors Guild, Inc. v. HathiTrust*,
755 F.3d 87 (2d Cir. 2014) .............................................................................9

*Brewer-Giorgio v. Bergman*,
985 F. Supp. 1478 (N.D. Ga. 1997).................................................................4

*Cable/Home Commc'n Corp. v. Network Prods., Inc.*,
902 F.2d 829 (11th Cir. 1990) ......................................................................10

*Cambridge University Press v. Patton*,
769 F.3d 1232 (11th Cir. 2014) ......................................................................9

*Casella v. Morris*,
820 F.2d 362 (11th Cir. 1987) ......................................................................12

*Evans & Assocs., Inc. v. Cont'l Homes, Inc.*,
785 F.2d 897 (11th Cir. 1986) ........................................................................3

*Fine v. Baer*,
No. 5:15-CV-21-OC-28PRL, 2017 WL 1437461 (M.D. Fla. Apr. 5, 2017),
*report and recommendation adopted*, No. 5:15-CV-21-OC-28PRL, 2017
WL 1449685 (M.D. Fla. Apr. 21, 2017) ......................................................14

*Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*,
886 F.2d 1545 (9th Cir. 1989) ........................................................................7

*Jacob Maxwell, Inc. v. Veeck*,
110 F.3d 749 (11th Cir. 1997) ........................................................................3

*Kirtsaeng v. John Wiley & Sons, Inc.*,
136 S. Ct. 1979 (2016)......................................................................1, 2, 5, 14

*Mag Jewelry Co. v. Cherokee, Inc.*,
    496 F.3d 108 (1st Cir. 2007) ..........................................................................13

*McCulloch v. Albert E. Price, Inc.*,
    823 F.2d 316 (9th Cir. 1987) .........................................................................13

*MiTek Holdings, Inc. v. Arce Eng'g Co.*,
    198 F.3d 840 (11th Cir. 1999) .........................................................................4

*Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*,
    684 F.2d 821 (11th Cir. 1982) .......................................................................12

*Sherry Mfg. Co. v. Towel King of Florida, Inc.*,
    822 F.2d 1031 (11th Cir. 1987) ........................................................................4

*Twin Peaks Prods., Inc. v. Publications Int'l, Ltd.*,
    996 F.2d 1366 (2d Cir. 1993) ........................................................................13

*U.S. Songs, Inc. v. Downside Lenox, Inc.*,
    771 F. Supp. 1220 (N.D. Ga. 1991) ...............................................................10

**Other Sources**

*U.S. Copyright Office, Compendium of U.S. Copyright Office Practices*
    § 313.6(C)(2) (3d Ed.) (2014) .....................................................................7, 8

## I.     ARGUMENT AND CITATION TO AUTHORITIES

This Court has broad discretion to grant Commission, the prevailing party, an award of attorneys' fees under Section 505 of the Copyright Act. *Kirtsaeng v. John Wiley & Sons, Inc*., 136 S. Ct. 1979, 1985 (2016). That broad discretion is bounded by several principles: 1) the Court must base the award on a particularized assessment of the case, 2) the Court may not treat prevailing plaintiffs and defendants differently, and 3) the fee award should further the goals of the Copyright Act by encouraging copyright litigation that "reward[s] authors' creations while also enabling others to build on that work." *Id*. at 1985-86. A fee award decision that places substantial weight on the lack of objective reasonableness of the losing party's position while also considering other relevant circumstances furthers the goals of the Copyright Act. *Id*. at 1986. However, substantial weight should not be given to "whether a lawsuit resolved an important and close legal issue and thus [possibly] clarifie[d] copyright law" as argued by Public Resource. *See id*. at 1985, 1987. *Kirtsaeng* specifically rejected such a focus in favor of a focus on objective reasonableness. *Id*. The Court reasoned that neither party could be confident in winning a close legal case, and therefore, awarding fees on that basis would only encourage copyright litigation by risk-takers and would not further the purposes of the Copyright Act. *Id*.

Accordingly, each of the *Fogerty* factors, including the objective reasonableness of the losing party's position, should be considered in the context of whether the award furthers the purposes of the Copyright Act. Here, an award of fees to Commission will further the purposes of the Copyright Act because it will encourage copyright holders to shoulder the cost of enforcing valid copyrights against willful infringers, thereby validating the value of a copyright and encouraging the creation of copyrightable works.

Public Resource first argues that this Court should deny Commission an award of fees because the legal issues were complex and Public Resource acted in good faith. Def's Resp. in Opp. to Plaintiff's Mot. for Atty's Fees and Other Costs, Dkt. No. 56 ("Response"), p. 4. As mentioned previously, *Kirtsaeng* holds that the complexity of the legal issues should not be a focus of this Court's decision. *Kirtsaeng*, 136 S. Ct. at 1985, 1987. Public Resource's arguments relating to its good faith beliefs also lack merit for several reasons: 1) the cases cited by Public Resource are inapposite, 2) *Kirtsaeng* requires a focus on whether Public Resource's legal positions are objectively reasonable and its positions are not objectively reasonable, and 3) the additional considerations of Public Resource's intentional infringement and the need for compensation and deterrence indicate that a fee award to Commission will further the purposes of the Copyright Act.

2

### A. The Cases Cited by Public Resource Do Not Support a Denial of a Fee Award to Commission

The cases cited by Public Resource do not support a conclusion that a non-prevailing party's good faith controls a fee award decision as none of those cases denied fees to a prevailing party on the basis of the non-prevailing party's *subjective* good faith beliefs. In several of the cases, prevailing defendants were denied an award of attorneys' fees because the non-prevailing plaintiff succeeded in-part. *See Evans & Assocs., Inc. v. Cont'l Homes, Inc.*, 785 F.2d 897, 903 (11th Cir. 1986) (denying an award of fees to prevailing defendant because plaintiff had established a *prima facie* case of copyright infringement but had not appropriately marked its copyrighted works); *Jacob Maxwell, Inc. v. Veeck*, 110 F.3d 749, 751 (11th Cir. 1997) (holding a denial of fees to prevailing defendant was not an abuse of discretion when court recognized plaintiff's right to be paid for prevailing defendant's use of copyrighted material). Public Resource has not succeeded in any of its claims similar to the non-prevailing parties in these cases.

Other cases cited by Public Resource vacated awards of attorneys' fees to prevailing defendants, not because of the subjective good faith belief of the non-prevailing plaintiff, but because the district court below had not sufficiently described its basis for the award or failed to consider whether the award furthered

the purposes of the Copyright Act. *See Sherry Mfg. Co. v. Towel King of Florida, Inc.*, 822 F.2d 1031, 1035 (11th Cir. 1987) (vacating award of fees to prevailing defendant and remanding for further consideration because court could not determine on what basis the district court had granted the fees and noting there was evidence that the non-prevailing plaintiff acted in *bad* faith); *MiTek Holdings, Inc. v. Arce Eng'g Co.*, 198 F.3d 840, 842 (11th Cir. 1999) (vacating and remanding the award of attorney's fees because district court did not assess whether award would further the goals of the Copyright Act and instead based its decision on whether the non-prevailing plaintiff could afford to pay fees). Others of those cases held that a prevailing defendant was not entitled to fees when a plaintiff had circumstantial, but still objective, evidence of infringement (*Advanced Tech. Servs., Inc. v. KM Docs, LLC*, No. 1:11-CV-3121-TWT, 2013 WL 3280032, at *2 (N.D. Ga. June 27, 2013)) or there was evidence that the prevailing defendant acted in bad faith (*Brewer-Giorgio v. Bergman*, 985 F. Supp. 1478, 1484 (N.D. Ga. 1997)). Commission has not acted in bad faith and was instead forced to act after being targeted by Public Resource.[1]  Therefore, none of these cases cited by Public

---

[1] Commission does not agree with or understand Public Resource's comparison of Commission to a patent troll (and the comparison of Public Resource to an entity sued by a patent troll).

Resource support a denial of a fee award to Commission.

### B. An Award of Fees to Commission Is Appropriate Because Public Resource's Legal Positions Are Not Objectively Reasonable

Irrespective of the above, the Supreme Court held in *Kirtsaeng* that the objective reasonableness of the losing party's legal positions, and not the losing party's subjective good faith beliefs, should be given substantive weight when determining if a fee award is appropriate. *Kirtsaeng*, 136 S. Ct. at 1983, 1987. Public Resource's core legal position that the OCGA annotations are the law, and therefore uncopyrightable, is not objectively reasonable. Although Public Resource now argues that it has never asked "the Court to hold that the annotations themselves have the force of law" (Response at 13), Public Resource has repeatedly relied on that very same unreasonable argument in previous submissions.

In a letter refusing to cease its infringing activities, Mr. Malamud, on behalf of Public Resource, wrote:

> We respectfully decline to remove the Official Code of Georgia Annotated and respectfully reject the distinction between "the statutory text itself" *and additional materials, as both are* integral part and parcel of the only Official Code of Georgia Annotated, *such material constituting the official law as published by the State*. It is a long-held tenet of American law that there is no copyright in the law.

> *The Official Code of Georgia Annotated, every component of it, is the official law.*

(emphasis added). Dkt. No. 17-4, Exhibit D, pp. 1-2. Public Resource again asserted that OCGA annotations are the law in its Answer to the Amended Complaint and Counterclaim:

- "The O.C.G.A. including annotations, regardless of how they were authored, is the law of Georgia, and the law should be free to the public" (Dkt. No. 16, p. 10); and

- "Public Resource seeks a declaratory judgment that its copying and distributing the text of the Official Code of Georgia Annotated ('O.C.G.A.') do not infringe any copyright because laws enacted by government entities such as the State of Georgia Legislature are not copyrightable subject matter and are in the public domain." *Id*. at 12.

Finally, in its Opposition to Plaintiff's Motion for Partial Summary Judgment, Public Resource's introductory paragraph stated: "First, the whole O.C.G.A. is one work that is not subject to copyright because it is Georgia's law." Dkt. No. 33, p. 1.

Public Resource may now regret making the argument that the annotations are the law, and may be attempting to shift its arguments, but Public Resource's legal contentions at the time it decided to willfully infringe the OCGA copyrights

6

are those that are most relevant to determining the objective reasonableness of that position and whether a fee award to Commission will further the purposes of the Copyright Act. A fee award to a prevailing plaintiff furthers the purposes of the Copyright Act when it "encourage[s] private enforcement and deter[s] infringements." *Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*, 886 F.2d 1545, 1556 (9th Cir. 1989). Public Resource made a decision to infringe the Commission's copyrights in the OCGA based on an objectively unreasonable legal theory that the OCGA annotations are the law. Accordingly, a fee award to Commission will deter infringements by Public Resource and others that may make a similar decision to willfully infringe copyrights based on an objectively unreasonable legal theory.

Further, Public Resource's shift to emphasize that the OCGA is uncopyrightable as a "government edict" still reflects an objectively unreasonable legal position. The basis for Public Resource's contention that the OCGA is uncopyrightable as a government edict derives from the U.S. Copyright Office Compendium, which states that government edicts are not copyrightable:

> the U.S. Copyright Office will not register a government edict that has been issued by any state, local, or territorial government, including legislative enactments, judicial decisions, administrative rulings, public ordinances, or similar types of official legal materials

7

*U.S. Copyright Office, Compendium of U.S. Copyright Office Practices* §

313.6(C)(2) (3d Ed.) (2014) ("Compendium"). Yet Public Resource ignores

the remainder of that very same section of the Compendium, which states:

> A work that does not constitute a government edict may be
> registered, even if it was prepared by an officer or employee of a
> state, local, territorial, or foreign government while acting within
> the course of his or her official duties. . . . Likewise, the Office
> may register annotations that summarize or comment upon legal
> materials issued by a federal, state, local, or foreign government,
> unless the annotations themselves have the force of law.

*Id.* Cherry-picking one statement in the Copyright Compendium to support a legal

position in an effort to legitimize willful infringement when a statement on the

very next page of the Compendium directly contradicts the legal position is not

objectively reasonable.[2]

Public Resource's alternative merger doctrine argument is also undermined

by its own arguments used "in support"—those arguments demonstrate that the

annotations in the OCGA and those in West's Georgia Code Annotated are in fact

different and that there are multiple ways to express the ideas in the annotations,

making the merger doctrine inapplicable. Plaintiff's Brief in Support of Motion for

---

[2] Public Resource' reliance on an annotation in the OCGA and West's Code
Annotated is also unreasonable because that annotation is 1) not statutory law, 2)
derived from a vacated decision, and, most importantly, 3) states nothing about the
copyrightability of the OCGA annotations.

Partial Summary Judgment, Dkt. No. 30-01, p. 5-6.

Finally, Public Resource's fair use contentions are also not objectively

reasonable. Public Resource both copied *and distributed* via the internet 100% of

over one hundred volumes and supplements of the OCGA. The distributed copies

included the front cover of the OCGA that contains the official State of Georgia

seal. Plaintiff's Statement of Undisputed Material Facts, Dkt. No. 30-2, ¶¶ 32, 56;

Stipulation of Facts, Dkt. No. 17, ¶¶ 34, 37, Dkt. No. 17-2, Exhibit B. Public

Resource has failed to point to, and Commission is unaware of, a single case where

*both copying and distribution* of the entirety of a copyrighted work has been found

to be a fair use. Those courts finding that 100% copying is a fair use, made such

findings on the basis that there was *not* a substantial amount of the copyrighted

work distributed. *See Authors Guild v. Google, Inc*., 804 F.3d 202, 217-18 (2d Cir.

2015) ("*Google Books*"); *Authors Guild, Inc. v. HathiTrust*, 755 F.3d 87, 97 (2d

Cir. 2014). Public Resource has also failed to point to, and Commission is again

unaware of, a single case where an infringer's desire to increase access to an entire

copyrighted work, including a front cover used by the copyright owner, was

considered a valid reason for infringement and resulted in a finding of fair use.[3]

---

[3] With respect to factor four of the fair use analysis, Public Resource continues to misinterpret the case of *Cambridge University Press v. Patton* (769 F.3d 1232

### C.  An Award of Fees to Commission Is Appropriate Because Public Resource's Infringement Was Willful

In addition to the objectively unreasonable nature of Public Resource's legal positions, this Court should also consider the willful nature of the infringement and how that willful infringement falls squarely within Public Resource's general business methodologies. The Eleventh Circuit has held that an infringer's willfulness is an important factor to be considered when awarding attorneys' fees. *Cable/Home Commc'n Corp. v. Network Prods., Inc*., 902 F.2d 829, 854 (11th Cir. 1990). This Court has further awarded attorneys' fees to a prevailing plaintiff largely based on a defendant's intentional infringement. *U.S. Songs, Inc. v. Downside Lenox, Inc*., 771 F. Supp. 1220, 1230 (N.D. Ga. 1991) ("especially in light of this Court's finding that Defendants intentionally infringed Plaintiffs' copyrights, the Court grants Plaintiffs' request for costs and attorney's fees").

Public Resource asserts that its infringement was not willful because it acted in good faith—alleging that its primary motivation for infringing the OCGA copyrights was to "improve public access to sources of law such as the O.C.G.A.

---

(11th Cir. 2014)). In *Cambridge*, the Court required the Plaintiffs to provide evidence that there was in fact a secondary licensing market for the works. *Cambridge*, 769 F.3d at 1279. Commission has already established its market for the OCGA.

and to encourage others to make the law more useful for the public." Response at 10. Yet, if Public Resource truly wanted to improve public access to the law, it could have created electronic copies of the OCGA in its entirety (as it did here), remove the annotations, and distribute only the law. Public Resource also could have contacted Commission about its concerns *before* willfully infringing Commission's copyrights.

However, that type of less aggressive approach would likely not befit a radical. At least one third party has suggested that Public Resource take a less aggressive approach: "However, to promote greater public access to law, Malamud's strategy with the State of Georgia is a lesson in how NOT to proceed . . . . [T]aking Code Revision Committee's toy and waving it in front of them, isn't going improve the situation." Patrick Durusau, *How To Win Friends – The Malamud Strategy*, ANOTHER WORD FOR IT (April 13, 2017, 10:28 AM), http://tm.durusau.net/?p=74807 (attached as Exhibit A). Mr. Malamud responded by labeling those suggestions as "no action, just talk" by a "coward." Carl Malamud, (@carlmalamud), Twitter (April 13, 2017, 9:29 AM), https://twitter.com /carlmalamud/status/852559395481202688 (attached as Exhibit B).

Further, even if Public Resource subjectively believes that its aggressive methods are conducted in good faith, the subjective good faith belief of the losing

party does not make the infringement non-willful. *See Casella v. Morris*, 820 F.2d 362, 366-67 (11th Cir. 1987) (upholding a finding of willful infringement when "willful" was characterized as "at least in the sense of purposeful or intentional" and vacating a denial of attorneys' fees to a prevailing plaintiff when district court failed to consider that purposeful and intentional conduct); *see also Original Appalachian Artworks, Inc. v. Toy Loft, Inc*. 684 F.2d 821, 832 (11th Cir. 1982) (upholding an award of fees to a prevailing plaintiff despite the defendant's arguments that it had not engaged in "particularly willful or bad faith infringement").

Finally, it is exactly Public Resource's belief in, and staunch commitment to, its methodologies (despite its denial of any such commitment in these litigation proceedings[4]) that makes this case uniquely appropriate for an award of attorneys'

---

[4] Public Resource denies here what it is most proud of outside of these proceedings. For example, Public Resource accuses Commission of "inappropriate invective" and "personal attacks" for referring to Mr. Malamud's own description of his radical tactics:

> So Malamud told Tony Rutkowski, a sympathetic ITU official, that he was prepared to scan the Blue Book and put it online, freely accessible to all by anonymous FTP. It was a threat to commit "standards terrorism," as Malamud later put it (http://museum.media.org/eti/); faced with it, the ITU agreed to hand over the standards on nine-track magnetic tape to Malamud for a three-month free download trial.

Dkt. No. 1-02, Exhibit 2.

fees. Public Resource is a self-proclaimed radical entity whose business is to take aggressive actions in the copying and distributing of documents. It actively teaches others to take similar "radical" actions. Considering Public Resource's willful infringement in the context of its business, its unreasonable litigation positions, and its loss of the case in its entirety, a fee award to Commission is appropriate.

### D.  An Award of Fees to Commission is Appropriate Because It Will Further the Purposes of the Copyright Act

An award of fees to a prevailing plaintiff is common because such an award serves the purposes of the Copyright Act by encouraging private enforcement of copyrights and deterring infringements. *See Frank Music*, 886 F.2d at 1556 ("Plaintiffs in copyright actions may be awarded attorney's fees simply by virtue of prevailing in the action: no other precondition need be met, although the fee awarded must be reasonable."); *McCulloch v. Albert E. Price, Inc.,* 823 F.2d 316, 323 (9th Cir. 1987) ("fees are generally awarded to a prevailing plaintiff"); *Mag Jewelry Co. v. Cherokee, Inc*., 496 F.3d 108, 122 (1st Cir. 2007) ("Attorneys' fees are made available to prevailing parties in copyright cases in order to vindicate the overriding purpose of the Copyright Act: to encourage the production of original literary, artistic, and musical expression for the public good. The plaintiff's suit serves precisely this purpose.") (internal citations and quotations omitted); *Twin*

*Peaks Prods., Inc. v. Publications Int'l, Ltd*., 996 F.2d 1366, 1383 (2d Cir. 1993) ("The standard for awarding fees is very favorable to prevailing parties; indeed, fees are generally awarded to a prevailing plaintiff.") (internal quotations omitted); *Fine v. Baer*, No. 5:15-CV-21-OC-28PRL, 2017 WL 1437461, at *3 (M.D. Fla. Apr. 5, 2017), *report and recommendation adopted*, No. 5:15-CV-21-OC-28PRL, 2017 WL 1449685 (M.D. Fla. Apr. 21, 2017) ("An award of fees will therefore compensate Plaintiff for having to litigate the claim, and will deter future parties from acts of infringement. In addition, an award of fees will encourage plaintiffs to litigate meritorious claims of copyright infringement, because the successful prosecution of an infringement claim by a copyright holder furthers the policies of the Copyright Act.").

An award of fees to Commission would serve the purposes of the Copyright Act by encouraging private enforcement of copyrights and deterring willful infringements associated with objectively unreasonable legal positions like those of Public Resource. Contrary to Public Resource's arguments, the fee award analysis should not focus on the suit's clarification of copyright law because it would not further the purposes of the Act. *Kirtsaeng*, 136 S. Ct. at 1985, 1987.

14

## II.    CONCLUSION

Public Resource intentionally infringed Commission's copyrights in the OCGA—acts that were undertaken as a part of Public Resource's self-described radical methodology of mass internet publication of copyrighted documents for the purpose of obtaining negotiating leverage and/or causing a distribution so extensive that it is unable to be remedied. *See* Dkt. No. 1-02, Exhibit 2. Public Resource carried out those willful infringements based on an objectively unreasonable view of the law.

Even if the Court determines that a fee award is not necessary to deter Public Resource or others from challenging copyright laws through deliberate infringement, Commission should not be required to shoulder the cost of those challenges. At a minimum, this Court should lay the cost of those challenges at the feet of Public Resource because it freely and deliberately decided to enter into them. Commission has had no such choice, but after being targeted by Public Resource and forced into litigation, has prevailed in defending its copyrights. For these reasons, Commission requests that this Court grant an award of attorneys' fees to Commission, the reasonableness of which will be demonstrated in Commission's filings due May 22, 2016.

15

Respectfully submitted, this 19th day of May, 2017.

/s/*Anthony B. Askew*

Anthony B. Askew (G.A. Bar: 025300)
Lisa C. Pavento (G.A. Bar: 246698)
Warren Thomas (G.A. Bar: 164714)
Meunier Carlin & Curfman LLC
999 Peachtree Street NE, Suite 1300
Atlanta, Georgia 30309
Phone: 404-645-7700
Fax: 404-645-7707
taskew@mcciplaw.com
lpavento@mcciplaw.com
wthomas@mcciplaw.com

*Counsel for the Plaintiff, Code Revision
Commission on behalf of and for the
benefit of the General Assembly of
Georgia, and the State of Georgia*

16

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that, pursuant to L.R. 5.1C and 7.1D of the Northern District of Georgia, the foregoing PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND OTHER COSTS complies with the font and point selections approved by the Court in L.R. 5.1C. The foregoing pleading was prepared on a computer using 14-point Times New Roman font.

/s/*Anthony B. Askew*
Anthony B. Askew (G.A. Bar: 025300)
Meunier Carlin & Curfman LLC
999 Peachtree Street NE, Suite 1300
Atlanta, Georgia 30309
Telephone: 404-645-7700
Email: taskew@mcciplaw.com

17

## **CERTIFICATE OF SERVICE**

I certify that on May 19, 2017, I electronically filed the foregoing

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S

MOTION FOR AN AWARD OF ATTORNEYS' FEES AND OTHER COSTS

with the Clerk of Court using the CM/ECF system, which constitutes service of the

filed document on all counsel of record in this proceeding under LR 5.1(A)(3),

N.D. Ga.


By:    /s/*Anthony B. Askew*
           Anthony B. Askew (G.A. Bar: 025300)

18