IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CODE REVISION COMMISSION on behalf of and for the benefit of THE GENERAL ASSEMBLY OF GEORGIA, and THE STATE OF GEORGIA, | |
| Plaintiff, | CIVIL ACTION NO. |
| v. | 1:15-CV-2594-RWS |
| PUBLIC RESOURCE.ORG, INC. | |
| Defendant. | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
PLAINTIFF'S DETAILED REQUEST FOR AN AWARD OF
ATTORNEYS' FEES AND OTHER COSTS**

Anthony B. Askew (G.A. Bar: 025300)
Lisa C. Pavento (G.A. Bar: 246698)
Warren Thomas (G.A. Bar: 164714)
Meunier Carlin & Curfman LLC
999 Peachtree Street NE, Suite 1300
Atlanta, Georgia 30309
Phone: 404-645-7700
Fax: 404-645-7707
lpavento@mcciplaw.com
taskew@mcciplaw.com
wthomas@mcciplaw.com

*Counsel for the Plaintiff, Code Revision
Commission on behalf of and for the benefit
of the General Assembly of Georgia, and the
State of Georgia*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................... ii, iii

I.   INTRODUCTION ........................................................................1

II.  FACTUAL BACKGROUND..........................................................1
     A.  The Proceedings..................................................................1
     B.  Commission's Attorneys, Rates and Hours ............................6

III. ARGUMENT AND CITATION TO AUTHORITIES ...................8
     A.   An Hourly Rate of $225/hour is Reasonable and Well Below the
          Customary Fee of the Attorneys Retained .............................9
     B.   The Hours Expended Were Reasonable Given the Early and
          Favorable Results Obtained in Favor of Commission .....................11
     C.   Commission's Litigation Costs Are Reasonable ...............................15

IV.  CONCLUSION..............................................................................16

i

## TABLE OF AUTHORITIES

**Cases**

*Am. Soc'y for Testing & Materials v. Public Resource.org, Inc.*,
 No. 13-CV-1215 (TSC), 2017 WL 473822 (D.D.C. Feb. 2, 2017) ........ 3, 13

*Am. Educational Research Assoc. v. Public Resource.org, Inc.*,
 No. 14-CV-0857 (TSC), 2017 WL 473822 (D.D.C. Feb. 2, 2017) ........ 3, 13

*Blum v. Stenson*,
 465 U.S. 886 (1984)...................................................................................... 8

*Broadcast Music, Inc. v. Boogie Down Prods., Inc.*,
 No. CIVA 104-CV-3546-JOF, 2006 WL 2619820 (N.D. Ga. May 9,
 2006) ......................................................................................................... 10

*Cable/Home Commc'n Corp. v. Network Prods., Inc.*,
 902 F.2d 829 (11th Cir. 1990) ...................................................................... 8

*Dillard v. City of Greensboro*,
 213 F.3d 1347 (11th Cir. 2000) .................................................................. 10

*Hensley v. Eckerhart*,
 461 U.S. 424 (1983)...................................................................................... 8

*Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974) abrogated
 by *Blanchard v. Bergeron*, 489 U.S. 87 (1989) ........................................... 8

*Jones v. Central Soya Co.*,
 748 F.2d 586 (11th Cir. 1984) .................................................................... 12

*Lil' Joe Wein Music, Inc. v. Curtis James Jackson*,
 No. 06-20079-CIV, 2008 WL 2688117 (S.D. Fl. July 1, 2008) ................. 15

*National Assoc. of Concerned Veterans v. Secretary of Defense*,
 675 F.2d 1319 (D.C. Cir. 1982).................................................................. 10

*Norman v. Housing Authority of City of Montgomery*,
 836 F.2d 1292 (11th Cir. 1988) ..................................................... 8, 9, 11, 12

*Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.*,
 253 F.3d 1332 (11th Cir. 2001) .................................................................... 9

**Statutes**

17 U.S.C. § 505 ...................................................................................................... 1

## I.     INTRODUCTION

In its Orders of March 23, 2017 and April 7, 2017, this Court granted Plaintiff's Motion for Partial Summary Judgment, denied Defendant's Motion for Summary Judgment and issued a permanent injunction against Defendant. Dkt. Nos. 44 and 46. Defendant concedes that Plaintiff is the "prevailing party" in this action. Dkt. No. 56 at 2. Accordingly, pursuant to Section 505 of the Copyright Act, the Court may award reasonable attorneys' fees and costs to Plaintiff. *See* 17 U.S.C. § 505. Plaintiff requests attorneys' fees in the amount of $214,532.50 and costs in the amount of $3,122.59.  The fee and cost requests are supported by detailed declarations with exhibits, including one from Plaintiff's independent expert, Lawrence K. Nodine attached hereto as Exhibit 2.

## II.    FACTUAL BACKGROUND

### A.     The Proceedings

Plaintiff and Counterclaim-Defendant the Code Revision Commission, on behalf of and for the benefit of the General Assembly of Georgia, and the State of Georgia ("Commission") filed its original Complaint against Defendant and Counterclaim-Plaintiff Public.Resource.Org, Inc. ("Public Resource") on July 21, 2015. Dkt. No. 1. The Complaint was based on Public Resource's deliberate copying and distribution of hundreds of OCGA volumes and supplements, those distributed copies even including the front cover of the OCGA bearing the official

seal of the State of Georgia. Plaintiff's Statement of Undisputed Material Facts,
Dkt. No. 30-2 (SUMF1); ¶¶ 32, 39–45, 48, 54, 56; Stipulation of Facts (Stip.) ¶¶
34, 37, 40, 44, 46–55; Def's S/J Brief at 17–18. After deliberately copying and
distributing on the internet the hundreds of OCGA volumes and supplements,
Public Resource delivered a thumb drive of OCGA copies and a letter stating that
Public Resource was "pleased" to provide such evidence of copying to Honorable
David Ralston, then Speaker of the House, Georgia House of Representatives and
Mr. Wayne Allen, Office of Legislative Counsel. SUMF1 ¶ 46; Stip. ¶ 63.
Commission responded with several cease and desist letters, advising Public
Resource that its actions constituted copyright infringement. SUMF1 ¶¶ 87–89;
Stip. ¶¶ 69–71.  Public Resource refused to cease and desist, stating that its
copying was an "unimpeachable act" and "strongly encourag[ing Commission] to
discuss the issue with the people of Georgia." SUMF1 ¶ 86; Stip. ¶ 68; Dkt. No.
17-4.

     As evidenced by Commission's initial Complaint, Commission undertook
detailed research of Public Resource and Mr. Malamud prior to filing suit.
Commission determined that:

- Mr. Malamud had a long history of trying to control the accessibility of
  government documents (Dkt. No. 1 ¶¶ 18, 19, Stip. ¶¶ 59, 60 providing a
  few examples of that long history);

- Public Resource had initiated a formal campaign to copy the OCGA and solicited funds in this regard (Dkt. No. 1 ¶ 20; Stip. ¶¶ 42, 43);

- Public Resource had distributed OCGA copies on multiple websites using language that falsely indicated Public Resource was the rightful owner of the OCGA (Dkt. No. 1 ¶ 17, Stip. ¶¶ 56, 57);

- Copies of the OCGA that were distributed by Public Resource had already been downloaded or viewed thousands of times (Dkt. No. 1 ¶ 17, Stip. ¶ 55); and

- Public Resource had similarly targeted other states (Dkt. No. 1 ¶ 20), which led Commission to confer with those other states.

Commission's initial Complaint further reflects its pre-Complaint preparation and anticipation of Commission's legal positions throughout this proceeding—that preparation being based on Public Resource's positing of its legal arguments in prior letters to Commission and others, prior publications, and prior court submissions.  *See*, *e.g*., SUMF ¶ 86; Stip. ¶ 68; *Am. Soc'y for Testing & Materials v. Public Resource.org, Inc.*, No. 13-CV-1215 (TSC), 2017 WL 473822 (D.D.C. Feb. 2, 2017); *Am. Educational Research Assoc. v. Public Resource.org, Inc*., No. 14-CV-0857 (TSC), 2017 WL 473822 (D.D.C. Feb. 2, 2017).

After Commission filed its initial Complaint, Public Resource copied and distributed the entirety of the 2015 OCGA volumes and supplements (SUMF1 ¶

39; Stip. ¶ 46), requiring Commission to prepare and file an Amended Complaint

on October 8, 2015 that added the 2015 OCGA volumes and supplements. Dkt.

No. 11. It was also necessary for Commission to prepare an Answer (Dkt. No. 10)

to Public Resource's Counterclaim for a declaratory judgment that Public Resource

did not infringe Commission's copyrights, which included a request for a jury trial

(Dkt. No. 6). That Counterclaim contained ten pages of alleged facts to which

Commission had to respond—the following being representative:

> On December 12, 2012, Mr. Malamud was appointed as a member of
> the Administrative Conference of the United States, a federal agency
> that "promotes improvements in the efficiency, adequacy, and fairness
> of the procedures by which federal agencies conduct regulatory
> programs, administer grants and benefits, and perform related
> governmental functions." Mr. Malamud was a member of the
> committee that held hearings and drafted ACUS Recommendation
> 2011-5, "Incorporation by Reference." Mr. Malamud also was one of
> the signatories of a petition to the Office of the Federal Register that led
> to a rulemaking procedure that was initiated in 78 Federal Register
> 60784 and Federal Docket OFR-2010-0001. This led to a change in the
> procedures specified by incorporation by reference in 1 CFR Part 51 in
> a final rule that was published November 7, 2014, in 79 FR 66267.

Dkt. No. 6 ¶ 20.

> The growth of the Internet provides a tremendous opportunity for
> government to inform its citizens in a broad and timely manner about
> the laws they must follow in carrying out their daily activities. It also
> allows business enterprises, university professors and students, non-
> profits and citizens to better organize and use this information.

Dkt. No. 6 ¶ 28. In view of the fact that damages were not requested in the

Complaint, Public Resource later withdrew its jury demand following

discussions with Commission. Dkt. No. 12, p. 11.

In the initial discovery conference between the parties, Commission inquired as to Public Resource's amenability to preparing and filing a Stipulation of Facts. Public Resource indicated that it was open to following Commission's suggested course of action, and during discovery, Commission prepared the first draft of an extensive Stipulation of Facts that contained 89 stipulations. For more than two months, the parties negotiated regarding the Stipulation of Facts while also attempting to negotiate settlement of the lawsuit. The final Stipulation of Facts contained a total of 96 stipulations, 7 more than the initial draft. *See* Dkt. No. 17.

Commission and Public Resource exchanged interrogatories and document requests. Documents produced by Public Resource being designated as PRO0001 through PRO001433. As plaintiff in this action, Commission prepared first drafts of the Joint Preliminary Report and Discovery Plan (Dkt. No. 12) and the Joint Motion for and Proposed Protective Order (Dkt. No. 18). The finalization of each of those documents required further negotiation and discussion with Public Resource. On May 17, 2016, both parties filed Motions for Summary Judgment—Commission's motion being for partial summary judgment. Dkt. Nos. 29, 30. Commission further prepared a Response to Public Resource's Motion for Summary

Judgment (Dkt. No. 34) and a Reply in Support of Commission's Motion for Partial Summary Judgment (Dkt. No. 40). Commission also submitted a Notice of Filing of Supplemental Authority regarding decisions against Public Resource in similar actions in the District of Colombia. Dkt. No. 43.

The Court issued its decision on March 23, 2017, granting Commission's Motion for Partial Summary Judgment and denying Public Resource's Motion for Summary Judgment. Dkt. No. 44. That decision ordered the parties to submit a proposed briefing schedule to address injunctive relief. *Id*. After Commission's drafting of a Joint Motion and Proposed Order for Permanent Injunction and further negotiation between the parties that included Commission's citation to and discussion of relevant law, the parties agreed to and filed a Joint Motion and Proposed Order regarding injunctive relief. *See* Dkt. No. 45.  This Court adopted that proposed order on April 7, 2017. Dkt. No. 46.

### B.    Commission's Attorneys, Rates and Hours

Commission retained Mr. Anthony B. Askew to represent it. Mr. Askew is an experienced intellectual property trial attorney with over 40 years of litigating complex cases, including numerous copyright cases. Mr. Askew has been ranked by Chambers USA in tier one for over five years and has been listed as one of the Best Lawyers in America for the past ten years. In addition, Mr. Askew has been named as a Georgia Super Lawyer for more than ten years and as one of the top

6

100 lawyers in the State of Georgia. He has served as a member of the University of Georgia Law School's Advisory Board for the Journal of Intellectual Property Law and was the co-editor of the Wiley Intellectual Property Law Update for more than 5 years.  Mr. Askew has also served as a member of the adjunct faculty at Emory University Law School, where he taught courses in Intellectual Property Law and Intellectual Property Litigation.

Mr. Askew, a principal at Meunier Carlin & Curfman, worked with and supervised Mrs. Lisa Pavento (Of Counsel) and Mr. Warren Thomas (Associate) in this matter. During the course of these proceedings, Mrs. Lisa Pavento was named a principal at Meunier Carlin & Curfman.

Mr. Askew and the Commission negotiated a special hourly rate for work on the case. Although Meunier Carlin & Curfman principals customarily billed clients in excess of $500/hour for their work, Mr. Askew agreed to represent the Commission for a heavily discounted hourly rate of $225/hour for every attorney assigned to the case—senior partners as well as associates. Paralegals billed the Commission at a heavily discounted rate of $50/hour. The hours for which Commission requests reimbursement are provided in detailed billing documents submitted herewith that are accompanied by declarations of Commission's attorney Anthony B. Askew (Exhibit 1) and its expert Lawrence K. Nodine (Exhibit 2).

Commission is requesting attorneys' fees in the amount of $214,532.50 and

costs in the amount of $3,122.59.

## III.   ARGUMENT AND CITATION TO AUTHORITIES

Courts in the Eleventh Circuit calculate an award of attorneys' fees using the lodestar approach set forth by the Supreme Court in *Hensley v. Eckerhart,* 461 U.S. 424, 433-37 (1983) and *Blum v. Stenson,* 465 U.S. 886, 896-97 (1984). Under the lodestar approach, the starting point in fashioning an award of attorneys' fees is to multiply the number of hours reasonably expended by a reasonable hourly rate. *See e.g, Hensley,* 461 U.S. at 433; *Norman v. Housing Authority of City of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1988). "The reasonableness of the attorneys' fee award is [also] controlled by consideration of the *Johnson* factors." *Cable/Home Commc'n Corp. v. Network Prods., Inc*., 902 F.2d 829, 853 (11th Cir. 1990).  The twelve *Johnson* factors are 1) the time and labor required, 2) the novelty and difficulty of the questions, 3) the skill requisite to perform the services properly, 4) the preclusion of other employment by the attorney due to acceptance of the case, 5) the customary fee, 6) whether the fee is fixed or contingent, 7) the limitations of time imposed by the client or circumstances, 8) the amount involved and the results obtained, 9) the experience, reputation and ability of the attorneys retained, 10) the undesirability of the case, 11) the nature and length of the professional relationship with the client and 12) awards in similar cases. *Johnson v. Georgia Highway Exp., Inc*., 488 F.2d 714, 717-719 (5th Cir. 1974) abrogated by

8

Case 1:15-cv-02594-RWS   Document 58   Filed 05/22/17   Page 13 of 22

*Blanchard v. Bergeron*, 489 U.S. 87 (1989).  Here, the most relevant *Johnson* factors (albeit grouped somewhat differently) are 1) the customary fee for the experience, reputation and ability of the attorneys retained, and 2) the time and labor required to achieve the results.

### A.    An Hourly Rate of $225/hour is Reasonable and Well Below the Customary Fee of the Attorneys Retained

Commission's hourly rate was discounted to $225/hour for every attorney assigned to the case and to $50/hour for every paralegal assigned to the case. Those rates are substantially less than the prevailing market rates, and therefore, are reasonable. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers (and paralegals) of reasonably comparable skills, experience and reputation." *Norman,* 836 F.2d at 1299. The prevailing market rates are the rates that are in line with those prevailing in the community for similar services by lawyers of comparable skill, experience and reputation. *See e.g., Blum,* 465 U.S. at 895*, Norman,* 836 F.2d at 1299.

The best evidence of the prevailing market rate is generally the hourly rate customarily charged by the attorney or law firm applying for fees.[1]  *See, e.g.,*

---

[1] While the best evidence of the prevailing rate is generally the rate actually charged, this is not always so. "[T]he agreed-upon fee rate does not necessarily act as a cap or ceiling in determining the reasonable hourly rate." *Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.,* 253 F.3d 1332, 1337 (11th Cir. 2001) (affirming upward adjustment of negotiated hourly rate to reflect the prevailing market rate).

*Dillard v. City of Greensboro,* 213 F.3d 1347, 1354-55 (11th Cir. 2000); *National Assoc. of Concerned Veterans v. Secretary of Defense,* 675 F.2d 1319, 1325 (D.C. Cir. 1982) ("The best evidence would be the hourly rate customarily charged by the affiant himself or by his law firm."). Here, the agreed fee between Commission and its attorneys is less than the prevailing market rates in Atlanta and is far lower than the rate customarily charged by the attorneys who represented Commission. Mr. Askew customarily bills far in excess of $225/hour; in fact, more than two times the agreed rate in this case. Mrs. Pavento's customary rates are approximately 1.7 to 2 times the $225/hour rate, whereas Mr. Thomas' customary rates are approximately 1.5 to 1.8 times the agreed upon rate.

The $225/hour rate is particularly low given Mr. Askew's over 40 years of experience litigating complex intellectual property matters, including several high profile copyright cases. This Court previously determined that a reasonable rate for a similar Atlanta attorney, Mr. Joseph Beck[2], was $520/hour. *See Broadcast Music, Inc. v. Boogie Down Prods., Inc.,* No. CIVA 104-CV-3546-JOF, 2006 WL 2619820, at *3 (N.D. Ga. May 9, 2006). That $520/hour rate was considered reasonable for hours billed over ten years ago in 2005. *Id.* at *3. Given the

---

Commission, however, requests only the hourly rates actually charged by and paid to its attorneys.

[2] In *Broadcast Music*, the court explicitly found that Mr. Beck was a partner of more than 20 years at Kilpatrick Stockton. *Broadcast Music*, 2006 WL 2619820, at *3.

intervening years, it is clear that the rate of $225/hour for Mr. Askew in particular is less than prevailing market rates and is therefore more than reasonable.

Commission's expert, Lawrence K. Nodine, further opines that the $225/hour rate is reasonable for each of Commission's attorneys. A reasonable fee may be supported by opinion evidence of reasonable rates. The opinion should generally be provided by another attorney familiar with the rates in the relevant legal community. *See, e.g., Norman*, 836 F.2d at 1299.  Indeed, in the Eleventh Circuit, the reasonableness of a fee should be supported by more than the applicant's own declaration. *Norman,* 836 F.2d at 1299. Mr. Nodine is an expert in copyright matters who has served as lead counsel in disputed copyright matters. With this relevant experience, Mr. Nodine opines that the $225/hour rate is reasonable and "the rates charged reflect a discount of at least 50% below prevailing market rates." Exhibit 2, ¶ 10.

### B.   The Hours Expended Were Reasonable Given the Early and Favorable Results Obtained in Favor of Commission

The hours for which Commission requests reimbursement are provided in detailed billing documents submitted herewith. Those billing documents and the declarations of Commission's attorney Anthony B. Askew (Exhibit 1) and its expert Lawrence K. Nodine (Exhibit 2) establish the reasonableness of the hours expended in achieving both summary judgment and a permanent injunction in favor of Commission.

In order to efficiently organize the case, a number of attorneys were

involved. It is well recognized that

> [t]here is nothing inherently unreasonable about a client having
> multiple attorneys, and they may all be compensated if they are not
> unreasonably doing the same work and are being compensated for the
> distinct contribution of each lawyer.

*Norman*, 836 F.2d at 1302; see also, *Jones v. Central Soya Co.*, 748 F.2d 586, 594

(11th Cir. 1984). A number of junior attorneys and senior attorneys working

together is not unusual where senior attorneys supervise junior attorneys or bring

specialized knowledge of a particular issue. Here, Mr. Askew supervised two more

junior attorneys, Mrs. Pavento and Mr. Thomas.

Together, Commission's attorneys have obtained a broad injunction and

summary judgment in favor of Commission by preparing well and early. Such

early preparation was necessary because Public Resource had been strategizing

about and preparing for this litigation long before Commission filed its Complaint.

Public Resource's legal positions in this case were propounded in its first letter to

representatives of Commission, which "proudly" informed Commission of Public

Resource's copying of the OCGA. SUMF ¶ 86; Stip. ¶ 68. That letter cited to

*Banks v. Manchester*, 128 U.S. 244 (1888), *Wheaton v. Peters*, 33 U.S. (8 Pet.) 591

(1834), *Howell v. Miller*, 91 F. 129, 137 (6th Cir. 1898), the Copyright

Compendium, and the First Amendment to the U.S. Constitution. *Id.*

Public Resource derived its arguments here from the same or similar

arguments that it has been making for almost the last ten years in prior litigation proceedings, public pronouncements, and correspondence with other states.  *See, e.g., Am. Soc'y for Testing & Materials v. Public Resource.org, Inc.*, No. 13-CV-1215 (TSC), 2017 WL 473822 (D.D.C. Feb. 2, 2017); *Am. Educational Research Assoc. v. Public Resource.org, Inc.*, No. 14-CV-0857 (TSC), 2017 WL 473822 (D.D.C. Feb. 2, 2017); Carl Malamud, AN EDICTS OF GOVERNMENT AMENDMENT, Testimony of Carl Malamud, Public.Resource.Org, Hearings on Review of U.S. Copyright Law, January 14, 2014, pp. 8-18, 29-31 (PRO00003-PRO000063) (Exhibit 3);  PRO000651-PRO000653 (May 1, 2014 correspondence from Public Resource to Delaware Secretary of State) (Exhibit 4); PRO000693-PRO000695 (July 15, 2013 correspondence from Public Resource to Idaho Secretary of State, among others) (Exhibit 5); PRO000755-PRO000757 (October 11, 2013 correspondence from Public Resource to Special Assistant Attorney General of Mississippi) (Exhibit 6); PRO000828-PRO000829 (April 15, 2008 correspondence from Public Resource Counsel to Legislative Counsel of the State of Oregon) (Exhibit 7); PRO000833-PRO000851 (May 16, 2008 correspondence from Public Resource Counsel to Legislative Counsel of the State of Oregon threatening the filing of a declaratory judgment action and including draft complaint) (Exhibit 8).

Accordingly, Public Resource was likely well-prepared for this litigation proceeding even before it deliberately copied the OCGA.  Its use of the same or

similar arguments in multiple other proceedings gave Public Resource a "head start," presumably reducing the hours it needed to expend in this proceeding. But Commission had no such advantage. Commission's early and detailed preparation in this proceeding was essential to leveling the playing field and achieving a successful outcome.

The hours expended by Commission's attorneys are further reasonable because they reflect Commission's deliberate efforts to achieve an early and favorable summary judgment resolution to the matter. Most importantly, Commission suggested and prepared a first draft of an extensive Stipulation of Facts and further negotiated a final Stipulation of Facts that Commission used to support its successful summary judgment motion.[3] *See supra* section II.A. Commission also successfully negotiated the parties' joint filing of a proposed permanent injunction order, eliminating the need for briefing on the issue. *Id.*

Finally, Commission's hours are reasonable because they have been reduced prior to submission of Commission's detailed itemization of attorneys' fees. Commission's attorneys exercised sound billing judgment by "cutting" hours that were deemed redundant before invoicing Commission. In preparing its detailed request for fees, and as shown in the invoices submitted herewith, Commission

---

[3] As plaintiff, Commission took the lead in preparing initial drafts of the documents filed jointly by the parties. *See supra* section II.A.

14

further removed amounts billed to Commission that relate to tasks not directly leading to this Court's summary judgment finding. Those reductions include the removal of fees billed for discussions and dealings with other states targeted by Public Resource and Commission's attorneys' efforts in obtaining an award of fees. This post-bill reduction decreased the amount of attorneys' fees requested by approximately $50,000, or approximately 20% of Commission's total billed fees.

### C.      Commission's Litigation Costs Are Reasonable

The costs that Commission has included in its request are also reasonable. An award of attorneys' fees under Section 505 of the Copyright Act may include "litigation costs which include reasonable out-of-pocket expenses incurred by the attorney which are normally charged to fee-paying clients, so long as these costs are incidental and necessary to the litigation." *Lil' Joe Wein Music, Inc. v. Curtis James Jackson*, No. 06-20079-CIV, 2008 WL 2688117 at *14 (S.D. Fl. July 1, 2008). These charges include photocopying, computerized legal research costs, long distance telephone charges, federal express charges, court charges and travel expenses, facsimile charges and messenger services. *See, e.g., id.* Plaintiff's request for additional costs as a part of its attorneys' fees fall within these acceptable categories and amount to $3,122.59. This amount is reasonable. Plaintiff's detailed request for costs is detailed in Exhibit 9 attached hereto.

15

## IV.   CONCLUSION

For the foregoing reasons, Commission respectfully submits that it should recover its reasonable attorneys' fees in the amount of $214,532.50 and costs in the amount of $3,122.59.

Respectfully submitted, this 22nd day of May, 2017.

/s/*Anthony B. Askew*

Anthony B. Askew (G.A. Bar: 025300)
Lisa C. Pavento (G.A. Bar: 246698)
Warren Thomas (G.A. Bar: 164714)
Meunier Carlin & Curfman LLC
999 Peachtree Street NE, Suite 1300
Atlanta, Georgia 30309
Phone: 404-645-7700
Fax: 404-645-7707
taskew@mcciplaw.com
lpavento@mcciplaw.com
wthomas@mcciplaw.com

*Counsel for the Plaintiff, Code Revision Commission on behalf of and for the benefit of the General Assembly of Georgia, and the State of Georgia*

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that, pursuant to L.R. 5.1C and 7.1D of the Northern District of Georgia, the foregoing PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S DETAILED REQUEST FOR AN AWARD OF ATTORNEYS' FEES AND OTHER COSTS complies with the font and point selections approved by the Court in L.R. 5.1C. The foregoing pleading was prepared on a computer using 14-point Times New Roman font.

/s/*Anthony B. Askew*
Anthony B. Askew (G.A. Bar: 025300)
Meunier Carlin & Curfman LLC
999 Peachtree Street NE, Suite 1300
Atlanta, Georgia 30309
Telephone: 404-645-7700
Email: taskew@mcciplaw.com

17

## **CERTIFICATE OF SERVICE**

I certify that on May 22, 2017, I electronically filed the foregoing

PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S

DETAILED REQUEST FOR AN AWARD OF ATTORNEYS' FEES

AND OTHER COSTS with the Clerk of Court using the CM/ECF system,

which constitutes service of the filed document on all counsel of record in this

proceeding under LR 5.1(A)(3), N.D. Ga.


By:    /s/*Anthony B. Askew*
       Anthony B. Askew (G.A. Bar: 025300)

18