# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CODE REVISION COMMISSION on behalf of and for the benefit of THE GENERAL ASSEMBLY OF GEORGIA, and THE STATE OF GEORGIA,<br><br>    Plaintiff,<br><br>  v.<br><br>PUBLIC.RESOURCE.ORG, INC.<br><br>    Defendant. | CIVIL ACTION NO.<br><br>1:15-CV-2594-RWS |

### DECLARATION OF LAWRENCE K. NODINE

I, Lawrence K. Nodine, hereby testify and state by declaration as follows:

1. My name is Lawrence K. Nodine, and I am over the age of majority. This Declaration is made on my own personal knowledge and opinions, and I am competent to testify to the matters contained herein.

2. I am a partner at the law firm of Ballard Spahr LLP, and I am resident in the firm's Atlanta office. I have practiced intellectual property law for more than 35 years. For this entire time, my practice has focused almost exclusively on intellectual property litigation. A significant portion of my professional experience has focused on copyright

1

litigation. In addition, I have taught a variety of Intellectual Property courses, including copyright law, at Emory University Law School continuously since 1987.

3. As a result of my experience, I am personally familiar with the market for copyright litigation legal services in both Atlanta and nationally. In addition, I am familiar with the complexity and the difficulties presented by copyright litigation.

4. It is my understanding that the Plaintiffs in this matter, Code Revision Commission on behalf of and for the benefit of The General Assembly of Georgia and The State of Georgia (hereinafter "Plaintiff"), filed an injunctive relief action for copyright infringement against Public.Resource.Org, Inc. (hereinafter "Defendant") on July 21, 2015; an Order was issued on March 23, 2017, granting Plaintiff's Motion for Partial Summary Judgment and denying Defendant's Motion for Summary Judgment; Plaintiff filed a Motion for an Award of Attorneys' Fees and Other Costs on April 21, 2017.

5. It is my understanding that my declaration relates to the attorneys' fees and costs incurred by the Plaintiff during the course of this litigation.

6. It is my understanding that the following events occurred after filing of the complaint:

2

a. Defendant filed an Answer and Counterclaim on September 14, 2015;

b. Plaintiff filed an Answer to Affirmative Defenses and Counterclaim and an Amended Complaint on October 8, 2015;

c. Defendant filed an Answer to the Amended Complaint and Counterclaim on October 22, 2015;

d. The Parties jointly filed a Stipulation of Facts on January 15, 2016;

e. Plaintiff filed a Motion for Partial Summary Judgment on May 17, 2016;

f. Defendant filed a Motion for Summary Judgment on May 17, 2016;

g. Defendant filed its Opposition to Plaintiff's Motion for Partial Summary Judgment on June 7, 2016;

h. Plaintiff filed its Opposition to Defendant's Motion for Summary Judgment on June 10, 2016;

i. Both Parties filed their Replies in support of their Motion for Summary Judgment on July 5, 2016;

j. Plaintiff filed a Notice of Filing of Supplemental Authority on March 10, 2017;

    k. The Court issued an Order on March 23, 2017, granting Plaintiff's Motion for Partial Summary Judgment and denying Defendant's Motion for Summary Judgment and ordering the Parties to propose a briefing schedule to address injunctive relief;

    l. The Parties filed a Joint Motion and Proposed Order regarding injunctive relief on April 6, 2017;

    m. The Court adopted and entered the proposed Order on April 7, 2016.

7. I have been informed that the Plaintiff retained Anthony B. Askew, Lisa C. Pavento and Warren J. Thomas of Meunier Carlin & Curfman LLC to represent them in the subject litigation.

8. It is my understanding that the below listed initially negotiated hourly rates for attorneys and paralegals and paraprofessionals in this case still apply:

    a. Attorneys: $225.00

    b. Paralegals & Paraprofessionals: $50.00

9. It is my understanding that the following chart reflects each timekeeper's name, experience level, and hourly rate as charged to Plaintiff in connection with this litigation:

| Name | Experience (years) | Hours Billed | Hourly Billed Rate |
|---|---|---|---|
| Anthony B. Askew | Principal (52 years) | 312 | 225.00 |
| Lisa C. Pavento | Principal (12 years) | 535.4 | 225.00 |
| Warren J. Thomas | Associate (5 years) | 98.5 | 225.00 |
| ████ | ████ | ████ | ████ |
| Mary M. Cogburn | Paralegal (25 years) | 21 | 50.00 |
| Sharon Etelman | Paralegal Assistant | 13.1 | 50.00 |

10. Based on my experience and familiarity with the market for copyright litigation legal services, in this community and nationally, and my understanding of the effort and expertise required for the subject litigation, it is my opinion that the hourly billing rates for each of the timekeepers shown in this chart for the litigation action for which reimbursement is being sought are reasonable for intellectual property litigators and litigation paralegals and paraprofessionals of similar experiences in the Atlanta, Georgia community and nationally and are well below prevailing market rates for similar services by lawyers of comparable skill, experience and reputation. In fact, in my experience, the rates charged reflect a discount of at least 50% below prevailing market rates.

11. Based on my experience and familiarity with the complexity of copyright infringement litigation, and based on the claims at issue in the subject litigation, the number of hours spent on the subject litigation is reasonable for intellectual property litigators and litigation

5

paralegals and paraprofessionals of similar experiences in the Atlanta, Georgia community and nationally. Based on my review of the invoices, the hours billed were not excessive, redundant or unnecessary.

12. It is my understanding that Plaintiff seeks reimbursement of their reasonable attorneys' fees and other costs involved in the subject litigation in amounts as follows:

   Attorneys' fees:   $214,532.50
   Costs:             $3,122.59

13. Based on my understanding of the services provided by Plaintiff's counsel in this litigation, as reflected on the attorney invoices and in the billing entries shown in exhibits to Plaintiff's Detailed Requests for an Award of Attorneys' Fees and Other Costs, it is my opinion that the total attorneys' fee of $214,532.50 is reasonable for copyright infringement litigation in Atlanta, Georgia and nationally.

I declare under penalty of perjury that the foregoing testimony is true and accurate to the best of my knowledge, information, understanding, and belief.

Dated May 19, 2017.

_____
Lawrence K. Nodine