IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CODE REVISION COMMISSION
and STATE OF GEORGIA,

    Plaintiffs,

v.

PUBLIC RESOURCE.ORG,

    Defendant.

CIVIL ACTION NO.
1:15-CV-2594-RWS

## ORDER

This case is before the Court for consideration of Plaintiffs' Motion for an Award of Attorneys' Fees and Other Costs [Doc. 55]. After reviewing the record, including Defendant's Memorandum of Law in Opposition [Doc.56] and Plaintiffs' Reply [Doc. 57], the Court enters the following Order.

On March 23, 2017, the Court entered an Order [Doc. 44] granting Plaintiffs' Motion for Partial Summary Judgment and denying Defendant's Motion for Summary Judgment. On April 7, 2017, the Court issued an Order [Doc. 46] enjoining Defendant's unauthorized use of the Official Code of Georgia Annotated ("OCGA") and directing the Clerk to close the case. On

AO 72A
(Rev.8/82)

April 21, 2017, Plaintiffs filed a Motion for Attorneys' Fees that is presently before the court for consideration.

> In any civil action under [Title 17], the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505. "[A]ttorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion. There is no precise rule or formula for making these determinations, but instead equitable discretion should be exercised . . . ." Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994) (internal citations and quotations omitted). While objective reasonableness is an important factor in assessing attorney fee applications, it is not the controlling one. The court must "take into account a range of considerations beyond the reasonableness of litigating positions." Kirtsaeng v. John Wiley & Sons, Inc., ___ U.S. ___, 136 S.Ct. 1979, 1988 (2016). In Fogerty, the Supreme Court found that factors such as "'frivolousness, motivation, objective reasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and

2

deterrence' . . . may be used to guide courts' discretion." Fogerty, 510 U.S. at 534 n. 19 (quoting Lieb v. Topstone Indus., Inc., 788 F.2d 151, 156 (3d Cir. 1986)).

As the prevailing party, Plaintiffs seek an award of attorneys' fees pursuant to § 505. Having been granted a permanent injunction against Defendant, Plaintiffs assert that their claims were clearly not frivolous. (Pls.' Brief [55-1] at 9-11[1].) Plaintiffs assert that Defendant engaged in willful infringement to provoke a lawsuit by Plaintiffs. (Id. at 11-14.) Plaintiffs further contend that Defendant advanced a legal position that is unsupported by federal law. (Id. at 14-17.) Specifically, Plaintiffs challenge Defendant's contention "that the entire OCGA is 'the law,' . . . and therefore, the annotations within the OCGA are uncopyrightable." (Id. at 10.) Also, Plaintiffs assert that Defendant's fair use arguments are objectively unreasonable. (Id. at 11-12.) Finally, Plaintiffs argue that without an award of attorneys' fees, Defendant "will be encouraged to flagrantly violate copyright laws and insight further lawsuits." (Id. at 11-12.)

In its response, Defendant asserts that its defense was objectively

---

[1] Page references are to the docket page.

3

reasonable. Noting the Court's finding that "this is an unusual case because most official codes are not annotated and most annotated codes are not official" (Order [Doc. 44] at 11), Defendant contends that this unique characteristic of the OCGA supports Defendant's position that the annotations could not be treated separately from the statutory text itself. (Def. Brief [Doc. 56] at 9.) Defendant asserts that its position that the entire OCGA is a government edict which is not copyrightable is reasonable. (Id. at 18.) Defendant also strongly urges the Court to consider that it's motivation in posting the OCGA was "to improve public access to sources of law . . . and to encourage others to make the law more useful for the public." (Id. at 14.)

In their reply, Plaintiffs restate their positions regarding the reasonableness of Defendant's arguments. Plaintiffs also argue that Defendant's claimed motivation for its actions is belied by its conduct. (Pls.' Brief [Doc. 57] at 14-15.) Plaintiffs assert that an award of fees will further "the purposes of the Copyright Act by encouraging private enforcement of copyrights and deterring infringements." (Id. at 17.)

"When close infringement cases are litigated, copyright law benefits from the resulting clarification of the doctrine's boundaries." Lotus Dev. Corp. v.

4

Borland Int'l, Inc., 140 F.3d 70, 75 (1st Cir. 1998).  As has already been noted, this case presented an unusual approach to the publication of state statutes. The importance of public access to a state's laws is not is not subject to debate. The Court finds that Defendants challenge was not frivolous. Ultimately, Defendant's position did not prevail, but the resolution of the issues presented serves the public interest. Assuring public access to the law to the maximum extent permissible was Defendant's motivation. This motivation coupled with the novelty of the issue causes the court to conclude that an award of attorneys' fees is not appropriate in this case.  Accordingly, Plaintiffs' Motion for an Award of Attorneys' Fees and Other Costs [Doc. 55] is **DENIED**.

**SO ORDERED**, this 6th day of September, 2017.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)